QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>ARCHER AVIATION INC.,<br><br>  Defendant. | CASE NO. 3:21-cv-02450-WHO<br><br>**DECLARATION OF MICHAEL KUNKEL IN SUPPORT OF WISK AERO LLC'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY** |

I, Michael Kunkel, declare as follows:

1. I am making this declaration in support of Wisk Aero LLC's Motion for Preliminary Injunction and Expedited Discovery.

2. I was directly involved in the matters described in this declaration, and I have personal and firsthand knowledge of the facts stated herein. If called as a witness, I could and would testify competently as follows.

3. I am the Director of Investigative Services of Setec Security Technologies, Inc. My job responsibilities entail providing litigation support to attorneys and project management of Setec's computer forensic and electronic discovery specialists who work in our business unit, Setec Investigations, which specializes in the discovery, collection, investigation, and production of electronic information for investigating and handling computer-related crimes and misuse. In my role with Setec, I work with government entities, local, state, and federal law enforcement agencies, private attorneys, and corporations, and specialize specifically in managing computer forensic investigations and providing thorough litigation support solutions. I have been involved in over 1000 computer forensic investigations and electronic discovery engagements surrounding theft of intellectual property, trade secret misappropriation, financial fraud, email and Internet abuse, employee disputes, copyright infringement, industrial espionage, disputed dismissals, software code reviews, spoliation, and large data set management among other engagements.

4. Setec has participated in and led countless computer forensic investigations and electronic discovery efforts to facilitate the discovery of electronic evidence in support of criminal and civil lawsuits. Setec is regularly designated as an expert and our team of computer forensic and electronic discovery specialists frequently provides expert witness testimony.

5. I maintain membership in the Information Systems Security Association (ISSA) and I hold certifications as a Certified Information Security Systems Professional (ISC$^2$) as well as an EnCase Certified Examiner (Guidance Software). Previously, I was a Special Agent in the United States Air Force Office of Special Investigations where I investigated computer related crime and cyber counterintelligence for the Department of Defense. I have excelled in over 500 hours of classroom instruction on computer crime investigative techniques and I was a DoD

certified Computer Crime Investigator and Computer Forensic Examiner from the Defense Cyber Investigations Training Academy. I was responsible for computer investigations covering the Western Coast of the United States as well as the entire US Air Force interest in the Asia/Pacific region. I also utilized my computer investigative expertise during the Global War on Terror in Iraq to identify and neutralize terrorist threats to the United States in a Joint Special Operations Task Force. My current, complete Curriculum Vitae is hereto attached as **Exhibit A**.

6. In February 2020, Setec was contacted by counsel for Wisk Aero LLC ("Wisk"), and asked to forensically preserve and analyze two digital media devices previously used by Jing Xue during his employment with Wisk. Setec was then provided with the following devices:

    a. Samsung MZ-V7P1T0 laptop with Serial Number S46ANF0M504878D

    b. Lenovo Thinkpad laptop with Serial Number R9-ONNKA6

7. My analysis began by forensically imaging both computers using industry standard tools and techniques. All subsequent analysis of the devices took place on the forensic images, and the original devices were preserved. I used EnCase Forensic by Guidance Software and Internet Evidence Finder by Magnet Forensics, both industry standard computer forensic tools, to perform analysis on the forensic images of the two computers identified above. This included internet history and download analysis as well as file and metadata analysis.

8. My analysis revealed that a Kingston-brand USB storage device, with serial number 408D5C16530CE36189310CC6&0 was inserted into the Samsung MZ-V7P1T0 laptop on December 25, 2019, and that files were written to that storage device on the same date.

9. In April 2021, Setec was again contacted by counsel for Wisk, and asked to forensically preserve and analyze four USB flash drives that may have been previously used by Jing Xue during his employment with Wisk. The flash drives were forensically imaged using industry standard tools and techniques. I analyzed the forensic images of these flash drives to determine their file contents. Based on my analysis, the flash drives did not match the Kingston-brand USB storage device that had been inserted into the Samsung MZ-V7P1T0 laptop on December 25, 2019.

10. On May 10, 2021, I worked with Colin Haubrich and Kio Kudumu, members of Wisk's IT department, to obtain a log of all files downloaded from Wisk's corporate Google Drive

repositories by Jing Xue's account, jing.xue@wisk.aero, between November 30, 2019 (GMT) and January 11, 2020 (GMT). The log was obtained through Wisk's log preservation tool, General Audit Tool, which I understand Wisk uses to maintain a preserved copy of Google Apps for Business logging for all users in their general course of business. A true and correct copy the log is attached hereto as **Exhibit B**. As shown in Exhibit B the log lists 5034 files as having been downloaded using Jing Xue's account within the date range. The vast majority of those files, 4977, were downloaded between December 25, 2019 (GMT), and December 27, 2019 (GMT), using Xue's account.

11. As indicated, the times listed in Exhibit B are in Greenwich Mean Time (GMT). I understand that, in the Pacific Time Zone used on the West Coast of the United States, the 4977 downloads mentioned in the previous paragraph would have taken place on December 25 and December 26, 2019.

12. I have analyzed the contents of Jing Xue's two computers, as well as the four flash drives that were provided. The six devices did not contain the 4977 files downloaded from Google Drive as detailed above. The two computers also did not contain internet download records indicating they had downloaded the 4977 files.

13. It is my opinion, based on my experience and training, the computers I analyzed were not used to download the 4977 files downloaded from Wisk Aero's Google Drive from December 25, 2019 (GMT), through December 27, 2019 (GMT), and the devices I analyzed did not contain the 4977 files downloaded. Furthermore, it is my opinion that approximately 3000 of the downloaded files were downloaded using a computer that accessed the internet using Comcast, an internet service provider that Wisk Aero did not use, as indicated by the IP addresses associated by the downloads listed in rows 419 through 3814 in Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: May 17, 2021

By _____
Michael Kunkel