QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ARCHER AVIATION INC.,<br><br>　　　　　Defendant. | CASE NO. 5:21-cv-02450-WHO<br><br>**MOTION PURSUANT TO CIVIL L.R. 7-11 TO SEAL PORTIONS OF WISK AERO LLC'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY AS WELL AS CERTAIN PORTIONS OF SUPPORTING DECLARATIONS AND EXHIBITS** |

## I. INTRODUCTION

Plaintiff Wisk Aero LLC ("Wisk") is moving for a preliminary injunction against, and seeking expedited discovery from, Defendant Archer Aviation Inc. ("Archer"). Wisk has alleged claims for trade secret misappropriation against Archer, and Wisk's motion for a preliminary injunction identifies and describes certain trade secrets asserted by Wisk. Accordingly, Wisk is moving for an order sealing portions of its moving papers in order to preserve the confidentiality of its trade secrets.

## II. WISK REQUESTS LEAVE TO FILE THE FOLLOWING DOCUMENTS, OR PORTIONS THEREOF, UNDER SEAL

Wisk is hereby moving for leave to file the following documents, or portions thereof, under seal:

| Document | Portions to Be Filed Under Seal | Reason |
|---|---|---|
| Wisk's Notice of Motion and Motion for a Preliminary Injunction | Highlighted portions appearing on pages 6, 7, 17, 18, 19, 20, and 21 | As stated in the accompanying declarations of Dr. Collins and Dr. Gandhi, these portions discuss and disclose certain Wisk trade secrets, or portions of trade secrets. *See* Collins ¶¶ 28, 35-63; Gandhi ¶¶ 35-72 |
| Declaration of Dr. Collins | Highlighted portions appearing at Paragraphs 28, 35-63 | As described Dr. Collins' declaration, these portions discuss and disclose certain Wisk trade secrets, or portions of trade secrets. *See* Collins ¶¶ 28, 35-63 |
| Declaration of Dr. Collins | Exhibit 1 | Exhibit 1 to the Collins declaration is a confidential, still-unpublished Wisk patent application that reveals Wisk's confidential and trade secret information. *See* Collins at pp.4-5 |

| Document | Portions to Be Filed Under Seal | Reason |
|---|---|---|
| Declaration of Dr. Gandhi | Highlighted portions appearing at Paragraphs 12, 35-60, 62, 67-72 | As described Dr. Gandhi's declaration, these portions discuss and disclose certain Wisk trade secrets, or portions of trade secrets. *See* Gandhi ¶¶ 12, 35-72 |
| Declaration of Dr. Gandhi | Exhibit B | As described in Dr. Gandhi's declaration, Exhibit B is a confidential Wisk document that discloses multiple Wisk trade secrets, or portions thereof. *See* Gandhi ¶¶ 12, 35-72 |
| Declaration of Yury Kapgan | Exhibit 1 | Exhibit 1 to the Kapgan Declaration is Wisk's Identification of Trade Secrets, which discusses and discloses multiple Wisk trade secrets, or portions thereof, as averred to by Dr. Collins and Dr. Gandhi. *See* Collins ¶¶ 28, 35-63; Gandhi ¶¶ 35-72 |
| Declaration of Yury Kapgan | Exhibit 9 | Exhibit 9 to the Kapgan Declaration is a confidential grand jury subpoena that the Department of Justice has asked to keep confidential. *See* Kapgan ¶ 10 & Ex. 9 |
| Declaration of Michael Kunkel | Exhibit B | Exhibit B to the Kunkel declaration is a list of confidential Wisk file names that were stolen by a former employee; the names reveal, or tend to reveal Wisk trade secrets. *See, e.g.*, Kunkel ¶ 10 & Gandhi ¶ 12 |

| Document | Portions to Be Filed Under Seal | Reason |
|---|---|---|
| Declaration of Geoff Long | Exhibit A | Exhibit A to the Long declaration is a confidential, still-unpublished Wisk patent application that reveals Wisk's confidential and trade secret information. *See* Long ¶ 10 |

### III. WISK HAS DEMONSTRATED COMPELLING REASONS TO SEAL THESE DOCUMENTS

Under Ninth Circuit law, "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). For the purposes of a sealing motion, a preliminary injunction motion is generally treated as dispositive, and the party seeking to seal documents must show "compelling reasons" to support the sealing. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). Some courts, however, have applied only a "good cause" standard. *In re Nat'l Sec. Agency Telecommunications Records Litig.*, 2007 WL 549854, at *4 (N.D. Cal. Feb. 20, 2007) (requiring only "good cause" to seal because "a preliminary injunction motion is not dispositive because, unlike a motion for summary adjudication, it neither resolves a case on the merits nor serves as a substitute for trial"); *Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014) (same).

Compelling reasons exist where public release of the records may "[be] used to gratify private spite or promote public scandal . . . permit the[] files to serve as reservoirs of libelous statements for press consumption . . . or as sources of business information that might harm a litigant's competitive standing." *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986) (internal quotations omitted); *see also Kamakana*, 447 F.3d at 1179 (citing *Valley Broadcasting* for the "compelling reasons" standard). Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investment, or other information that is ordinarily kept secret for competitive purposes. *Hanginout*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014).

-4- Case No. 5:21-cv-02450-WHO
MOTION TO SEAL PORTIONS OF WISK'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY

In any event, as set forth herein and in the accompanying declarations of Dr. Collins, Dr. Gandhi, Geoff Long, Michael Kunkel, and Yury Kapgan, each of the documents that Wisk seeks to seal meet the higher "compelling reasons" standard and the lower "good cause" standard.

### A. Materials Describing Wisk's Trade Secrets May Be Sealed

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing . . . [when disclosure of those files would] release trade secrets." *Kamakana*, 447 F.3d at 1179. Moreover, courts in this District have determined that, because "a motion to seal is not the proper vessel to explore" the merits of a trade secret claim, motions to seal may be granted as to identified trade secrets, pending resolution of a dispositive motion. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing that "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret" because that argument is more properly brought through a dispositive motion).

Here, and as set forth in the table above, portions of Wisk's motion for preliminary injunction, as well as portions of the declarations of Dr. Collins and Dr. Gandhi, and certain exhibits to the declarations of Dr. Collins, Dr. Gandhi, Geoff Long, Michael Kunkel, and Yury Kapgan all discuss and disclose Wisk's trade secrets or portions thereof. Therefore, sealing those documents is appropriate.

### B. Grand Jury Subpoenas May Be Sealed

Courts routinely seal grand jury subpoenas and related proceedings when the government so requests. *See, e.g.*, *Matter of Application of United States of Am.*, 45 F. Supp. 3d 1, 8 (D.D.C. 2014); *Matter of Application of United States of Am. for an Ord. of Nondisclosure Pursuant to 18 U.S.C. §2705(B) for Grand Jury Subpoena # GJ2014031422765*, 41 F. Supp. 3d 1, 8 (D.D.C. 2014). Here, the Department of Justice has asked that the grand jury subpoena at issue be maintained "confidentially," and thus sealing is appropriate. *See* Kapgan Ex. 9.

### IV. CONCLUSION

For the foregoing reasons the Court should seal those portions of Wisk's Notice of Motion and Motion for Preliminary Injunction, Declaration of Dr. Collins, Declaration of Dr. Gandhi,

Declaration of Geoff Long, Declaration of Michael Kunkel, and Declaration of Yury Kapgan identified in the table above.

DATED: May 19, 2021

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Yury Kapgan
    Yury Kapgan
    Patrick Schmidt
    Michael LaFond

Attorneys for Plaintiff Wisk Aero LLC