JOSH KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
ORIN SNYDER, SBN 2116424
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000
Facsimile:  212.351.4035

DEBRA WONG YANG, SBN 123289
  dwongyang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

BENJAMIN WAGNER, SBN 163581
  bwagner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

 JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

Counsel for Defendant
ARCHER AVIATION INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>                   Plaintiff,<br><br>      v.<br><br>ARCHER AVIATION INC.,<br><br>                   Defendant. | CASE NO. 5:21-CV-02450-WHO<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION AND TO SHORTEN TIME TO RESPOND TO MOTION TO ENLARGE TIME**<br><br>CIV. L.R. 6-3 |

Gibson, Dunn &
Crutcher LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO RESPOND TO MOTION FOR PRELIMINARY
INJUNCTION AND TO SHORTEN TIME TO RESPOND TO MOTION TO ENLARGE TIME
CASE NO. 5:21-CV-02450-WHO

**TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS:**

Please take notice that, pursuant to Civil Local Rule 6-3, Defendant Archer Aviation Inc. ("Archer") moves this Court for an Order enlarging the time for Archer to respond to Plaintiff Wisk Aero LLC's ("Wisk") Notice of Motion and Motion for Preliminary Injunction and Expedited Discovery ("P.I. Motion") and shortening the time for Wisk to respond to this Motion to enlarge time. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Joshua Lerner, all cited authorities, and all pleadings and papers on file in this action.

Respectfully submitted,

DATED:  May 25, 2021                    GIBSON, DUNN & CRUTCHER LLP

By:        /s/ Josh A. Krevitt
                  Josh A. Krevitt

*Counsel for Defendant Archer Aviation Inc.*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION AND TO SHORTEN TIME TO RESPOND TO MOTION TO ENLARGE TIME
CASE NO. 5:21-CV-02450-WHO

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 6-3, Archer respectfully moves the Court to enlarge by 28 days the time for Archer to respond to Wisk's P.I. Motion.  (Dkt. 16.)  Wisk filed its P.I. Motion and supporting documents on May 19, 2021, along with an administrative motion to seal, and noticed a hearing date of July 7, 2021.  (Dkts. 16–17; P.I. Mot. at 2.)  Under Civil Local Rules 7-2, 7-3, and 65-2, Archer's Opposition to the P.I. Motion is currently due on June 2, 2021.  Given that approaching deadline, Archer further requests that the Court shorten the time for Wisk to respond to Archer's request for an enlargement of time until tomorrow, May 26, 2021.

### I.     INTRODUCTION

Archer asks the Court to extend the time period for its filing of an Opposition to Wisk's P.I. Motion by 28 days.  Such an extension is necessary and appropriate given the volume of the motion Wisk has submitted and the scope of the relief it seeks.  Notably, with the extension sought, Archer will still have less time to prepare its opposition than Wisk took to file the P.I. Motion (on May 19th) after it had filed its Complaint (on April 6th).

The extension that Archer seeks is appropriate given the voluminous motion papers and broad requested relief.  In addition to its Memorandum of Points and Authorities, Wisk has submitted seven declarations, including from multiple expert witnesses, accompanied by more than 600 pages of exhibits, and a 75-page trade secret disclosure identifying 52 purported trade secrets.  Archer is entitled to reasonable time to analyze and respond to the particulars of Wisk's filing, including deposing some or all of Wisk's declarants, and the Court would benefit from ensuring that both sides have an equal opportunity to present factual evidence and legal argument on the issues presented by Wisk's motion.

While Archer stands to suffer real harm if it does not have adequate time to respond to Wisk's P.I. Motion, the opposite is true for Wisk.  There is *no* emergency here.  To the contrary, Wisk first advanced the allegations of wrongdoing at issue *more than one year ago*.  Wisk did not file a Complaint at that time, and when it eventually did file a Complaint on April 6, 2021, it made no accompanying motion for a temporary restraining order asserting imminent harm.  Wisk then waited an additional *43 days* to file its P.I. Motion.  That Motion lacks *any* evidence that *any* harm will occur if Archer's request for an extension is granted and the Hearing on Wisk's P.I. Motion is adjourned until a date convenient

DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION AND TO SHORTEN TIME TO RESPOND TO MOTION TO ENLARGE TIME
CASE NO. 5:21-CV-02450-WHO

1    for the Court.  Nonetheless, when Archer requested an extension as a courtesy, Wisk refused, proposing

2    only a *one-week* extension, which is plainly insufficient under the circumstances.

