QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:     (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>ARCHER AVIATION INC.,<br><br>          Defendant. | CASE NO. 5:21-cv-02450-WHO<br><br>**PLAINTIFF WISK AERO LLC'S OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

## I. PRELIMINARY STATEMENT

Plaintiff Wisk Aero LLC ("Wisk") has filed a motion for a preliminary injunction, backed by competent testimony and documentary evidence demonstrating that it has suffered, and will continue to suffer, *imminent, immediate, irreparable* harm if Defendant Archer Aviation Inc. ("Archer") is not promptly enjoined from using trade secrets misappropriated from Wisk. *See* Dkt. 16. Archer seeks a month's delay with its present motion, allegedly because Wisk's "[m]otion lacks any evidence that any harm will occur if Archer's request for an extension is granted." That assertion is demonstrably false in light of Wisk's extensive evidentiary submissions demonstrating two distinct forms of irreparable harm. First, as two of Wisk's expert witnesses have declared, Archer has gained an unfair "head start" on its aircraft development by misappropriating Wisk's trade secrets—a form of irreparable harm that will only grow as Archer continues to exploit Wisk's intellectual property without permission. Second, Archer's planned future hiring and planned merger with another company threaten to further widely disseminate Wisk's trade secrets, potentially destroying them outright through public disclosure—another form of spiraling irreparable harm.

As outlined in its preliminary injunction motion, Wisk moved expeditiously once it had a proper basis to assert its trade secret claims, after Archer released materials in February 2021 revealing its use of Wisk's highly confidential trade secrets, announcing that it would be going public, and discussing publicly its reliance on Wisk's development efforts. There was no "15 month" delay as Archer claims. Wisk could not have filed a complaint against Archer let alone sought a preliminary injunction prior to Archer's recent disclosures. Indeed, prior to February 2021, Archer kept details about the aircraft it copied from Wisk under wraps, leaving Wisk few options beyond reporting the theft of thousands of confidential files by its former employee to the authorities (a theft the FBI and DOJ are currently investigating, along with Archer itself).

In addition to failing to address Wisk's evidence of harm and prejudice, Archer also failed to meaningfully meet and confer. Archer ignored this District's local rules that require an actual conversation (by telephone or otherwise), and instead sent a series of emails to Wisk that refused to compromise (despite Wisk offering multiple compromises) in a fashion clearly designed to "check

the box" before getting this motion on file.  In short, Archer's request for a month of delay has no basis, will prejudice Wisk and cause further irreparable harm, and should be denied.

## II.     ARCHER DID NOT REASONABLY MEET AND CONFER

Before reaching the merits, Archer's motion for an extension of time should be denied for failure to properly meet and confer.  In this District, "[t]he mere sending of a written, electronic, or voice-mail communication … does not satisfy a requirement to 'meet and confer' or to 'confer.'" N.D. Cal. Civil L.R. 1-5(n).  Instead, the parties are required to speak directly, in person or by telephone (*id*.) and failure to do so is reason alone to deny a motion to enlarge time.  *See, e.g.*, *Las Virgenes Mun. Water Dist.-Triunfo Sanitation Dist. v. McCarthy*, 2014 WL 5297806, at *2 (N.D. Cal. Oct. 15, 2014) (denying motion to enlarge time where "Plaintiff concedes that it did not meet and confer").[1]  Here, the "meet and confer" only took place over email.  *See* Dkt. 25-2.  That is grounds to deny the motion.

Wisk does not raise this issue as a procedural "gotcha," but out of genuine concern that Archer did not even attempt to compromise in good faith before filing its motion.  Archer requested a unilateral 30-day extension, with one-way discovery, just before 6:00 PM on a Sunday evening. Dkt. 25-2 at 7-8.  Wisk responded by offering Archer a one-week extension for its opposition brief, with Wisk getting a one-week extension for its reply brief.  This was a reasonable compromise, because it would have provided time for *both* sides to conduct limited depositions of the relevant declarants, but would still allow the parties to hold the current July 7 hearing date.  Archer rejected this proposal out-of-hand and attempted to end the meet and confer.  *Id*. at 5-7.    Only *after* Wisk noted that Archer improperly refused to engage in any negotiation did Archer make another offer (*id*. at 3-5), but even then only reduced its prior demand from 30 days to 28 days.  *Id*. at 3-4 (requesting extension from June 2 to June 30).  Wisk attempted to compromise further, but Archer simply filed this motion.  *Id*.  Although the merits also warrant denial of Archer's motion, the failure to reasonably meet and confer itself is enough to deny postponement of the existing hearing date.

