1  JOSH KREVITT, SBN 208552
   jkrevitt@gibsondunn.com
2  JOSHUA H. LERNER, SBN 220755
   jlerner@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
4  1881 Page Mill Road
   Palo Alto, CA  94304-1211
5  Telephone:    650.849.5300
   Facsimile:    650.849.5333
6
7  ORIN SNYDER, SBN 2116424
   osnyder@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
9  New York, NY  10166-0193
   Telephone:    212.351.4000
10 Facsimile:    212.351.4035
11
   Attorneys for Defendant
12 ARCHER AVIATION INC.

13              **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN FRANCISCO DIVISION**

16 | WISK AERO LLC, | CASE NO. 5:21-CV-02450-WHO |

17 |     Plaintiff, | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

18 |   v. | |

19 | ARCHER AVIATION INC., | [*Motion to Dismiss, [Proposed] Order Granting Motion to Dismiss, Declaration of Joshua H. Lerner, and [Proposed] Order Granting Request for Judicial Notice filed concurrently herewith*] |

20 |     Defendant. | |

21 | | Action Filed: April 6, 2021 |

22 | | Hearing Date: July 7, 2021 |
23 | | Hearing Time: 2:00 p.m.
      Hearing Location: Courtroom 2
24 | | Honorable Judge William H. Orrick |

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, on Wednesday, July 7, 2021, at 2:00 p.m., in Courtroom 2 of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as may be heard, Defendant Archer Aviation Inc. ("Archer" or "Defendant") will, and hereby does, request this Court to take judicial notice of and/or consider under the doctrine of incorporation by reference the following materials, in connection with Defendant's concurrently filed Motion to Dismiss Plaintiff's Trade Secret Claims (Claims 1 and 2):

1. **Exhibit A** to the Declaration of Joshua H. Lerner is a blog post dated October 15, 2018 that is published on Plaintiff's publicly available webpage, https://wisk.aero/news/blog/partneringwithairnewzealand/.

2. **Exhibit B** to the Declaration of Joshua H. Lerner is a transcript from an interview by Benzinga of Archer's Co-Founder, Adam Goldstein, which was incorporated by reference in Paragraphs 9, 88, 89, and 90 of Plaintiff's Complaint, as well as filed with the Securities and Exchange Commission ("SEC") and made publicly available on the SEC webpage, https://www.sec.gov/Archives/edgar/data/0001824502/000121390021009829/ea135752-425_atlascrest.htm.

3. **Exhibit C** to the Declaration of Joshua H. Lerner is a transcript from an interview by Fox News of Archer's Co-Founder, Adam Goldstein, which was incorporated by reference in Paragraph 91 of Plaintiff's Complaint, as well as filed with the SEC and made publicly available on the SEC webpage, https://www.sec.gov/Archives/edgar/data/0001824502/000110465921031730/tm218061d3_425.htm.

4. **Exhibit D** to the Declaration of Joshua H. Lerner is a certified transcript of a panel discussion entitled "New Kids on the Block Series: Air Mobility – Investing in the Flight of the Future" featuring of Archer's Co-Founders, Adam Goldstein and Brett Adcock, which was incorporated by reference in Paragraphs 9, 90, and 91 of Plaintiff's Complaint, and made publicly available on the IPO Edge webpage, http://ipo-edge.com/2021/02/22/watch-replay-nasdaq-and-pbhfa-host-air-mobility-investing-in-the-flight-of-the-future-featuring-archer-united-airlines/.

## I. LEGAL STANDARDS

When ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, *documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.*" Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007) (emphasis added) (citation omitted). A court may take judicial notice of relevant facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Separately, a court may consider materials the complaint relies upon under the "judicially created doctrine" of incorporation by reference, which "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted); see also Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

## II. ARGUMENT

The Court should consider the exhibits to the Declaration of Joshua H. Lerner when ruling on Archer's Motion to Dismiss for the following reasons:

**Exhibit A: Plaintiff's Blog Post**: Exhibit A is a blog post published on Plaintiff Wisk Aero's webpage, which depicts photographs of an aircraft. Because it is published on a "publicly available website," the blog post is a proper subject of judicial notice in ruling on a motion to dismiss. *Rock the Vote v. Trump*, No. 20-CV-06021-WHO, 2020 WL 6342927, at *3 n.1 (N.D. Cal. Oct. 29, 2020); see also In re Facebook, Inc. Sec. Litig., 477 F. Supp. 3d 980, 1010 (N.D. Cal. 2020) (holding Facebook's blog post was "a publicly available document, available on a publicly accessible website, it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and it is thus subject to judicial notice.") (citations omitted).

More specifically, Archer requests that the Court take judicial notice of the existence of the blog post, namely its listed date of October 15, 2018 and the photograph of the aircraft included therein. "Courts may take judicial notice of publications introduced to indicate what was in the

public realm at the time." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of the fact that various newspapers, magazines, and books published certain information) (citation and quotation marks omitted); *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking "judicial notice that the market was aware of the information contained in news articles submitted by the defendants"). Thus, the date and existence of the photograph on the blog post are a proper subject of judicial notice. *See, e.g.*, *Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1147–48 (N.D. Cal. 2013) (taking judicial notice of the existence of blog posts because they are "readily verifiable by reference to the web addresses listed in each respective exhibit").

