UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>ARCHER AVIATION INC.,<br><br>             Defendant. | Case No. 3:21-cv-02450-WHO<br><br>**TENTATIVE RULING AND HEARING PROCEDURE** |

**Hearing Procedure.** Each party shall have 30 minutes to address any issues it wishes. If either party wants to communicate information that is currently provisionally sealed, it should include it in a confidential slide deck that is emailed to my courtroom deputy (and opposing counsel) by 1 p.m. that I can look at on the bench as counsel speaks but that will not be shown to the public.

**Tentative Ruling.** I am inclined to deny the motion for a preliminary injunction.

Wisk has identified the putative trade secrets asserted in its motion and reply with reasonable particularity and has adequately shown that those putative trade secrets were maintained confidentially. Wisk has failed to show that the putative secrets derive economic value from their secrecy; its declarations in support of that view are conclusory.

If Wisk had shown the putative trade secrets were protectible, its evidence of misappropriation is too equivocal to warrant a preliminary injunction:

1. The evidence of misappropriation for each putative trade secret asserted in Wisk's reply brief is insufficient. In brief:

    a. <u>Trade Secret No. 33</u>. Archer purchased this component from a third-party vendor who designed it and, in any event, the particular configuration that

        arguably suggests misappropriation appears to be common.

    b. <u>Trade Secret No. 38</u>. Wisk's disclosure claimed the entire system, yet its argument for misappropriation depends on only one element that appears to be common to use in this way on its own.

    c. <u>Trade Secret No. 29</u>. While there is an undeniable similarity between what is in the Maker and what Wisk claims as a trade secret, Archer purchased the component from a vendor and Wisk's cited evidence does not support its counterargument that Archer "gave [the vendor] the trade secret design."

    d. <u>Trade Secret No. 12</u>. There is no evidence that Muniz was instructed to "recreate" the secret, as Archer claims; in any event, there is no evidence that the tool used was *Wisk's*, as opposed to a tool that performed the same basic function.

    e. <u>Trade Secret No. 17</u>. There is no evidence that the secret used was Wisk's, as opposed to one that performed the same basic function—a function that would seem necessary for an eVTOL to operate.

    f. <u>Trade Secret Nos. 1–4</u>. There is no evidence that Wisk used these models to simulate an aircraft materially similar to the Maker. That said, Archer has not addressed Wisk's arguments about (1) unexplained assumptions in the spreadsheet and (2) the ratio being a predicted one.

    g. <u>Remaining Trade Secrets Referenced in Motion</u>. Wisk has abandoned its reliance on the trade secrets referenced in the motion but not the reply; in any event, all are based on the assumption that the timeline was too fast, but it does not follow that it was so because of Wisk's trade secrets.

2. Wisk's circumstantial evidence of misappropriation does not carry its burden. Some of the evidence—like Archer's founders' public statements or using the term "cora + tilt"—is simply not indicative of misappropriation. The other evidence *could* be, but all of it needs some independent indication that a particular trade secret was misappropriated. As one example, hiring former Wisk employees may bolster a case if there is evidence of

2

misappropriation, but it does not suffice on its own as a matter of law. As another example, Wisk's motion did not connect any asserted trade secret to Xue's downloads at all. Its reply tried to connect one, but otherwise the downloads themselves cannot show misappropriation.

3. There are some arguable indications of misappropriation, but given how equivocal the evidence is, Wisk is not entitled to the extraordinary remedy of an injunction. Because the merits are so uncertain, Wisk has also not adequately shown irreparable injury based on misappropriation. And the balance of hardships favors Archer because, without solid evidence of misappropriation, an injunction would gravely threaten its business. On the other hand, this case will go to trial long before either party goes to certification and market, so the hardship on Wisk is less.

Dated: July 21, 2021

William H. Orrick
United States District Judge