QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>ARCHER AVIATION INC.,<br><br>             Defendant. | CASE NO. 3:21-cv-02450-WHO<br><br>**WISK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO STRIKE AND DISMISS DEFENDANT'S COUNTERCLAIMS (1-4)**<br><br>[*[Proposed] Order Granting Motion to Strike and to Dismiss, Request for Judicial Notice, Declaration of Yury Kapgan, and [Proposed] Order Granting Request for Judicial Notice filed concurrently herewith*]<br><br>Hearing Date: September 1, 2021<br>Hearing Time: 2:00 p.m.<br>Hearing Location: Courtroom 2 |

# REQUEST FOR JUDICIAL NOTICE

**PLEASE TAKE NOTICE THAT** Plaintiff and Counterclaim Defendant Wisk Aero LLC ("Wisk") hereby requests that this Court take judicial notice of and/or consider under the doctrine of incorporation by reference the following materials, filed concurrently in connection with Wisk's Motion to Strike and to Dismiss Defendant and Counterclaimant's First, Second, Third and Fourth Counterclaims and Affirmative Defenses.

1. **Exhibit 1** to the Declaration of Yury Kapgan is a series of blog posts dated April 6, 2021 and May 19, 2021, available on Wisk's public webpage at https://wisk.aero/news/blog/040621-blog-post/.

2. **Exhibit 2** to the Declaration of Yury Kapgan is a press release dated April 6, 2021 from the website PR Newswire, available at https://www.prnewswire.com/news-releases/wisk-aero-sues-archer-aviation-for-theft-of-trade-secrets-and-patent-infringement-301263146.html.

3. **Exhibit 3** to the Declaration of Yury Kapgan is a publicly available article published in the *New York Times* on April 6, 2021 and available at https://www.nytimes.com/2021/04/06/business/wisk-archer-lawsuit.html.

4. **Exhibit 4** to the Declaration of Yury Kapgan is a publicly available article published in the *Silicon Valley Business Journal* on April 6, 2021 and available at https://www.bizjournals.com/sanjose/news/2021/04/06/archer-aviation-discloses-government-probe.html

5. **Exhibit 5** to the Declaration of Yury Kapgan is a Form 8-K disclosure from Atlas Crest Investment Corp., dated April 7, 2021 and filed with the SEC and made publicly available on the SEC's webpage at https://www.sec.gov/edgar/browse/?CIK=0001824502.

6. **Exhibit 6** to the Declaration of Yury Kapgan is an excerpted Form S-4/A disclosure from Atlas Crest Investment Corp., dated June 4, 2021 and filed with the SEC and made publicly available on the SEC's webpage at https://www.sec.gov/edgar/browse/?CIK=0001824502.

7. **Exhibit 7** to the Declaration of Yury Kapgan is an excerpted Form S-4/A disclosure from Atlas Crest Investment Corp., dated June 7, 2021 and filed with the SEC and made publicly available on the SEC's webpage at https://www.sec.gov/edgar/browse/?CIK=0001824502.

8. **Exhibit 8** to the Declaration of Yury Kapgan is an excerpted Form S-4/A disclosure from Atlas Crest Investment Corp., dated July 1, 2021 and filed with the SEC and made publicly available on the SEC's webpage at https://www.sec.gov/edgar/browse/?CIK=0001824502.

DATED: July 27, 2021                Respectfully submitted,

               QUINN EMANUEL URQUHART & SULLIVAN, LLP

               By   */s/ Yury Kapgan*
                 Yury Kapgan
                 Robert M. Schwartz
                 Michael T. Zeller
                 Patrick Schmidt
                 Michael LaFond

               Attorneys for Plaintiff Wisk Aero LLC

## I. LEGAL STANDARD

When ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted). A court may take judicial notice of relevant facts that are "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Separately, a court may consider materials the complaint relies upon under the judicially-created doctrine of incorporation by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

## II. ARGUMENT

The Court should consider the exhibits to the Declaration of Yury Kapgan when ruling on Wisk's Motion to Strike and to Dismiss for the following reasons:

**Exhibits 1 & 2: Wisk's Blog Posts and Press Release.** Exhibits 1 and 2 are two blog posts and a press release published on Wisk's webpage, announcing the filing of this lawsuit and Archer's disclosure of a federal investigation related to this lawsuit. These exhibits are the proper subject of judicial notice in ruling on a motion to dismiss because they were included as Exhibits 1 and 2 to Defendant Archer's Answer and Counterclaims (Dkt. 31), cited throughout those counterclaims and form "the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). They are also independently the proper subject of judicial notice because they are published on a publicly available website. *Rock the Vote v. Trump*, No. 20-CV-06021-WHO, 2020 WL 6342927, at *3 n.1 (N.D. Cal. Oct. 29, 2020); *see also In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1010 (N.D. Cal. 2020) (holding Facebook's blog post was "a publicly available document, available on a publicly accessible website, it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and it is thus subject to judicial notice") (citations omitted).

**Exhibits 3 & 4: Published News Articles Regarding This Litigation.** Exhibits 3 and 4 are news articles published in the *New York Times* and *Silicon Valley Business Journal* covering the filing of this lawsuit and Archer's disclosure of a federal investigation related to Wisk's allegations. These articles are the proper subject of judicial notice in ruling on the legal sufficiency of a defamation claim because they reflect what has been publicly reported about this lawsuit and the associated federal investigation as of April 6, 2021. *See In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 921 (N.D. Cal. 2020) (taking judicial notice of news articles to show what information was publicly available at that time); *Sgarlata v. PayPal Holdings*, Inc., No. 17-CV-06956-EMC, 2018 WL 6592771, at *6 (N.D. Cal. Dec. 13, 2018) (same). Wisk does not request that the Court accept the full contents of these articles as true, but only take judicial notice that the information disclosed therein was publicly available as of April 6, 2021. *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1207 n.2 (N.D. Cal. 2014) ("The Court may take judicial notice of [three newspaper articles] as indication of what was in the public realm, but not for the veracity of any arguments or facts contained within.").

**Exhibits 5, 6, 7 & 8: Atlas Crest Public SEC Filings.** Exhibits 5, 6, 7, and 8 are corporate disclosure forms filed by Atlas Crest Investment Corp. with the Securities and Exchange Commission. Each of these documents is the proper subject of judicial notice because they are public filings of record, contain information about Defendant and Counterclaimant Archer, and not subject to reasonable dispute under Rule 201(b). *See, e.g., In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004) (taking judicial notice of SEC filings); *Wynn v. Chanos*, 75 F.Supp.3d 1228, 1235, 2014 WL 7186981, *5 (N.D.Cal. Dec. 16, 2014) ("SEC forms such as a Form 8–K or Form 10–K are matters of public record and may be subject to judicial notice.") *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1031 (C.D. Cal. 2015) ("Courts can consider securities offerings and corporate disclosure documents that are publicly available."); *Paralyzed Veterans of Am. v. McPherson*, No. C 06–4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice").

## III. CONCLUSION

For the foregoing reasons, Wisk respectfully requests the Court consider these materials in connection with Wisk's Motion to Strike and to Dismiss Defendant and Counterclaimant's First, Second, Third, and Fourth Counterclaims.

DATED: July 27, 2021

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Yury Kapgan
   Yury Kapgan
   Robert M. Schwartz
   Michael T. Zeller
   Patrick Schmidt
   Michael LaFond

Attorneys for Plaintiff Wisk Aero LLC

5
Case No. 3:21-cv-02450-WHO
Plaintiff Wisk's Request for Judicial Notice