JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
JOSHUA H. LERNER, SBN 220755
jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone:    650.849.5300
Facsimile:     650.849.5333

ORIN SNYDER, *admitted pro hac vice*
osnyder@gibsondunn.com
DANIEL J. THOMASCH, *admitted pro hac vice*
dthomasch@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:    212.351.4000
Facsimile:     212.351.4035

WAYNE BARSKY, SBN 116731
wbarsky@gibsondunn.com
DIANA M. FEINSTEIN, *admitted pro hac vice*
dfeinstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
Telephone:    310.552.8500
Facsimile:     310.551.8741

Attorneys for Defendant
ARCHER AVIATION INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARCHER AVIATION INC.,<br><br>　　　　　　Defendant. | CASE NO. 3:21-CV-02450-WHO<br><br>**ARCHER'S MOTION TO STRIKE WISK'S REPLY TO ARCHER'S OPPOSITION TO WISK'S REQUEST TO SEAL ADDITIONAL PORTIONS OF DECLARATIONS OR FOR LEAVE TO RESPOND THERETO**<br><br>Hon. William H. Orrick |

Gibson, Dunn & Crutcher LLP

ARCHER'S MOTION TO STRIKE WISK'S REPLY TO ARCHER'S OPPOSITION TO WISK'S REQUEST TO SEAL ADDITIONAL PORTIONS OF DECLARATIONS OR FOR LEAVE TO RESPOND THERETO
CASE NO. 3:21-CV-02450-WHO

Pursuant to Civil Local Rule 7-11, Defendant Archer Aviation Inc. moves to strike Plaintiff Wisk Aero LLC's Reply (Dkt. 116) to Archer's Opposition (Dkt. 114) to Wisk's request that the Court seal certain portions of the declarations of Archer employees Diederik Marius and John Melack (Dkts. 98-17, 98-18, respectively).  In the alternative, Archer requests leave to file a brief response to Wisk's Reply.

Wisk's Reply was filed in clear violation of this District's Civil Local Rules.  Archer filed its Opposition (Dkt. 114) on July 27, 2021 pursuant to Civil Local Rule 7-11(b), consistent with the District's guidance that oppositions to sealing requests are governed by that rule.[1]  Civil Local Rule 7-11(c) provides, in turn, that a motion brought under Rule 7-11(b) "is deemed submitted for immediate determination without hearing on the day after the opposition due."  In other words, this District's rules "prohibit[] a Reply in Administrative Motions." *Morgenstein v. AT & T Mobility LLC*, No. 09-CV-3173, 2009 WL 3021177, at *3 (N.D. Cal. Sept. 17, 2009) (granting a L.R. 7-11 motion to strike a procedurally improper reply); *see also Jones v. Metro. Life Ins. Co.*, No. 08-CV-3971, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) ("[A] court may strike material from the docket … reflecting procedural impropriety or lack of compliance with court rules or orders.").

In an effort to avoid bringing this motion, Archer's counsel emailed Wisk's counsel explaining the procedural impropriety of Wisk's Reply, requesting that it be withdrawn, and offering to speak about the matter telephonically.  Feinstein Decl. ¶ 3.  In refusing Archer's request, Wisk betrayed a misunderstanding of this District's sealing procedures.  Namely, Wisk contended that Archer's Opposition (Dkt. 114) was "improper" and "untimely" because "any opposition [to a sealing request] is due four (4) days after the motion is filed."  Feinstein Decl. Ex. 1.  This position makes little sense in the current procedural context—Archer initially filed an administrative motion to seal portions of its sur-reply and its supporting documents that exclusively concerned ***Archer's*** confidential material.  Dkt. 100 at 1 (moving to seal *only* Archer's confidential material and "not [material] designated confidential by Wisk").  Four days later, Wisk filed its Civil Local Rule 79(e)(1) declaration (Dkt. 112)—not to dispute the sealing request made by Archer, *but to add*

---

[1] *See* E-Filing Under Seal in Civil Case, https://cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/e-filing-under-seal/ (last accessed Aug. 4, 2021).

1

ARCHER'S MOTION TO STRIKE WISK'S REPLY TO ARCHER'S OPPOSITION TO WISK'S REQUEST TO SEAL ADDITIONAL PORTIONS OF DECLARATIONS OR FOR LEAVE TO RESPOND THERETO
CASE NO. 3:21-CV-02450-WHO

Gibson, Dunn & Crutcher LLP

*to it* by claiming that certain portions of the Marius and Melack declarations contained Wisk confidential information that Wisk believes meets the sealing standard. Archer had no basis to anticipate Wisk's sealing request and could not have opposed Wisk's request at the time of Archer's initial motion because Wisk had not yet made that request. Archer's Opposition (Dkt. 114) was just that—it did not address Archer's original sealing request but rather opposed Wisk's new request. Under Wisk's reading of the sealing procedures, Archer was not entitled to have any opportunity to respond to Wisk's sealing request. That is incorrect.

While Archer's Opposition is procedurally proper,[2] Wisk's Reply is not. Wisk had the opportunity to make the requisite showing in the support of its request to seal additional portions of the Marius and Melack declarations in its Civil Local Rule 79-5(e) declaration (Dkt. 112), and the Rules do not allow Wisk any further filing to argue the same point a second time.

Out of respect for the rules, Archer has not addressed the substance of Wisk's improper Reply. However, if the Court is not inclined to strike Wisk's Reply, Archer requests leave to respond to Wisk's untimely arguments in a brief no longer than the Reply, which Archer would file as soon as possible.

Respectfully submitted,

DATED: August 6, 2021                    GIBSON, DUNN & CRUTCHER LLP

By: _____*/s/ Josh A. Krevitt*_____
               Josh A. Krevitt

*Attorneys for Defendant Archer Aviation Inc.*

---

[2] Even if Archer's Opposition were procedurally improper, as this very Motion makes clear, the proper response is to first seek a nonjudicial resolution of the dispute, and if that fails, bring a motion to strike. Instead, with no notice to Archer, Wisk's Reply responded to the substance of Archer's Opposition, prejudicing Archer with a bell that cannot be unrung.

2

ARCHER'S MOTION TO STRIKE WISK'S REPLY TO ARCHER'S OPPOSITION TO WISK'S REQUEST TO SEAL ADDITIONAL PORTIONS OF DECLARATIONS OR FOR LEAVE TO RESPOND THERETO
CASE NO. 3:21-CV-02450-WHO

Gibson, Dunn & Crutcher LLP