QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC, | CASE NO. 3:21-cv-02450-WHO |
| Plaintiff, | **PLAINTIFF WISK AERO LLC's ANSWER TO ARCHER AVIATION INC.'S FIRST AMENDED COUNTERCLAIMS** |
| vs. | |
| ARCHER AVIATION INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Wisk Aero LLC ("Wisk") submits this Answer to Defendant and Counterclaimant Archer Aviation Inc.'s ("Archer") First Amended Counterclaims, which begin on page 51 of its September 7, 2021 Answer to Wisk's First Amended Complaint (and which restart the paragraph numbering with a new paragraph 1).

## COUNTERCLAIMS

The first Paragraph of Archer's Counterclaims does not require a response.  To the extent a response is required, Wisk admits that Archer purports to allege Counterclaims against Wisk, but denies any remaining allegations contained in this Paragraph.  Wisk responds to each numbered paragraph of Archer's Counterclaims as follows:

## Introduction

1.      Wisk admits that it filed its initial Complaint in this action on April 6, 2021 alleging, among other things, that Archer misappropriated Wisk's trade secrets and infringed Wisk's patents. Wisk also admits that it filed a motion for a preliminary injunction on May 19, 2021.  Wisk denies any remaining allegations and characterizations in Paragraph 1.

2.      Wisk denies the allegations and characterizations in Paragraph 2.

3.      Wisk admits that its May 19, 2021 blog entry relating to this litigation referred to a "criminal investigation into Archer relating to the theft and use of Wisk's intellectual property" following Archer's own disclosure of such an investigation.  Archer had admitted that it "had placed an employee accused in the suit on paid leave 'in connection with a government investigation and a search warrant issued to the employee'" and that Archer "and three employees who had worked with the individual had been subpoenaed in that investigation and were cooperating with the authorities."  Moreover, Atlas Crest Investment Corp., the special-purpose acquisition company ("SPAC") that had announced plans to merge with Archer to take Archer public, disclosed in SEC filings that the grand jury subpoenas to Archer sought "documents and information about Archer's business, including its hiring practices and intellectual property, as well as documents and information relating to the employment of such employees at Wisk, including Wisk's intellectual property, business plans, and information relating to Wisk's aircraft design."  These statements confirm the existence of a "criminal investigation into Archer relating

to the theft and use of Wisk's intellectual property."  Wisk also admits that the blog entry referred to Archer's attempt "to gain a foothold in this industry without respecting the rules of fair competition" and referred to Archer's proposed aircraft design as a "copy" of Wisk's own designs. Wisk denies any remaining allegations and characterizations in Paragraph 3.

4.     Wisk admits that it filed a provisional patent application on January 31, 2020. Wisk admits that application discloses multiple embodiments of aircraft with tiltable rotor designs. Wisk denies any remaining allegations and characterizations in Paragraph 4.

5.     Wisk denies the allegations and characterizations in Paragraph 5.

6.     To the extent Paragraph 6 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 6.

### Parties

7.     Upon information and belief, Wisk admits the allegations contained in Paragraph 7.

8.     Wisk admits the allegations contained in Paragraph 8.

### Jurisdiction and Venue

9.     To the extent Paragraph 9 implicates legal conclusions, no response is required.  To the extent a response is required, Wisk admits that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and supplemental subject-matter jurisdiction pursuant to 28 U.S.C. § 1367(a).

10.     To the extent Paragraph 10 implicates legal conclusions, no response is required. To the extent a response is required, Wisk admits that it resides in this District and that venue is proper.  Wisk denies that it has committed or is committing any act complained of in the Counterclaims, and therefore denies the remaining allegations and characterizations contained in Paragraph 10.

11.     To the extent Paragraph 11 implicates legal conclusions, no response is required. To the extent a response is required, Wisk admits that this Court has personal jurisdiction over Wisk.  Wisk denies that it has committed or is committing any act complained of in the

1  Counterclaims, and therefore denies the remaining allegations and characterizations contained in

2  Paragraph 11.

3                                              **Factual Background**

4          12.     On information and belief, Wisk admits that Archer was founded by Brett Adcock

5  and Adam Goldstein.  Wisk lacks sufficient information to admit or deny the remaining

6  allegations and characterizations contained in Paragraph 12.

