UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WISK AERO LLC,

        Plaintiff,

    v.

ARCHER AVIATION INC.,

        Defendant.

Case No. 3:21-cv-02450-WHO

**ORDER ON DISCOVERY DISPUTE**

Re: Dkt. No. 151

    Every day, judges in this courthouse and across the country dedicate scarce resources (provided by taxpayers) to deciding disputes of great importance to peoples' lives. Petitions to be released from incarceration or immigration detention. Benefits that are a person's only source of income. Prison time. Infringement of constitutional and civil rights. And in many of these cases—cases with dramatic stakes and strong feelings—parties and their counsel manage not to bring avoidable, trivial disputes to the court.

    Wisk and Archer's case is important too; I have devoted and will continue to devote substantial time, energy, and focus to it. But the parties need to get perspective. That we have, so soon in the life of this case, reached a point where an absurd dispute like this has been filed—and the flurry of unnecessary filings that preceded it—is disappointing and reflects poorly on both parties' counsel.

    I will rule on the dispute at Dkt. No. 151 (rather than Judge Ryu) because it is related to the pending motions to seal that I will decide in a forthcoming order. The dispute is essentially whether parties (at the moment, Archer) (1) may oppose motions to seal without first challenging confidentiality designations under the protective order and (2) may oppose motions to seal that it itself was compelled to file by the Local Rules.

On the first issue, a party need not challenge a designation under the protective order to oppose a motion to file under seal. The former governs how the parties interact in discovery; the latter governs what may be filed under seal on the court's docket. No rule makes the first a prerequisite for the second. *Cf. In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2012 WL 13070997, at *2 (N.D. Cal. Sept. 14, 2012) ("[T]he issue presently before the Court is not whether these documents have been properly designated as confidential pursuant to the protective order. Instead, the issue is whether the Court should grant leave to file the documents under seal instead of in the public record, which is governed by separate standards and requirements.").

On the second dispute, a party may oppose motions to seal that it has filed when those motions are based on its obligation to seek to seal others' information. Under the Local Rules, parties are obligated to move to seal their own filings based on other parties' designations. Civ. L.R. 79-5(e). Parties also may oppose motions to seal. Civ. L.R. 7-11(b). The interplay of these rules means that, sometimes, a party may want to oppose a motion that it itself technically filed. The Rules do not have a provision governing this specific situation, but that does not mean that it is not permitted—its absence is almost certainly due to it being unforeseen. Reading the Rules to bar a moving party from opposing compelled motions to seal would prejudice it for the technical reason that it was compelled to file a motion that it does not necessarily agree with. *See In re NCAA*, 2012 WL 13070997, at *2 ("Because [the moving parties] were required to file the motion to seal documents designated as confidential by the NCAA, without first learning the NCAA's contentions as to why these documents should be filed under seal, they had no opportunity to respond thereto, prior to the filing of the response at issue. Accordingly, the Court DENIES the NCAA's motion to strike [and accepts the moving parties' opposition].").

In any event, the rule governing this case will be that, if a party wishes to oppose its own motion filed under Civil Local Rule 79-5(e), it must so state in the *initial* motion with its grounds for opposition. If, in an extremely rare case, the supporting declaration includes a ground for sealing that could not have been anticipated, the moving party will have four days to file an opposition.

Finally, it appears that Archer does not believe it has to meet and confer before making these filings.  Regardless of what any protective order says, I agree with Wisk that meeting and conferring on these matters is more than warranted.  I ORDER that counsel for both parties hold a good-faith meet-and-confer in person or by video conferencing prior to either party filing <u>any</u> motion to seal, declaration in support of the other's motion to seal, or opposition to the motion to seal to determine whether it is truly necessary.  At this meeting, the parties should work hard to minimize the number of disputes that they will bring to the court.  I am about to rule on the many pending motions to seal, which will help provide guidance on what may properly be sealed.  Each motion, declaration, or opposition shall be accompanied by a sworn declaration from both counsel that the meet-and-confer occurred and that states how much time during that meeting was spent discussing the sealing dispute.

**IT IS SO ORDERED.**

Dated: September 30, 2021



William H. Orrick
United States District Judge