UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ARCHER AVIATION INC.,<br><br>        Defendant. | Case No. 3:21-cv-02450-WHO<br><br>**TENTATIVE RULINGS AND HEARING PROCEDURE** |

At the hearing on March 4, each side will have 45 minutes to address whatever issues they wish, beginning with Wisk selecting an issue and Archer responding, then vice versa.

I am tentatively inclined to grant Archer's motion for judgment on the pleadings that the '099 and '441 Patents are invalid under *Alice*.

My tentative claim constructions of the remaining terms are:

| Term | Wisk's Construction | Archer's Construction | Court's Construction |
|---|---|---|---|
| **lift rotors** | "rotors configured to provide lift" | "rotor installed only for vertical thrust" | "rotors configured to provide lift" |
| **battery sub-module** | "a component of a battery system, that includes a battery management system and a switch" | "a container of two or more cells that is a sub-part of a module, which in turn may be combined with other modules to make up a battery pack" | "a component of a battery system that includes one or more cells, a battery management system, and a switch" |
| **discharge-related fault** | Plain and ordinary meaning | "a fault related to discharge of the battery sub-module (as opposed to temperature or voltage)" | Plain and ordinary meaning |

I am interested in the parties' answers to the following questions:

1. For Wisk: Wisk seeks leave to amend if the motion for judgment on the pleadings is granted. What *specific allegations* could Wisk make that would prevent a finding of invalidity?
2. For Archer: On the "battery sub-module" term, what components are performing the recited functions (such as collecting metrics and connecting or disconnecting) if not a BMS and switch in the battery sub-module?
3. For Wisk: Is there any objection to adding the "one or more cells" language to the "battery sub-module" term as proposed above?
4. For both parties, but especially Wisk: Wisk's expert appears to opine that something can be a discharge-related fault solely if it is *detected during* discharge. It seems that there could be a difference between the fault *occurring* during discharge (even if it has other causes) and being *detected* during discharge—the former might be "discharge-related" in a way the latter is not. Does Wisk believe that a fault is discharge-related merely by being *detected during* discharge and, if so, why? What is Archer's position on this issue if I adopt Wisk's proposed construction of the term as having its plain and ordinary meaning?

Dated: March 4, 2022



William H. Orrick
United States District Judge