GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt, SBN 208552
  jkrevitt@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

Orin Snyder, admitted *pro hac vice*
  osnyder@gibsondunn.com
Daniel J. Thomasch, admitted *pro hac vice*
  dthomasch@gibsondunn.com
Paul Torchia, admitted *pro hac vice*
  ptorchia@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Michael H. Dore, SBN 227442
  mdore@gibsondunn.com
Diana M. Feinstein, admitted *pro hac vice*
  dfeinstein@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
Telephone: 310.552.8500
Facsimile: 310.551.8741

Attorneys for Defendant and Counterclaimant Archer Aviation Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>ARCHER AVIATION INC.,<br><br>                Defendant. | CASE NO. 3:21-CV-02450-WHO<br><br>**DECLARATION OF KORY HINES IN SUPPORT OF WISK'S MOTION TO CONSIDER WHETHER ARCHER'S MATERIAL SHOULD BE SEALED**<br><br>Hon. William H. Orrick |

I, Kory Hines, declare and state as follows:

1. I am an attorney admitted *pro hac vice* to practice law before this Court and duly licensed to practice law in the State of New York. I am an associate with the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for Archer Aviation Inc. ("Archer") in the above-captioned action.

2. I make this declaration pursuant to Civil Local Rule 79-5 in support of Wisk's Administrative Motion to Consider Whether Archer's Material Should Be Sealed. Dkt. 262. I have personal, firsthand knowledge of the facts stated below and, if called upon to do so, could and would competently testify thereto.

3. I have reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal.

4. I have reviewed and complied with Judge Ryu's Standing Order (¶ 11).

5. I have reviewed and complied with Civil Local Rule 79-5, other than the fact that this declaration is being filed one day later than set forth in Civil Local Rule 79-5(f)(3). I regret the error.

6. I have reviewed and complied with the Court's Order on Motions to Seal (Dkt. 162).

7. Before the sealing motion in question was filed (Dkt. 262), I participated in a meet and confer with counsel for Wisk, Archer, and the Non-Parties identified in the joint letter brief (Dkt. 260) to which the documents discussed below were attached. The discussion of sealing issues lasted approximately 45 minutes, and there are no sealing disputes.

8. I make this declaration pursuant to Civil Local Rule 79-5(f)(3) as an attorney for the "Designating Party," as that term is used in that rule.

9. I have reviewed the documents identified in the table below. Based on my review of those documents, I understand that the material discussed therein may properly be sealed because they contain or relate to information that is commercially sensitive to Archer and, in one of the documents, a third party, MAGicALL, Inc.

10. As shown in the table below, Wisk has filed under seal two documents designated highly confidential by Archer. Archer's request to seal is narrowly tailored to those portions that merit sealing.

| Document | Portions to Be Sealed | Basis for Sealing |
|---|---|---|
| Ex. D to the Decl. of Jake Todd (Dkt. 260-5) | Entire document | This document discusses and discloses business information that is commercially sensitive to Archer related to its motor performance requirements. Both Archer and third party MAGicALL have produced this document in the litigation and both parties have designated this document as Highly Confidential – Attorneys' Eyes Only, although the copy Wisk appended to the Declaration of Jake Todd reflects only MAGicALL's designation. |
| Ex. 2 to Decl. of Diederik Marius (Dkt. 260-18 at p. 37) | Green highlighted portion | This portion of deposition testimony discusses and discloses certain Archer commercially sensitive business information related to the design and development of a motor for Archer's aircraft. |

11. Under Ninth Circuit law, a district court may seal information submitted with a non-dispositive motion upon a showing of "good cause."[1] *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "The good cause standard requires a particularized showing that specific prejudice or harm will result if the information is disclosed." *Phoenix Techs. Ltd. v. VMware, Inc.*, 2016 WL 11678164, at *1 (N.D. Cal. Dec. 6, 2016) (quotation marks omitted). Sealing is appropriate when the information at issue consists of "confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information" (citation omitted)); *see also France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-CV-4967-WHO, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014). This Court, in particular, has recognized that information concerning "specific corporate decisions" and technical details of products may be sealed. Order on Admin. Mots. to Seal, *Contour IP*

---

[1] Archer provides this "specific statement of the applicable legal standard" pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1).

*Holding, LLC v. GoPro, Inc.*, No. 17-CV-4738-WHO, at *3–4 (N.D. Cal. Oct. 26, 2020) (Dkt. 468) (granting in part a motion to seal information "properly classified as confidential or proprietary technical information about the parties' (or other companies') products").

12. I recognize information contained in these materials to include Archer's commercially sensitive information related to the design and development of a motor for Archer's aircraft.

13. Archer maintains this information as highly confidential and does not share it publicly. Access to this highly confidential information is limited to specific personnel within Archer. If such information were made public, Archer's competitors would gain access to nonpublic details about Archer's motor performance requirements. Public disclosure of this information would significantly harm Archer's competitive standing and economic advantage. If Archer is not able to protect this information, it will lose its value.

14. Archer engages in significant efforts to preserve the confidentiality of its proprietary, commercially sensitive, and confidential information, including the Archer information contained in the above-described documents. Archer does not disseminate indiscriminately its proprietary, commercially sensitive, and confidential information. As reflected in one of the documents sought to be sealed (Dkt. 260-5), Archer requires third parties to whom disclosure of information is necessary to sign nondisclosure agreements protecting proprietary, commercially sensitive, and confidential information, including Archer information reflected in the above-described documents.

15. Archer respectfully requests that the Court seal the two documents at issue as set forth in the table above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of May 2022, in New York, New York.

By: _____K. Hines_____
       Kory Hines