UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARCHER AVIATION INC.,<br><br>　　　　Defendant. | Case No. 21-cv-02450-WHO  (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 246 |

The parties filed a joint discovery letter in which Defendant Archer Aviation Inc. ("Archer") moves to compel Plaintiff Wisk Aero LLC ("Wisk") to provide further responses to two interrogatories. [Docket No. 246.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Archer's motion is granted.

**I.   BACKGROUND**

Wisk sued Archer in April 2021 alleging claims for misappropriation of trade secrets and patent infringement. The parties "are competitors in the budding electronic vertical takeoff and landing ('eVTOL') aircraft industry—products sometimes called 'air taxis.'" [Docket No. 133 (Aug. 24, 2021 Order on Prelim. Inj.) 1.] Wisk has been developing eVTOL vehicles for over ten years and is currently developing its sixth-generation aircraft. [Docket No. 148 (Second Amended Complaint, SAC) ¶ 2.]

In February 2021, Archer announced that it would release its own eVTOL aircraft, the "Maker." SAC ¶ 4. Wisk alleges that Archer's design for the Maker "appeared to be a copy of a potential design that Wisk had developed for its next-generation aircraft and submitted in a confidential patent application" in January 2020 to the U.S. Patent and Trademark Office. *Id*. The SAC includes the following side-by-side comparison of the companies' designs:

| Wisk (January 2020 Patent Application) | Archer Investor Deck 2021 |
|---|---|
| | |
| | |

SAC ¶ 4.

Wisk alleges that Archer's design for the Maker infringes several of its patents, and that "Archer's aircraft design bears such a striking resemblance" to Wisk's design that it "could not have been a coincidence," given Archer's recent recruitment of ten of Wisk's engineers. *Id*. at ¶¶ 5-6.

Wisk filed a motion for a preliminary injunction and expedited discovery in May 2021, arguing in part that it was likely to succeed on its claims for misappropriation of trade secrets because 1) it "possesses valuable trade secrets"; 2) "Archer misappropriated Wisk's trade secrets"; and 3) "Archer's [aircraft] design directly reflects [the] use of certain trade secrets." [Docket Nos. 16 (P.I. Mot.) 11-21.] As to the third point, Wisk argued that the "outward similarity" between the aircraft it disclosed in its confidential patent application and the aircraft Archer revealed in 2021, "as well as other key disclosures in Archer's investor materials and on its website, reflect the use of specific trade secrets." *Id*. at 17. Wisk then listed 19 trade secrets that it argued Archer had misappropriated. *Id*. at 17-21 (discussing trade secrets at issue). The Honorable William H. Orrick granted the parties leave to conduct early discovery and set a briefing schedule on the motion. [*See* Docket Nos. 28, 37.]

On July 22, 2021, following a hearing, Judge Orrick denied the motion for preliminary injunction on the ground that "Wisk has not shown a likelihood of success on the merits that

[Archer] has misappropriated its particular asserted trade secrets." [Docket Nos. 109, 110.] He subsequently issued a written order. [Docket No. 134 (Aug. 24, 2021 Order).] The order discusses each of the nine trade secrets ultimately identified by Wisk, including several that it had not raised in its opening brief. *Id*. at 27-39.

Judge Orrick also addressed Wisk's "contention that the Maker is a 'copy' of [Wisk's] 12-rotor design in its patent application." *Id*. at 39. Here, he noted that "Wisk's Motion relied heavily on the apparent visual similarity between the aircraft in Wisk's January 2020 Patent Application and the Maker," but that "[t]his argument [was] entirely absent from Wisk's Reply." *Id*. at 43. He continued:

> Despite Wisk's heavy reliance . . . Wisk never explained how anything about the similarity actually related to any asserted trade secret. **If there were, for instance, something about the basic visual design that *inherently required* the use of a trade secret, using that design would be indicative of misappropriation.** But Wisk would need to draw some nexus between the visual similarity and a trade secret. There is no evidence that using twelve rotors in that configuration is a secret—to the contrary, the publicly revealed Cora [Wisk's sixth generation aircraft] did so—or that the feature of tilting a rotor is a secret.

*Id*. at 43 (italics in original; bold added). Ultimately, after considering the direct and circumstantial evidence of misappropriation, Judge Orrick concluded that the evidence did not establish Wisk's likelihood of success on its claim that Archer had misappropriated the nine trade secrets identified by Wisk in its motion. *Id*. at 44-46.

## II.  DISCUSSION

The two interrogatories at issue here are directed to Wisk's assertion about visual similarities between the Maker and Wisk's design. They are rooted in Judge Orrick's statement about the same, set forth above. Interrogatory No. 14 asks:

> Does Wisk contend that any visual similarities between [Archer's aircraft] the Maker and the figure excerpted from Wisk's 2020 provisional patent application and depicted in a side-by-side illustration on page 3 of the Complaint (and on the same page of the First Amended Complaint and the Second Amended Complaint) *inherently required Archer to use one or more of Wisk's alleged Trade Secrets*?

Interrogatory No. 15 asks:

> If the answer to Interrogatory No. 14 is other than an unqualified "No," then: (i) identify separately, by the Trade Secret, each and every Trade Secret that Wisk contends was inherently required to be used by virtue of the visual similarities; and (ii) provide the factual basis for each such contention.

Jt. Letter Ex. 1 at 4, 9 (emphasis added).

