Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re:   *Wisk Aero LLC v. Archer Aviation Inc.*, Case No. 3:21-cv-02450-WHO  (DMR)

Dear Judge Ryu:

Archer moves to compel Wisk to produce several categories of documents responsive to Archer's first three sets of RFPs.  Wisk has refused to meet and confer with Archer regarding Wisk's unexplained  failure to timely produce or log the documents at issue.  Specifically, Archer first raised this issue via email on April 12, to which Wisk did not respond. [1]  Archer sent follow-up emails on April 21, April 25, and April 29, again without response. Archer's counsel called Wisk's counsel on May 6 to inquire about the missing documents.  Wisk's counsel explained there were many competing issues they were trying to address in this case, but that they would respond shortly about the issues in this motion.  They did not.  Archer raised the issue again via email on May 10, and indicated its availability  for a meet and confer the same or next day.  Wisk did not respond. Most recently, on Friday, May 13, Archer emailed Wisk requesting Wisk's "availability  for a Zoom meet and confer on Monday or Tuesday regarding" the issues raised in this motion, and indicated that Archer would move unilaterally  in the absence of a response.  Wisk's counsel has not responded to that email, leaving Archer with no reasonable alternative to this motion.  The record permits only one conclusion:  Wisk's refusal to engage meaningfully  with Archer on the deficiencies in its productions  is a conscious, targeted decision by Wisk's counsel in violation  of N.D. Cal. Guideline  for Professional Conduct 18(d) ("A lawyer should not fail or refuse without justification  to respond promptly  … to calls and letters of … opposing counsel ….").

To be clear, there is no dispute between the parties as to whether the documents at issue must be produced. [2]  In early 2021, the parties engaged in a lengthy  series of Zoom sessions—spanning more than 20 hours—regarding  each party's first three sets of RFPs.  Promisingly,  the parties worked through many initial disagreements and reached compromises  on what each party would produce (memorialized  in "living charts" the parties exchange periodically),  which included all of the documents at issue in this motion.  Wisk claimed it needed until April 1, 2022, to substantially complete production  of the agreed-upon categories of documents.  Wisk then successfully sought a two-month extension to the discovery and trial schedule at the March 22 case management conference, while representing to the Court and Archer that the extension would not affect its self-determined production  deadline.  Dkt. 242 at 5, 24 (Wisk: "In connection with [the two-month] extension  … Wisk does not believe that the … April 1, 2022 [deadline]  needs to be pushed out ….").  Nonetheless, more than six weeks later, Wisk's productions  are woefully  deficient, and Archer cannot even get Wisk's counsel to identify  when the missing  documents will be produced. [3]

---

[1]  The April 12 email and subsequent emails  referenced herein at times raised other issues to which Wisk responded.  As to the documents at issue in this motion, Wisk has not responded.

[2]  This motion concerns Wisk's failure to produce documents it previously  committed to produce to the extent such documents exist.  Accordingly,  Archer has not appended the underlying  RFPs and responses, which are not at issue.

[3]  Archer has repeatedly requested that Wisk inform Archer in the event that Archer is mistaken about the production  of any of the missing  documents.  Again, Wisk has not responded.

Specifically, Archer has identified the following gaps in Wisk's productions and logs, all of which Archer communicated to Wisk in the April and May emails referenced above:

1. All design reviews (with the exception of the Cora X conceptual design review, which has been produced) for Wisk's fifth- and sixth-generation aircrafts, both at the aircraft level and related to agreed-upon technologies and subsystems (RFP No. 77).
2. Wisk's audited financial statements for the years 2018 and 2019 (RFP Nos. 8–10).
3. Recordings of "all-hands" meetings conducted at Wisk (RFP No. 105).
4. Documents and communications from the custodial files of Wisk's current Board members, other than (at least some of) those of its CEO, Gary Gysin (RFP Nos. 47, 57, 62, 111).
5. Documents and communications exchanged between Wisk and its public relations firm, Sard Verbinnen & Co. (RFP Nos. 57, 73–75).

Relatedly, in addition to the above categories of missing documents, on April 12, Archer sent Wisk a list of dozens of *specific* documents referenced in documents Wisk *has* actually produced that Archer has not located in Wisk's productions—the referenced documents appeared to Archer to be responsive to various Archer RFPs based on their titles and the context in which they were referenced. On April 19, Wisk responded to Archer's April 12 chart, promising that it would produce "most" of the documents in the chart "by the end of this week," without disclosing which documents it would produce, and why it would not produce the rest. Five weeks later, Wisk still has provided neither the documents nor an explanation for its failure to produce or log them.

Wisk's persistent refusal to engage on the gaps in its productions and to provide promised documents is severely prejudicial to Archer. The August 24 fact discovery cutoff is approaching fast, yet Archer cannot fully prepare for depositions until Wisk completes its production.[4] By way of example only, Archer has held off noticing the depositions of Wisk's engineers until it has a complete set of Wisk's technical design reviews for its fifth- and sixth-generation aircrafts (as well as long overdue hyperlinked technical documents), because Archer intends to inquire about any instances in which Wisk decided against incorporating its asserted trade secrets into its own later-developed aircraft, which is relevant to both Archer's liability and damages defenses. Similarly, Archer has not noticed the depositions of Wisk's executives because Wisk has not produced the custodial files of Wisk's Board members or Wisk's communications with or about the public relations firm that worked with Wisk on drafting and disseminating the blog posts and press release that are the subject of Archer's counterclaims. Each day of Wisk's ongoing failure to produce further prejudices Archer.

Archer respectfully asks the Court to order Wisk to expeditiously produce (or log) the categories of documents listed above, the specific documents identified on Archer's April 12 chart, and all other documents omitted from Wisk's production in response to Archer's first three sets of RFPs. Wisk should not be heard to advance any objection to the production of documents at issue, both because it previously agreed to produce those documents, and because any new objection (burden or otherwise) should be deemed waived due to Wisk's failure to meet and confer with Archer. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Archer further requests an award of its reasonable expenses incurred in making this motion.

---

[4] Expert discovery closes November 2, 2022; dispositive motions will be heard by January 11, 2023; and a pretrial conference and trial are set for March 13, 2023 and April 17, 2023.

DATED: May 18, 2022                    GIBSON, DUNN & CRUTCHER LLP

By /s/  *Josh A. Krevitt*
Josh A. Krevitt
Daniel J. Thomasch
Wayne Barsky
Paul Torchia
Michael H. Dore
Diana M. Feinstein
*Attorneys for Defendant Archer Aviation Inc.*