UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br>         Plaintiff,<br>v.<br>ARCHER AVIATION INC.,<br>         Defendant. | Case No. 21-cv-02450-WHO (DMR)<br><br>**ORDER RE: JOINT DISCOVERY LETTER REGARDING PROTECTIVE ORDER DISPUTE**<br><br>Re: Dkt. No. 278 |

The court has reviewed the parties' June 17, 2022 joint discovery letter in which Defendant Archer Aviation Inc. ("Archer") seeks to modify the protective order to give certain employees access to documents designated as Highly Confidential – Attorneys' Eyes Only (AEO). [Docket No. 278.] This issue is fact-intensive and requires the court to balance the risk of inadvertent disclosure of trade secrets to a competitor against the risk of impairing a party's defense or prosecution of its claims. *See Brown Bag Software v. Symantec Corp*., 960 F.2d 1465, 1470-71 (9th Cir. 1992). The court is unable to analyze the dispute on the current record because the parties only provided generalized concerns about the risks. For example, Archer did not identify particular employees with which it seeks to share AEO-designated documents, their roles, or the substance of Plaintiff Wisk Aero LLC's ("Wisk") allegations about them. It did not explain with any specificity why it needs to share Wisk's AEO-designated documents with its employees or why its defense would be hampered if prevented from doing so. For its part, Wisk did not describe the particular harm that it contends will result from sharing its AEO-designated information with the specific Archer employees at issue and did not address why the risk of harm outweighs the risk that Archer's defense may be impaired if it does not obtain the modification it seeks.

Accordingly, the June 17, 2022 joint letter is denied without prejudice. The parties shall

immediately meet and confer about the dispute, taking into account the balancing test described above. If any disputes remain after meeting and conferring, the parties shall submit a joint letter that does not exceed five pages by no later than July 6, 2022 setting forth the dispute about Archer's proposed modification to the protective order. Each party must provide its best compromise position. The parties may not incorporate any prior submission by reference and must provide sufficient details supporting their positions to enable the court to resolve the dispute.

**IT IS SO ORDERED.**

Dated: July 1, 2022

Donna M. Ryu
United States Magistrate Judge