3          Archer's request, if granted, will still provide it with *a shorter period of time* to respond than

4    the interval between Wisk's filing of its Complaint and its filing of its P.I. Motion.  In the absence of

5    any emergency—and given the volume of Wisk's papers—there is good reason to grant Archer's

6    request and no reason to deny it.  Indeed, given the lack of any potential imminent harm, Wisk's refusal

7    to grant a reasonable extension must be seen for what it is: a knowing effort to tilt the table in its favor

8    by denying Archer a full and fair opportunity to demonstrate that there is no basis for a preliminary

9    injunction here.

10         Accordingly, Archer asks that the Court grant Archer a 28-day extension.

11                 **II.      ARGUMENT**

12         Archer meets the standard set out in Civil Local Rule 6-3 for an extension to respond to Wisk's

13   P.I. Motion as well as the standard to shorten time on Wisk's response.  Archer sets forth herein a

14   particularized need for relief as well as substantial harm and prejudice if it is not granted.  (Lerner Decl.

15   ¶¶ 7, 10.)  "Once a particularized showing is made [under Civil Local Rule 6-3], 'requests for

16   extensions of time made before the applicable deadline has passed should normally ... be granted in the

17   absence of bad faith or prejudice to the adverse party.'"  *Lilith Games (Shanghai) Co. Ltd. v. uCool,*

18   *Inc.*, 15-CV-1267-SC, 2015 WL 3523405, at *2 (N.D. Cal. June 4, 2015) (quoting *Ahanchian v. Xenon*

19   *Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010)).

20   **A.      Archer Will Suffer Absent Relief—The Loss Of A Fair Opportunity To Respond.**

21         As set forth at the outset, Archer is not seeking a lengthy extension.  Far from it, the extension

22   that Archer seeks would provide it with fewer days to prepare its submissions than the time Wisk waited

23   after filing its Complaint to file its P.I. Motion.

24         Wisk's papers here are voluminous by any measure.  Wisk filed its P.I. Motion with ***38***

25   ***supporting documents***.  Much of the material is highly technical in nature, including over 70 pages of

26   declarations by seven different declarants accompanied by nearly 600 pages of supporting exhibits.

27   (Dkt. 16.)  Wisk had the time to retain and work with two expert witnesses and a forensic consultant

28   who submitted declarations. (Dkts. 16-01, 16-04, 16-24.)  Wisk also had the time to compile a 75-page

Gibson, Dunn &
Crutcher LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO RESPOND TO MOTION FOR PRELIMINARY
INJUNCTION AND TO SHORTEN TIME TO RESPOND TO MOTION TO ENLARGE TIME
CASE NO. 5:21-CV-02450-WHO

1   trade secret disclosure with 52 alleged secrets.  (Dkt. 16-08.)  In denying Archer a 30-day extension,

2   Wisk suggests that Archer should be able to make its own affirmative case quickly, and without

3   subjecting Wisk's witnesses to examination.  (Lerner Decl. ¶ 6, Ex. 1.)  The burden of proof, however,

4   is on Wisk, and Archer should not be deprived of an opportunity to take discovery from Wisk's

5   declarants simply because the briefing schedule does not permit it.

6         In circumstances like these, courts of this District have not hesitated to recognize that a party

7   responding to a motion for a preliminary injunction should be afforded *significantly more* time to

8   respond to a request for extraordinary relief than the Civil Local Rules ordinarily provide.  *See, e.g.*,

9   *Lilith Games*, 2015 WL 3523405, at *2–3 (enlarging time to respond to motion for preliminary

10  injunction to 74 days in case presenting "complex issues of … trade secret misappropriation");

11  *Wangson Biotechnology Grp., Inc. v. Tan Tan Trading Co.*, No. C 08-04212 SBA, 2008 WL 4534268,

12  at *2 (N.D. Cal. Oct. 6, 2008) (enlarging time to respond to motion for preliminary injunction in part

13  due to the "substantial impact a preliminary injunction could have on [the nonmovant's] business").

14  **B.**    **Wisk Cannot Show Risk Of Imminent Harm If Archer's Request Is Granted.**

15        The chronology of this dispute belies the notion of extreme urgency.  Wisk first began sending

16  accusatory letters to Archer *more than one year ago*, on January 8, 2020.  (Lerner Decl. ¶ 2.)  By April

17  2020, Wisk made specific allegations of wrongful conduct by Jing Xue, the same employee whom

18  Wisk now claims brought trade secrets to Archer.  (P.I. Mot. at 8.)  Then, in June 2020, Wisk referred

19  Mr. Xue to the Santa Clara District Attorney's Office.  (*Id.* at 9.)  But Wisk did not file a complaint, let

20  alone seek injunctive relief, in January or April or June 2020.  Nor did Wisk do so in February 2021,

21  when Archer publicized images of Archer's aircraft design, which Wisk claims are "strikingly similar"

22  to its own.  (*Id.* at 9, 16.)