---

[1]  N.D. Cal. Civil L.R. 6-3(a) requires the moving party to first attempt "to obtain a stipulation to the time change"; and this District has explained that requiring a party to "attempt to obtain a stipulation" implies a meet and confer requirement.  *See EPL Holdings, LLC v. Apple Inc.*, 2013 WL 2181584, at *7 (N.D. Cal. May 20, 2013).

## III. WISK WILL BE PREJUDICED AND HARMED BY DELAY

Contrary to Archer's argument, Wisk has presented extensive evidence of *both* ongoing *and* imminent irreparable harm if its motion for a preliminary injunction is not promptly adjudicated. *See* Dkt. 16 at 21-22.  Two of Wisk's credentialed experts, Dr. Gandhi and Dr. Collins, have submitted testimony explaining that Archer has gained an unfair "head start" through its theft of Wisk's trade secrets.  *See* Dkt. 16-1 ("Declaration of Dr. Collins") ¶¶ 30-31; Dkt. 16-4 ("Declaration of Dr. Gandhi") ¶¶ 23-32; *Netlist Inc v. Diablo Techs. Inc*., 2015 WL 153724, at *8 (N.D. Cal. Jan. 12, 2015) (finding an illicit "head start" constituted irreparable harm, and granting preliminary injunction).  By contrast, Archer provides no explanation whatsoever—let alone any evidence—demonstrating why Drs. Collins and Gandhi are wrong, or why harm to Wisk will not continue during Archer's proposed month-long delay.

Wisk has also presented evidence that its trade secrets are at risk of further dissemination as Archer plows ahead with further aircraft development, widespread hiring and a forthcoming merger to become a public company.  *See* Dkt. 16 at 22; *see also* Dkt. 16-20 (Archer's merger announcement).  Archer's threat to continue disseminating Wisk's trade secrets constitutes imminent irreparable harm that will only be exacerbated by delay.  *See WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 853 (N.D. Cal. 2019) (plan "to hire 100 engineers" constituted a risk of imminent irreparable harm via dissemination of trade secrets).  Archer does not argue nor present any evidence demonstrating that it has stopped (or even slowed) its hiring or its merger plans.  To the contrary, following this lawsuit, Archer told the press it "is moving forward with its business plans, including the development, certification and production of its proprietary aircraft."  *See* Kapgan Decl. Ex. A (highlighting Archer's public comments in a Bloomberg News article).  Archer's intent to continue "business as usual" demonstrates why any delay harms Wisk.

## IV. ARCHER MISREPRESENTS THE RELEVANT TIMELINE AND PRESENTS NO JUSTIFICATION FOR MORE DELAY

Wisk moved for a preliminary injunction shortly after learning of Archer's misappropriation. Wisk's expert, Dr. Gandhi, has testified that it was not feasible for Wisk to determine whether Archer was using its trade secrets until after Archer released its February 10, 2021 investor

presentation.  *See* Dkt. 16-4 ("Declaration of Dr. Gandhi") ¶¶ 74-75; *see also* Dkt. 16-3 (February 10, 2021 Archer investor presentation).  After seeing that presentation, and hearing Archer's co-founders candidly acknowledge in multiple interviews that they were relying on a decade's worth of development done by Wisk, Wisk filed this lawsuit last month, *see* Dkt. 1, and moved for a preliminary injunction last week. Dkt. 16.  Courts routinely recognize that similar time periods do not constitute "undue delay."  *See, e.g. Alacritech, Inc. v. Microsoft Corp.*, 2005 WL 850729, at *7 (N.D. Cal. Apr. 12, 2005) (three months to file preliminary injunction was not "undue delay").