**Exhibits B–D: Quoted Interview Transcripts and Panel Recording**:

Exhibits B, C, and D are materials quoted from, and necessarily relied upon, in the operative Complaint in this matter, and the Court may properly consider them in ruling on Archer's Motion to Dismiss under the incorporation by reference doctrine. Specifically:

- **Exhibit B** (the Benzinga interview transcript) is quoted from in Paragraphs 9, 88, 89, and 90 of the Complaint. *See* Compl. ¶ 9 ("'[A] lot of the folks from Archer came from Wisk'"; "'[T]his is the sixth aircraft that they're building, sixth full scale aircraft.'"; "'[I]t's not a question to us whether the technology work [sic], you can literally just go to a Wisk website . . . you can see these vehicles work.'"; "He called Wisk's former engineers an '[i]ncredible group with incredible technology.'"); ¶ 88 ("For example, in February 2021, Archer's co-founder Adam Goldstein participated in an interview and acknowledged '[a] group that started the [eVTOL] industry about 10 years ago. So [Wisk-backer] Larry Page basically invents the industry 10 years ago with a company that was originally called Zee Aero, you might know it now called Wisk. Wisk is the name that they took after they did the big joint venture with Boeing.'"; "'Larry Page spent, I don't know, it's not publicly disclosed, I'm guessing, maybe something like a billion dollars of capital over 10 years building five full-scale aircraft and dozens of those aircraft. The latest one is called Cora. That's the one you can see on the Wisk.Aero website. Incredible group with incredible technology. A lot

of the folks from Archer came from Wisk. So Tom Muniz, our head of engineering, ran engineering at Wisk. Jeff Bauer [sic] was an early employee at Wisk as well, but he left around five years ago or so to go run Airbus's program called Airbus Vahana. And so he was the chief engineer there. So Jeff and Tom came back together. And then when those guys came together, it was this huge moment in eVTOL industry.'"); ¶ 89 ("'And so this is the sixth aircraft that they're building, sixth full scale aircraft. So it's not a question to us whether the technology work [sic], you can literally just go to a Wisk website or go on YouTube and . . . you can see these vehicles work. And so now you're at the point where you need to get through certification.'"); ¶ 90 ("'There's no actual new science breakthrough that we're waiting for, there's no regulatory changes that we're waiting for.'");

- **Exhibit C** (the Fox News interview transcript) is quoted from in Paragraph 91 of the Complaint. *See id.* ¶ 91 ("'[T]his is technology that has been worked on for over a decade now.'"; "'[T]here's actually no new technology that needs to be invented.'"); and

- **Exhibit D** (the IPO Edge panel discussion) is quoted from in Paragraphs 9, 90, and 91 of the Complaint. *See id.* ¶ 9 ("'[O]ur team here at Archer has been working on this for 10 years.'"); ¶ 90 ("'[W]e're not waiting on any technology breakthroughs.'"); ¶ 91 ("'[O]ur team here at Archer has been working on this for 10 years.'"; "'[O]ver the last 10 years, so the aircraft, you see behind us, this is the sixth one that the team has been working on over their careers.'").

Accordingly, because the Complaint necessarily relies on these materials, and there is no question as to their authenticity and relevance, they are incorporated by reference in the Complaint and should be considered in connection with Archer's Motion to Dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007) (holding "the District Court was entitled to take notice of the full contents of the published articles referenced in the complaint, from which the truncated quotations were drawn.") (citing Fed. R. Evid. 201); *see also Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1122 (N.D. Cal. 2017) (under the incorporation by reference doctrine, "[t]he Court may

consider the entire document, even if only portions were quoted or referenced in the Complaint") (citation omitted).

In addition to being incorporated by reference, each of these materials is also publicly available online, and "judicial notice is proper because the existence of the publicly-available articles [] cannot reasonably be questioned." *Unsworth v. Musk*, No. 19-MC-80224-JSC, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (citing *Von Saher*, 592 F.3d at 960). Archer does not request that the Court accept as true the information contained within these interviews, but only take judicial notice of their existence in the public realm. *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1207 n.2 (N.D. Cal. 2014) ("The Court may take judicial notice of [three newspaper articles] as indication of what was in the public realm, but not for the veracity of any arguments or facts contained within."). Furthermore, judicial notice of Exhibits B and C is also appropriate because they are public filings made by Atlas Crest Investment Corporation with the SEC, and are thus matters of public record not subject to reasonable dispute under Rule 201(b). *See, e.g.*, *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004) (taking judicial notice of documents filed with the SEC). Accordingly, Exhibits B, C, and D may properly be considered by the Court on Defendant's Motion to Dismiss, and Archer respectfully requests that this Court consider them pursuant to the incorporation by reference doctrine, or, in the alternative, as matters properly subject to judicial notice.

### III.   CONCLUSION

For these reasons, Archer respectfully requests the Court consider these materials in connection with Defendant's Motion to Dismiss Plaintiff's Trade Secret Claims (Claims 1 and 2).

Respectfully submitted,

DATED:  June 1, 2021                         GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Josh A. Krevitt*
       Josh A. Krevitt

*Attorney for Defendant Archer Aviation Inc.*