7          13.     Wisk lacks sufficient information to admit or deny the allegations and

8  characterizations of Paragraph 13 and, on that basis, Wisk denies those allegations and

9  characterizations.

10         14.     Wisk lacks sufficient information to admit or deny the allegations and

11 characterizations of Paragraph 14 and, on that basis, Wisk denies those allegations and

12 characterizations.

13         15.     Wisk lacks sufficient information to admit or deny the allegations and

14 characterizations of Paragraph 15 and, on that basis, Wisk denies those allegations and

15 characterizations.

16         16.     Wisk lacks sufficient information to admit or deny the allegations and

17 characterizations of Paragraph 16 and, on that basis, Wisk denies those allegations and

18 characterizations.

19         17.     Wisk lacks sufficient information to admit or deny the allegations and

20 characterizations of Paragraph 17 and, on that basis, Wisk denies those allegations and

21 characterizations.

22         18.     Paragraph 18 purports to characterize the contents of a presentation deck from

23 FlightHouse Engineering, LLC.  To the extent a response is required, Wisk refers to the

24 presentation deck itself for the complete and accurate contents thereof.  Wisk lacks sufficient

25 information to admit or deny the remaining allegations and characterizations of Paragraph 18 and,

26 on that basis, Wisk denies those allegations and characterizations.

27

28

19.     Wisk lacks sufficient information to admit or deny the allegations and characterizations of Paragraph 19 and, on that basis, Wisk denies those allegations and characterizations.

20.     On information and belief, Wisk admits that Tom Muniz joined Archer as its Vice President of Engineering.  Wisk lacks sufficient information to admit or deny the remaining allegations and characterizations of Paragraph 20 and, on that basis, Wisk denies those allegations and characterizations.

21.     On information and belief, Wisk admits that Geoff Bower joined Archer as its Chief Engineer.  Wisk lacks sufficient information to admit or deny the remaining allegations and characterizations of Paragraph 21 and, on that basis, Wisk denies those allegations and characterizations.

22.     Wisk lacks sufficient information to admit or deny the allegations and characterizations of Paragraph 22 and, on that basis, Wisk denies those allegations and characterizations.

23.     On information and belief, Wisk admits that Archer's *Maker* aircraft appears to incorporate a 12-tilt-6 design.  Wisk lacks sufficient information to admit or deny the remaining allegations and characterizations of Paragraph 23 and, on that basis, Wisk denies those allegations and characterizations.

24.     Wisk lacks sufficient information to admit or deny the allegations and characterizations of Paragraph 24 and, on that basis, Wisk denies those allegations and characterizations.

25.     Wisk lacks sufficient information to admit or deny the allegations and characterizations of Paragraph 25 and, on that basis, Wisk denies those allegations and characterizations.

26.     Wisk lacks sufficient information to admit or deny the allegations and characterizations of Paragraph 26 and, on that basis, Wisk denies those allegations and characterizations.

1          27.     Wisk lacks sufficient information to admit or deny the allegations and

2   characterizations of Paragraph 27 and, on that basis, Wisk denies those allegations and

3   characterizations.

4          28.     On information and belief, Wisk admits that Brett Adcock and Adam Goldstein met

5   with Geoff Long on December 9, 2019 in an unsuccessful attempt to recruit him to join Archer.

6   Wisk lacks sufficient information to admit or deny the remaining allegations and characterizations

7   of Paragraph 28 and, on that basis, Wisk denies those allegations and characterizations.

8          29.     Wisk admits that Adcock and Goldstein told Long they were working with Calder

9   Hughes on eVTOL designs including one with a fixed wing with two rotors tilting.  Wisk denies

10  any remaining allegations and characterizations in Paragraph 29.

11         30.     Wisk denies the allegations and characterizations in Paragraph 30.

12         31.     Wisk lacks sufficient information to admit or deny the allegations and

13  characterizations of Paragraph 31 and, on that basis, Wisk denies those allegations and

14  characterizations.

15         32.     The allegations and characterizations contained in Paragraph 32 include ambiguous

16  terms such as "Archer's plans for a 12-rotor tilting design," the intended scope of which is unclear,

17  and on that basis, Wisk denies those allegations.

18         33.     Wisk denies the allegations and characterizations in Paragraph 33.

19         34.     Wisk admits that it filed a provisional patent application on January 31, 2020.