According to Archer, Judge Orrick suggested that visual similarities between the aircraft could be relevant to the misappropriation of trade secrets claim if, for example, the basic visual design inherently required the use of a trade secret. Archer explains that it propounded these interrogatories in order to determine whether Wisk is making such a contention. It argues that it needs responses to the interrogatories "to understand Wisk's position and focus Archer's defense on disproving any alleged relationship between the visual similarities of non-trade secret features and the alleged trade secrets at issue." Jt. Letter 1, 2. Archer argues that No. 14 seeks a yes or no answer, and that Wisk refuses to provide it.

Wisk served two responses to No. 14. In the first, it objected that the terms "any visual similarities" and "inherently required Archer to use" were vague, ambiguous, and undefined. It then interpreted the term "inherently required" to mean "that it would be an absolute impossibility to arrive at Wisk's aircraft design without using Wisk's trade secrets." Ex. 1 at 4. Based on this interpretation, Wisk responded that "this interrogatory requests Wisk consider only the visual similarity between the image of the Maker at page 3 of the Complaint and Wisk's aircraft configuration and ignore other evidence of misappropriation. The evidence of misappropriation in this case, however, extends beyond the visual similarities between aircrafts." Wisk then goes on to discuss facts and evidence that it contends supports its claim of misappropriation. *Id*. at 4-6.

The parties met and conferred about Wisk's original response to No. 14 and Archer "offered to define 'inherently required' to mean that Archer 'necessarily' used one or more of Wisk's alleged trade secrets by virtue of the outward design of its aircraft." Jt. Letter 2. Wisk served a supplemental response that again did not provide a yes or no answer. Ex. 1 at 6-9.

As to No. 15, Wisk incorporated by reference its responses to interrogatory Nos. 14 and 17. Interrogatory No. 17 asks Wisk to identify every trade secret that it contends "has a nexus to Archer's visual design of the Maker, or as to which Wisk contends Archer's visual design of the

4

Maker indicates misappropriation of the alleged Trade Secret(s)" and provide the factual basis for such contention. *Id*. at 10, 11.

Wisk argues that its responses to Nos. 14 and 15 are sufficient because the interrogatories "essentially ask Wisk to ignore all evidence of trade secret misappropriation, other than visual similarity, and then provide trade secret contentions regarding that contrived hypothetical." Jt. Letter 3. It contends that the visual similarity between the aircraft "has always been one of many interrelated pieces of evidence supporting [its] trade secret claims," but denies that this was a "centerpiece" of its evidence. *Id*. Wisk further argues that "the meaning and conclusions that can be drawn from the visual similarities between Archer's aircraft and the figure from Wisk's 2020 [patent] application are drawn within the context of a host of surrounding facts," and then lists those facts. *Id*. at 4. Wisk argues that a simple yes or no answer "is not appropriate here because it cannot convey the whole truth," and that a response requires "context and explanation." *Id*. at 5. Finally, it argues that the interrogatory improperly seeks to force it to take a position on a legal conclusion. *Id*.

Wisk's arguments are not persuasive, and its current responses are designed to avoid answering fair questions. The interrogatories do not force Wisk to take a position on a "contrived hypothetical" nor do they require Wisk to discard misappropriation theories that are based on a totality of the evidence. Wisk is free to make "totality of the evidence" arguments, notwithstanding a yes or no response to No. 14. The interrogatories are directed to a narrow issue. Wisk's motion for a preliminary injunction emphasized the visual similarities between the Maker and Wisk's aircraft as part of the evidence of misappropriation. *See* P.I. Mot. 17. Indeed, Wisk described the fact that the aircraft "look alike" as one of the "four critical facts" from which misappropriation could be inferred. *Id*. at 14. The August 24, 2021 Order expressly noted this, and Judge Orrick found that "Wisk never explained how anything about the [visual] similarity actually related to any asserted trade secret." Aug. 24, 2021 Order at 43. He then offered an example of how visual similarities between the aircraft might demonstrate misappropriation by Archer: "[i]f there were . . . something about the basic visual design that *inherently required* the use of a trade secret, using that design would be indicative of misappropriation." He concluded

5

that Wisk had not drawn that "nexus" in its bid for a preliminary injunction. *Id.* (emphasis in original).

Importantly, Judge Orrick's order did not preclude Wisk from making a nexus argument as the case develops. Archer therefore is entitled to propound discovery to learn whether Wisk contends that the visual similarities in the aircraft inherently required Archer to use one or more of Wisk's trade secrets. To the extent Wisk does not understand the meaning of "inherently required," Archer offers a reasonable interpretation that the court now adopts: it means that "Archer 'necessarily' used one or more of Wisk's alleged trade secrets by virtue of the outward design of its aircraft." Jt. Letter 2. Interrogatory No. 14 calls for a yes or no answer. It does not call for a narrative about how visual similarity fits into the context of all facts comprising Wisk's misappropriation theory, which is how Wisk has responded to date. Answering "no" does not foreclose Wisk from arguing that the visual similarity is "one of many interrelated pieces of evidence supporting" its trade secret claims. *See* Jt. Letter 3. The interrogatory also does not improperly seek a position on a legal conclusion. Rather, it seeks Wisk's contention on a specific factual theory.

In sum, Interrogatory No. 14 fairly calls for a yes or no response and must be answered as such. No. 15 is an appropriate follow-up to No. 14, and it is not proper to incorporate by reference responses to other interrogatories that do not get at the information No. 14 seeks. Archer's motion to compel is granted.

### III. CONCLUSION

For the foregoing reasons, Archer's motion to compel is granted. Wisk shall provide supplemental responses to interrogatory Nos. 14 and 15 in accordance with this order within seven days of the date of this order.

**IT IS SO ORDERED.**

Dated: May 16, 2022



_____
Donna M. Ryu
United States Magistrate Judge

6