23        Instead, Wisk waited to file a lawsuit until April 6, 2021, more than 15 months after the alleged

24  unauthorized downloading of Wisk files by Mr. Xue, and even then it filed no application for a

25  temporary restraining order.  And then Wisk waited another 43 days before it moved for a preliminary

26  injunction.  This chronology reflects a slowly unfolding series of threats, the timing of which has been

27  controlled by Wisk.  Now, when Archer seeks time to assemble admissible evidence to rebut Wisk's

28  rampant speculation, Wisk professes an artificial urgency to the proceedings that is inconsistent with

Gibson, Dunn & Crutcher LLP

its own conduct over the last 15 months.  Put simply, Wisk cannot make a colorable claim that granting Archer 28 additional days to respond to the P.I. Motion will somehow cause Wisk irreparable harm.

**C.      It Is Appropriate To Shorten The Time For Wisk Response To File Its Response.**

Given the looming June 2, 2021 due date for Archer's Opposition, Archer also asks the Court to shorten the time for Wisk to respond to Archer's request for an enlargement of time so that Archer may receive the relief it requests before being prejudiced by the unfairly short briefing schedule. *Creative Sci. Sys., Inc. v. Forex Capital Mkts., LLC*, No. 04-CV-3746-RS, 2006 WL 3826730, at *1 (N.D. Cal. Dec. 27, 2006) ("Where a party is merely seeking relief in a shorter time frame than is available under the normal briefing and hearing schedule for a fully-noticed motion, the appropriate procedural mechanism is *always* a motion to shorten time under Rule 6-3."); Lerner Decl. ¶ 11.

**D.      Archer Met And Conferred With Wisk Regarding The Requested Extension.**

Before bringing this Motion, Archer made a good-faith effort to enter into an agreement with Wisk that would provide Archer with an additional 30 days to respond (modified to 28 days).  (Lerner Decl. ¶ 6, Ex. 1.)  In multiple exchanges, Wisk ultimately offered Archer an extension of less than two weeks, after having disputed Archer's need for a longer extension, and advanced the remarkable position that Wisk should not have to present its declarants for deposition.  (Lerner Decl. ¶¶ 6–7, Ex. 1.) Any suggestion by Wisk that Archer should have dramatically compromised its request would be off point:  Archer's requested extension is appropriate in light of the volume of material that will be addressed in its Opposition, and the short delay will not result in any prejudice to Wisk.  (*Id.*)

### III.      CONCLUSION

Because Archer has made the requisite "particularized showing" of its reasons for its request, the Court should extend the time for Archer to respond to Wisk's P.I. Motion by 28 days to **June 30, 2021**, with Wisk's reply due **July 14, 2021**, and a hearing on the P.I. Motion to be set for a date convenient to the Court.  Furthermore, Archer requests that the Court order Wisk to respond to this Motion by no later than **May 26, 2021**.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION AND TO SHORTEN TIME TO RESPOND TO MOTION TO ENLARGE TIME
CASE NO. 5:21-CV-02450-WHO

Gibson, Dunn & Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

DATED:  May 25, 2021                    GIBSON, DUNN & CRUTCHER LLP

By:      */s/ Josh A. Krevitt*
                    Josh A. Krevitt

*Counsel for Defendant Archer Aviation Inc.*

Gibson, Dunn &
Crutcher LLP

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I caused to be electronically filed the foregoing

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO**

**RESPOND TO MOTION FOR PRELIMINARY INJUNCTION AND TO SHORTEN TIME**

**TO RESPOND TO MOTION TO ENLARGE TIME** with the Clerk of the Court via CM/ECF.

Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing

systems.

Dated: May 25, 2021                           GIBSON, DUNN & CRUTCHER LLP


By:        */s/ Josh A. Krevitt*
                Josh A. Krevitt
                *Counsel for Defendant Archer Aviation Inc.*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO RESPOND TO MOTION FOR PRELIMINARY
INJUNCTION AND TO SHORTEN TIME TO RESPOND TO MOTION TO ENLARGE TIME
CASE NO. 5:21-CV-02450-WHO