Archer presents no argument or evidence rebutting Dr. Gandhi's conclusions.  For example, Archer does not contend—nor could it—that it released the sort of detailed information found in its February 2021 investor presentation *before* that time.  This is critical, because "[a]lleging mere possession of trade secrets is not enough to survive a 12(b)(6) motion."  *Be In, Inc. v. Google Inc.*, 2013 WL 5568706, at *3 (N.D. Cal. Oct. 9, 2013) (quoting *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989 (S.D. Cal. 2012)).  Thus, a prerequisite to Wisk filing suit was evidence that a former employee not only possessed, but also had disclosed Wisk's trade secrets to Archer.  *Id.*

Archer ignores this fundamental facet of trade secret law, and instead argues that Wisk should have filed suit "more than 15 months" ago, based on Jing Xue's file theft alone—Wisk's former employee whom Archer recruited.  Mot. 3.  But theft by Xue does not itself demonstrate misappropriation *by Archer*; and Wisk took prompt action against Xue by reporting his theft to the authorities.  Dkt. 16-29 ("Declaration of Caryn Nightengale") ¶ 18.  For these reasons, Archer's assertion of undue delay is meritless.

As for Archer's complaint that Wisk "filed no application for a temporary restraining order," that is both puzzling and irrelevant under this District's case law.  As set forth in Federal Rule of Civil Procedure 65, the difference between a temporary restraining order and a preliminary injunction is simply whether there is notice to the opposing party.  *Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2016 WL 9275454, at *1 (N.D. Cal. Nov. 10, 2016).  Thus, a temporary restraining order—*i.e.*, a preliminary injunction without notice—is primarily appropriate in circumstances where notice may lead to the defendant "conceal[ing]" or "destroying evidence."  *See, e.g.*, *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, 2020 WL 5199434, at *6 (N.D. Cal. Aug.

17, 2020). So Archer's complaint that Wisk failed to seek a temporary restraining order is really nothing more than a complaint that Wisk failed to argue Archer would destroy or conceal evidence. That is a *non-sequitur*, and in any event no grounds to grant Archer's requested month-long delay.

It also bears noting that Archer is attempting to "have its cake and eat it too." Archer asserts that Wisk sent "accusatory letters" to Archer "more than one year ago" including "specific allegations of wrongful conduct by Jing Xue" (*see* Mot. 3; Dkt. 25-1 ¶ 2), but never explains why it did not begin its own investigation at that time. In other words, if Archer was aware of Wisk's accusations against Xue in April 2020, then Archer has had an entire year to investigate Xue's actions, and there should be no need for more delay. Similarly, Archer received Wisk's complaint more than a month ago, and should already have its investigation well underway. Archer's failure to promptly investigate is not grounds for delay.

Finally, Archer's cited authorities are inapposite. In *Lilith Games (Shanghai) Co. v. uCool, Inc.*, 2015 WL 3523405 (N.D. Cal. June 4, 2015), the defendant filed a concurrent request for expedited discovery, including specific discovery requests. *Id*. at *3-4. Here, however, Archer has presented no discovery requests, and has not formally sought expedited discovery. As for *Wangson Biotechnology Grp., Inc. v. Tan Tan Trading Co.*, 2008 WL 4534268 (N.D. Cal. Oct. 6, 2008), in that case the court had already "denied a temporary restraining order," and it was unclear whether one of the defendants had been served at all. *Id*. at *2. By contrast, Wisk's motion for preliminary relief has yet to be heard, and Archer has been served; more delay is not appropriate.

## V.   CONCLUSION

For the foregoing reasons, the Court should deny Archer's request to delay adjudication of Wisk's motion for preliminary injunction, and the parties should proceed to the July 7 hearing on the current record.[2]

---

[2]   In the event the Court is inclined to grant a 30-day extension and/or move the July 7 hearing while Archer continues to threaten further dissemination and use of Wisk's trade secrets with its aircraft development, widespread additional hiring and its forthcoming merger, so as not to waste any time the Court should also authorize Wisk to conduct expedited discovery, including the opportunity to obtain relevant technical documentation, conduct a forensic inspection of Archer's electronic data storage systems and media, and conduct depositions (without prejudice to later depositions) of relevant witnesses. Archer can hardly complain about such discovery, given its insistence that such a lengthy extension is necessary to complete the record.

| | |
|---|---|
| DATED: May 27, 2021 | Respectfully submitted,<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>By  /s/ *Yury Kapgan*<br>   Yury Kapgan<br>   Patrick Schmidt<br>   Michael LaFond<br><br>Attorneys for Plaintiff Wisk Aero LLC |