20  Wisk admits that application discloses multiple embodiments of aircraft with tiltable rotor designs,

21  including a 12-tilt-6 design.  Wisk denies any remaining allegations and characterizations in

22  Paragraph 34.

23         35.     Wisk lacks sufficient information to admit or deny the allegations and

24  characterizations of Paragraph 35 and, on that basis, Wisk denies those allegations and

25  characterizations.

26         36.     Wisk lacks sufficient information to admit or deny the allegations and

27  characterizations of Paragraph 36 and, on that basis, Wisk denies those allegations and

28  characterizations.

37.     Paragraph 37 purports to characterize the contents of a January 2021 announcement in which Archer described an agreement with Fiat Chrysler.  To the extent a response is required, Wisk refers to the announcement itself for the complete and accurate contents thereof.  Wisk lacks sufficient information to admit or deny the remaining allegations and characterizations of Paragraph 37 and, on that basis, Wisk denies those allegations and characterizations.

38.     Paragraph 38 purports to characterize the contents of a February 10, 2021 announcement in which Archer described an agreement with Atlas Crest Investment Corp.  To the extent a response is required, Wisk refers to the announcement itself for the complete and accurate contents thereof.  Wisk lacks sufficient information to admit or deny the remaining allegations and characterizations of Paragraph 38 and, on that basis, Wisk denies those allegations and characterizations.

39.     Paragraph 39 purports to characterize the contents of a February 10, 2021 announcement in which Archer described an agreement with United Airlines, Inc.  To the extent a response is required, Wisk refers to the announcement itself for the complete and accurate contents thereof.  Wisk lacks sufficient information to admit or deny the remaining allegations and characterizations of Paragraph 39 and, on that basis, Wisk denies those allegations and characterizations.

40.     Paragraph 40 purports to characterize the contents of a February 10, 2021 announcement in which Archer released a mock-up of its proposed eVTOL aircraft design.  To the extent a response is required, Wisk refers to the announcement itself for the complete and accurate contents thereof.  Wisk admits Archer's proposed eVTOL aircraft design appears to include twelve rotors, six of which tilt.  Wisk lacks sufficient information to admit or deny the remaining allegations and characterizations of Paragraph 40 and, on that basis, Wisk denies those allegations and characterizations.

41.     Wisk admits that it filed its initial Complaint in this action on April 6, 2021 alleging, among other things, that Archer misappropriated Wisk's trade secrets and infringed Wisk's patents.  Wisk admits its initial Complaint referred to announcements by Archer of a plan to go public and of

an agreement with United Airlines.  Wisk denies the remaining allegations and characterizations in Paragraph 41.

42.  Wisk admits that its Complaint contains a design for an eVTOL aircraft depicted in its January 2020 patent application adjacent to Archer's disclosed design.  Wisk denies any remaining allegations and characterizations in Paragraph 42.

43.  To the extent Paragraph 43 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 43.  Wisk specifically denies that it has not pled plausible allegations of trade secret misappropriation against Archer, as the Court has already found.  *See* Dkt. No. 133 at 2 ("Archer's motions to dismiss and strike are denied because Wisk's disclosure and identification of its trade secrets are sufficient and it has plausibly alleged that Archer misappropriated at least some of them.").

44.  To the extent the allegations and characterizations of Paragraph 44 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 44.

45.  Wisk admits that it posted a blog entry on its website on April 6, 2021 summarizing the allegations of its initial Complaint.  Wisk admits that it issued a press release through PRNewswire and its website on the same day, which also summarized the allegations of its initial Complaint.  To the extent the remaining allegations and characterizations of Paragraph 45 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the remaining allegations and characterizations in Paragraph 45.

46.  Wisk admits that it posted an update to its April 6, 2021 blog entry on May 19, 2021 to acknowledge Archer and Atlas Crest's own public disclosures of a criminal investigation related to Wisk's trade secret claims and to confirm that Wisk was cooperating with that investigation.  Wisk denies the remaining allegations and characterizations in Paragraph 46.

47.  To the extent the allegations and characterizations of Paragraph 47 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 47.

48.     To the extent the allegations and characterizations of Paragraph 48 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 48.

49.     Paragraph 49 purports to characterize the contents of Wisk's April 6, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete and accurate contents thereof.  To the extent the remaining allegations and characterizations of Paragraph 49 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the remaining allegations and characterizations in Paragraph 49.  Wisk specifically denies that Archer "does not have an infringing device."

50.     Paragraph 50 purports to characterize the contents of Wisk's April 6, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete and accurate contents thereof.  To the extent the remaining allegations and characterizations of Paragraph 50 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the remaining allegations and characterizations in Paragraph 50.

51.     Paragraph 51 purports to characterize the contents of Wisk's April 6, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete and accurate contents thereof.  To the extent the remaining allegations and characterizations of Paragraph 51 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the remaining allegations and characterizations in Paragraph 51.

52.     To the extent the allegations and characterizations of Paragraph 52 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 52.

53.     Paragraph 53 purports to characterize the contents of Wisk's April 6, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete and accurate contents thereof.  To the extent the remaining allegations and characterizations of Paragraph 53 of the Counterclaims implicate legal conclusions, no response is required.  To the

1    extent a response is required, Wisk denies the remaining allegations and characterizations in

2    Paragraph 53.

3         54.     Paragraph 54 purports to characterize the contents of Wisk's April 6, 2021 blog

4    entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete

5    and accurate contents thereof.  To the extent the remaining allegations and characterizations of

6    Paragraph 54 of the Counterclaims implicate legal conclusions, no response is required.  To the

7    extent a response is required, Wisk denies the remaining allegations and characterizations in

8    Paragraph 54.

9         55.     Paragraph 55 purports to characterize the contents of Geoff Long's notes from a

10   meeting with Brett Adcock and Adam Goldstein.  To the extent a response is required, Wisk refers

11   to that document itself for the complete and accurate contents thereof.  Wisk denies any remaining

12   allegations and characterizations in Paragraph 55.

13        56.     To the extent the allegations and characterizations of Paragraph 56 of the

14   Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

15   required, Wisk denies the allegations and characterizations in Paragraph 56.

16        57.     Paragraph 57 purports to characterize the contents of Wisk's May 19, 2021 update

17   to its April 6, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry

18   itself for the complete and accurate contents thereof.  Wisk specifically denies that its

19   acknowledgment of Archer's own statements regarding a criminal investigation into Archer is or

20   was false.  Archer had by then already admitted that it "had placed an employee accused in the suit

21   on paid leave 'in connection with a government investigation and a search warrant issued to the

22   employee'" and that Archer "and three employees who had worked with the individual had been

23   subpoenaed in that investigation and were cooperating with the authorities."  Moreover, Atlas

24   Crest disclosed in its SEC filings that the grand jury subpoenas to Archer had sought "documents

25   and information about Archer's business, including its hiring practices and intellectual property, as

26   well as documents and information relating to the employment of such employees at Wisk,

27   including Wisk's intellectual property, business plans, and information relating to Wisk's aircraft

28

design." These statements confirm the existence of a "criminal investigation into Archer relating to the theft and use of Wisk's intellectual property."[1]

58.     To the extent the allegations and characterizations of Paragraph 58 of the Counterclaims implicate legal conclusions, no response is required. To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 58. Wisk specifically denies that its acknowledgment of Archer's own statements regarding a criminal investigation into Archer is or was false, as further set forth above.

59.     Wisk lacks sufficient information to admit or deny the allegations and characterizations of Paragraph 59 and, on that basis, Wisk denies those allegations and characterizations. Wisk specifically denies that its April 6, 2021 blog entry and press release or May 19, 2021 press release ever described Archer as having been the "target" of a criminal investigation.

60.     To the extent the allegations and characterizations of Paragraph 60 of the Counterclaims implicate legal conclusions, no response is required. To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 60.

61.     To the extent the allegations and characterizations of Paragraph 61 of the Counterclaims implicate legal conclusions, no response is required. To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 61.

62.     To the extent the allegations and characterizations of Paragraph 62 of the Counterclaims implicate legal conclusions, no response is required. To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 62. Wisk specifically denies that it has engaged any anticompetitive or tortious conduct toward Archer.

63.     To the extent the allegations and characterizations of Paragraph 63 of the Counterclaims implicate legal conclusions, no response is required. To the extent a response is

---

[1] Wisk respectfully disagrees with the Court's statement, in its September 14, 2021 Order, that "no one disputes" there was not a federal criminal investigation "'into' Archer." *See* Dkt. No. 146 at 21. Wisk does, in fact, dispute Archer's allegation that, at least as of the date of Wisk's May 19, 2021 blog post that is the subject of Archer's counterclaims, there was not a federal criminal investigation "into Archer."

1    required, Wisk denies the allegations and characterizations in Paragraph 63.  Wisk specifically

2    denies that it has engaged any anticompetitive or tortious conduct toward Archer.

3         64.    To the extent the allegations and characterizations of Paragraph 64 of the

4    Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

5    required, Wisk denies the allegations and characterizations in Paragraph 64.  Wisk specifically

6    denies that it has engaged any tortious or unlawful conduct toward Archer.

7                              **First Counterclaim**

8                    (Alleged Interference with Contractual Relations)

9         65.    Wisk incorporates by reference its responses to Paragraphs 1-64 of the

10   Counterclaims.

11        66.    Wisk lacks sufficient information to admit or deny the allegations and

12   characterizations contained in Paragraph 66 and, on that basis, Wisk denies those allegations and

13   characterizations.

14        67.    To the extent the allegations and characterizations of Paragraph 67 of the

15   Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

16   required, Wisk denies the allegations and characterizations in Paragraph 67.  Wisk specifically

17   denies that it has committed any act of tortious interference with contractual relations.

18        68.    To the extent the allegations and characterizations of Paragraph 68 of the

19   Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

20   required, Wisk denies the allegations and characterizations in Paragraph 68.  Wisk specifically

21   denies that it has committed any act of tortious interference with contractual relations.

22        69.    To the extent the allegations and characterizations of Paragraph 69 of the

23   Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

24   required, Wisk denies the allegations and characterizations in Paragraph 69.  Wisk specifically

25   denies that it has committed any act of tortious interference with contractual relations.

26        70.    To the extent the allegations and characterizations of Paragraph 70 of the

27   Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

28

1   required, Wisk denies the allegations and characterizations in Paragraph 70.  Wisk specifically

2   denies that it has committed any act of tortious interference with contractual relations.

3        71.     To the extent the allegations and characterizations of Paragraph 71 of the

4   Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

5   required, Wisk denies the allegations and characterizations in Paragraph 71.  Wisk specifically

6   denies that it has committed any act of tortious interference with contractual relations.

7                              **Second Counterclaim**

8                     (Alleged Interference with Prospective Economic Advantage)

9        72.     Wisk incorporates by reference its responses to Paragraphs 1-71 of the

10  Counterclaims.

11       73.     Wisk lacks sufficient information to admit or deny the allegations and

12  characterizations contained in Paragraph 73 and, on that basis, Wisk denies those allegations and

13  characterizations.

14       74.     To the extent the allegations and characterizations of Paragraph 74 of the

15  Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

16  required, Wisk denies the allegations and characterizations in Paragraph 74.  Wisk specifically

17  denies that it has committed any act of tortious interference with prospective economic advantage.

18       75.     To the extent the allegations and characterizations of Paragraph 75 of the

19  Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

20  required, Wisk denies the allegations and characterizations in Paragraph 75.  Wisk specifically

21  denies that it has committed any act of tortious interference with prospective economic advantage.

22       76.     To the extent the allegations and characterizations of Paragraph 76 of the

23  Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

24  required, Wisk denies the allegations and characterizations in Paragraph 76.  Wisk specifically

25  denies that it has described Archer as being the target or subject of a criminal investigation.  Wisk

26  specifically denies that it has committed any act of tortious interference with prospective

27  economic advantage.

28

77.     To the extent the allegations and characterizations of Paragraph 77 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 77.  Wisk specifically denies that it has committed any act of tortious interference with prospective economic advantage.

78.     To the extent the allegations and characterizations of Paragraph 78 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 78.  Wisk specifically denies that it has committed any act of tortious interference with prospective economic advantage.

## **Third Counterclaim**

### (Alleged Defamation)

79.     Wisk incorporates by reference its responses to Paragraphs 1-78 of the Counterclaims.

80.     Paragraph 80 purports to characterize the contents of Wisk's April 6, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete and accurate contents thereof.

81.     To the extent the allegations and characterizations of Paragraph 81 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 81.  Wisk specifically denies that it has made any defamatory statement regarding Archer.

82.     Paragraph 82 purports to characterize the contents of Wisk's April 6, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete and accurate contents thereof.

83.     To the extent the allegations and characterizations of Paragraph 83 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 83.  Wisk specifically denies that it has made any defamatory statement regarding Archer.

84.     Paragraph 84 purports to characterize the contents of Wisk's April 6, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete and accurate contents thereof.

85.     To the extent the allegations and characterizations of Paragraph 85 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 85.  Wisk specifically denies that it has made any defamatory statement regarding Archer.

86.     Paragraph 86 purports to characterize the contents of Wisk's April 6, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete and accurate contents thereof.

87.     To the extent the allegations and characterizations of Paragraph 87 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 87.  Wisk specifically denies that it has made any defamatory statement regarding Archer.

88.     Paragraph 88 purports to characterize the contents of Wisk's May 19, 2021 blog entry.  To the extent a response is required, Wisk refers to the blog entry itself for the complete and accurate contents thereof.

89.     To the extent the allegations and characterizations of Paragraph 89 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 89.  Wisk specifically denies that it has made any defamatory statement regarding Archer.

90.     To the extent the allegations and characterizations of Paragraph 90 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 90.  Wisk specifically denies that it has made any defamatory statement regarding Archer.

91.     To the extent the allegations and characterizations of Paragraph 91 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

1  required, Wisk denies the allegations and characterizations in Paragraph 91.  Wisk specifically

2  denies that it has made any defamatory statement regarding Archer.

3  **Fourth Counterclaim**

4  (Alleged Unfair Competition—Calif. Business & Professions Code § 17200)

5  92.       Wisk incorporates by reference its responses to Paragraphs 1-91 of the

6  Counterclaims.

7  93.       To the extent the allegations and characterizations of Paragraph 93 of the

8  Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

9  required, Wisk denies the allegations and characterizations in Paragraph 93.  Wisk specifically

10  denies that engaged in any act of unfair competition regarding Archer.

11  94.       To the extent the allegations and characterizations of Paragraph 94 of the

12  Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

13  required, Wisk denies the allegations and characterizations in Paragraph 94.  Wisk specifically

14  denies that it has committed any act of tortious interference with contractual relations, tortious

15  interference with prospective economic advantage, or has engaged in any act of unfair competition

16  regarding Archer.

17  95.       To the extent the allegations and characterizations of Paragraph 95 of the

18  Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

19  required, Wisk denies the allegations and characterizations in Paragraph 95.  Wisk specifically

20  denies that it has committed any act of tortious interference with contractual relations, tortious

21  interference with prospective economic advantage, or has engaged in any act of unfair competition

22  regarding Archer.

23  96.       To the extent the allegations and characterizations of Paragraph 96 of the

24  Counterclaims implicate legal conclusions, no response is required.  To the extent a response is

25  required, Wisk denies the allegations and characterizations in Paragraph 96.  Wisk specifically

26  denies that it has committed any act of tortious interference with contractual relations, tortious

27  interference with prospective economic advantage, or has engaged in any act of unfair competition

28  regarding Archer.

97.     To the extent the allegations and characterizations of Paragraph 97 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 97.  Wisk specifically denies that it has committed any act of tortious interference with contractual relations, tortious interference with prospective economic advantage, or has engaged in any act of unfair competition regarding Archer.

98.     To the extent the allegations and characterizations of Paragraph 98 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk denies the allegations and characterizations in Paragraph 98.  Wisk specifically denies that it has committed any act of tortious interference with contractual relations, tortious interference with prospective economic advantage, or has engaged in any act of unfair competition regarding Archer.

## **Fifth Counterclaim**

(Declaratory Judgment of Alleged Noninfringement and Invalidity of the '036 Patent)

99.     Wisk incorporates by reference its responses to Paragraphs 1-98 of the Counterclaims.

100.    To the extent the allegations and characterizations of Paragraph 100 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that Archer has infringed and is infringing the '036 Patent.  Wisk denies any remaining allegations and characterizations in Paragraph 100.

101.    To the extent the allegations and characterizations of Paragraph 101 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that Archer has infringed and is infringing the '036 Patent.  Wisk denies any remaining allegations and characterizations in Paragraph 101.

102.    Wisk denies the allegations and characterizations of Paragraph 102.

103.    To the extent the allegations and characterizations of Paragraph 103 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that a judicial declaration that Archer has infringed and is infringing the

'036 Patent is appropriate.  Wisk denies any remaining allegations and characterizations in Paragraph 103.

104.     Wisk denies the allegations and characterizations of Paragraph 104.

105.     To the extent the allegations and characterizations of Paragraph 105 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk specifically admits that Archer has infringed and is infringing the '036 Patent and denies that any claim of the '036 Patent is invalid.

106.     To the extent the allegations and characterizations of Paragraph 106 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk specifically admits that Archer has infringed and is infringing the '036 Patent and denies that any claim of the '036 Patent is invalid.

### Sixth Counterclaim

(Declaratory Judgment of Alleged Noninfringement and Invalidity of the '833 Patent)

107.     Wisk incorporates by reference its responses to Paragraphs 1-106 of the Counterclaims.

108.     To the extent the allegations and characterizations of Paragraph 108 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that Archer has infringed and is infringing the '833 Patent.  Wisk denies any remaining allegations and characterizations in Paragraph 108.

109.     To the extent the allegations and characterizations of Paragraph 109 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that Archer has infringed and is infringing the '833 Patent.  Wisk denies any remaining allegations and characterizations in Paragraph 109.

110.     Wisk denies the allegations and characterizations of Paragraph 110.

111.     To the extent the allegations and characterizations of Paragraph 111 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that a judicial declaration that Archer has infringed and is infringing the

'833 Patent is appropriate.  Wisk denies any remaining allegations and characterizations in Paragraph 111.

112.     Wisk denies the allegations and characterizations of Paragraph 112.

113.     To the extent the allegations and characterizations of Paragraph 113 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk specifically admits that Archer has infringed and is infringing the '833 Patent and denies that any claim of the '833 Patent is invalid.

114.     To the extent the allegations and characterizations of Paragraph 114 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk specifically admits that Archer has infringed and is infringing the '833 Patent and denies that any claim of the '833 Patent is invalid.

<strong><u>Seventh Counterclaim</u></strong>

(Declaratory Judgment of Alleged Noninfringement and Invalidity of the '033 Patent)

115.     Wisk incorporates by reference its responses to Paragraphs 1-114 of the Counterclaims.

116.     To the extent the allegations and characterizations of Paragraph 116 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that Archer has infringed and is infringing the '033 Patent.  Wisk denies any remaining allegations and characterizations in Paragraph 116.

117.     To the extent the allegations and characterizations of Paragraph 117 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that Archer has infringed and is infringing the '033 Patent.  Wisk denies any remaining allegations and characterizations in Paragraph 117.

118.     Wisk denies the allegations and characterizations of Paragraph 118.

119.     To the extent the allegations and characterizations of Paragraph 119 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that a judicial declaration that Archer has infringed and is infringing the

'033 Patent is appropriate.  Wisk denies any remaining allegations and characterizations in Paragraph 119.

120.     Wisk denies the allegations and characterizations of Paragraph 120.

121.     To the extent the allegations and characterizations of Paragraph 121 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk specifically admits that Archer has infringed and is infringing the '033 Patent and denies that any claim of the '033 Patent is invalid.

122.     To the extent the allegations and characterizations of Paragraph 122 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk specifically admits that Archer has infringed and is infringing the '033 Patent and denies that any claim of the '033 Patent is invalid.

**Eighth Counterclaim**

(Declaratory Judgment of Alleged Noninfringement and Invalidity of the '328 Patent)

123.     Wisk incorporates by reference its responses to Paragraphs 1-122 of the Counterclaims.

124.     To the extent the allegations and characterizations of Paragraph 124 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that Archer has infringed and is infringing the '328 Patent.  Wisk denies any remaining allegations and characterizations in Paragraph 124.

125.     To the extent the allegations and characterizations of Paragraph 125 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that Archer has infringed and is infringing the '328 Patent.  Wisk denies any remaining allegations and characterizations in Paragraph 125.

126.     Wisk denies the allegations and characterizations of Paragraph 126.

127.     To the extent the allegations and characterizations of Paragraph 127 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk admits that a judicial declaration that Archer has infringed and is infringing the

'328 Patent is appropriate.  Wisk denies any remaining allegations and characterizations in Paragraph 127.

128.     Wisk denies the allegations and characterizations of Paragraph 128.

129.     To the extent the allegations and characterizations of Paragraph 129 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk specifically admits that Archer has infringed and is infringing the '328 Patent and denies that any claim of the '328 Patent is invalid.

130.     To the extent the allegations and characterizations of Paragraph 130 of the Counterclaims implicate legal conclusions, no response is required.  To the extent a response is required, Wisk specifically admits that Archer has infringed and is infringing the '328 Patent and denies that any claim of the '328 Patent is invalid.

**DEMAND FOR JURY TRIAL**

131.     Wisk demands a jury a trial.

**PRAYER FOR RELIEF**

132.     Wisk denies all allegations contained in the section entitled "Prayer for Relief," and further denies that any relief should be granted to Archer whatsoever.

**AFFIRMATIVE DEFENSES**

133.     Wisk asserts the following affirmative defenses, without assuming the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Archer.  In addition to the affirmative defenses described below, Wisk reserves all rights to assert additional affirmative defenses as additional information becomes available.  Wisk reserves the right to seek leave to amend its Answer to plead additional defenses and counterclaims and/or to supplement its existing defenses if information developed through discovery, trial, or otherwise, merits such additional defenses, counterclaims, or supplementation.  Pursuant to Federal Rule of Civil Procedure 8(c), Wisk, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

**First Affirmative Defense**

**Truth**

134.     Although Archer bears the burden of establishing the falsity of the statements on which it has based its Counterclaims, if and to the extent that is not the case, Archer's claims for relief are barred, in whole or in part, because the information communicated to third parties about which Archer complains was true.

**Second Affirmative Defense**

**Consent**

135.     Archer's claims for relief are barred, in whole or in part, because Archer ratified, agreed, acquiesced, or consented to the contents of Wisk's communications to third parties about which it now complains, including by making statements concerning the existence of a criminal investigation into Archer relating to the theft and use of Wisk's intellectual property.

**Third Affirmative Defense**

**Privilege to Protect Own Financial Interest**

136.     Archer's claims for relief are barred, in whole or in part, because Wisk's actions and statements were justified by its financial interest in the development and commercialization of eVTOL aircraft and because Wisk used appropriate and legitimate means to protect its intellectual property rights.

**Fourth Affirmative Defense**

**Fair Competition**

137.     Archer's claims for relief are barred, in whole or in part, because Wisk's actions and statements were privileged as acts of fair competition for resources in the eVTOL aircraft industry and because Wisk used appropriate and legitimate means to protect its intellectual property rights.

## Fifth Affirmative Defense

### Unclean Hands

138.    Archer's claims for relief are barred, in whole or in part, under the doctrine of unclean hands.  Archer's misappropriation of Wisk's trade secrets and infringement of Wisk's patents preclude it from obtaining equitable relief.

### Sixth Affirmative Defense

### Failure to Mitigate

139.    To the extent Archer has suffered any damages, Archer has failed to take reasonable steps to mitigate such damages.  Archer has failed to mitigate any reputational or financial harm related to this litigation or statements about this litigation by continuing to misappropriate Wisk's trade secrets and infringe Wisk's patents.

## Seventh Affirmative Defense

### Estoppel

140.    Archer's claims for relief are barred, in whole or in part, by the doctrine of estoppel.  Archer has misappropriated Wisk's trade secrets, infringed Wisk's patents, and made statements concerning the existence of a criminal investigation into Archer relating to the theft and use of Wisk's intellectual property.  Archer is estopped from complaining about Wisk's truthful statements about these actions.

## Eighth Affirmative Defense

### Litigation Privilege

141.    Archer's claims for relief are barred, in whole or in part, by the litigation privilege of California Civil Code Section 47(b) to the extent they are premised on actions or communications made in or related to judicial proceedings.

## Ninth Affirmative Defense

### Fair and Truthful Reporting Privilege

142.    Archer's claims for relief are barred, in whole or in part, by the fair and truthful reporting privilege of California Civil Code Section 47(d) to the extent they are premised on communications accurately reporting judicial proceedings in this action.

## **Tenth Affirmative Defense**

### ***Noerr-Pennington* Immunity**

143.    Archer's claims for relief are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent they are premised on conduct incidental to this action, including statements about this action.

DATED:  September 28, 2021                 Respectfully submitted,

                                            QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                            By  */s/ Yury Kapgan*
                                                Yury Kapgan
                                                Robert M. Schwartz
                                                Michael T. Zeller
                                                Diane Cafferata
                                                Patrick Schmidt
                                                Michael LaFond

                                            Attorneys for Plaintiff Wisk Aero LLC