Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re:  *Wisk Aero LLC v. Archer Aviation Inc.*, Case No. 3:21-cv-02450-WHO (DMR)

Dear Judge Ryu:

Plaintiff Wisk Aero LLC (Wisk) and Defendant Archer Aviation Inc. (Archer) respectfully submit this joint letter brief on Wisk's allegation that Archer misused Wisk's assertedly privileged material. The parties met and conferred via Zoom on June 29, 2022. Fact discovery closes August 24, 2022; expert discovery closes November 2, 2022; dispositive motions will be heard by January 11, 2023; and the pretrial conference and trial are set for March 13 and April 17, 2023, respectively.

**Wisk's Statement.**  In connection with its supposed dispute over Wisk's clawback of inadvertently produced privileged matter, Archer has knowingly breached the California Rules of Professional Conduct, the Stipulated Protective Order, Dkt. 161, and its ethical duties. Because of these breaches, Archer's motions before this court seeking access to Wisk's privileged communications should be denied (Dkts. 281, 282), and Archer should be instructed as to its ethical obligations when it discovers inadvertently produced privileged materials.[1]

The Court has before it two other letter briefs in which Archer moves to compel production of communications over which Wisk has asserted privilege via the clawback mechanism in this Court's Protective Order and Fed. R. Civ. P. 26(5)(B), on the basis that the communications were authored by Wisk's General Counsel, Mr. Bibbes, and reflected his legal judgment and advice to Wisk at the time.  In the course of briefing that dispute, Archer identified a document, WISK00393193, containing a comment explicitly written by Mr. Bibbes himself, relaying the same substantive advice Mr. Bibbes communicated in documents Wisk had previously clawed back on privilege grounds.[2]  When Archer discovered this comment, it had a legal and ethical obligation to stop looking at it and to alert Wisk.  Instead, it kept, studied and used that document, even quoting it in its letter brief to bolster its argument there about the underlying substance of Wisk's other privileged communications.

The Northern District of California requires all attorneys who practice or appear before it *pro hac vice* to abide by the California Rules of Professional Conduct. *Gotham City Online, LLC v. Art.com, Inc.*, 2014 WL 1025120, at *2 (N.D. Cal. Mar. 13, 2014).  When an attorney has reason to believe they have received privileged materials, they must "refrain from examining the materials any more than is essential to ascertain if the materials are privileged," *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 655-57 (1999), because under California Rules of Professional Conduct R. 4.4 (2018),

---

[1]  Wisk did not hold anything "hostage." Archer's footnote 6 conceals from the Court where Wisk said "We would certainly prefer Archer wait on its clawback joint letter filings until both parties can finalize a response to the misuse issue Archer created in connection with that briefing, and suggest you reconsider that option" and that it would only file unilaterally if Archer refused to cooperate with a joint filing, as is its right under the Judge's Standing Order.  Archer backed down and chose to provide its half of the joint letter brief and cooperate with submitting the three related briefs at the same time.

[2]  WISK00393193 does not include the actual text of the presentation being commented on, but is instead the equivalent of a print-out of the "Comments" column to a word document.

Where it is ***reasonably apparent to a lawyer who receives a writing*** relating to a lawyer's representation of a client ***that the writing was inadvertently sent or produced, and*** the lawyer ***knows or reasonably should know*** that the writing is privileged or subject to the work product, the lawyer shall: (a) ***refrain from examining the writing any more than is necessary*** to determine that it is privileged or subject to the work product doctrine, and (b) ***promptly notify the sender***.

Archer knew exactly what it was doing. Back in April, in the course of the same dispute, when Wisk asked Archer to confirm its destruction/sequester of certain other inadvertently produced privileged documents, Archer first refused, and said it could keep and refer to a copy for "use in preparing and arguing our challenge motion." Email from R. Scott Roe, Apr. 13, 2022. Wisk objected, directing Archer to N.D. Cal. authorities showing it did not have that right. *McDermott Will & Emery LLP v. Superior Ct.*, 10 Cal. App. 5th 1083, 1117 (2017) (affirming disqualification of law firm where firm "continued to review the [privileged] e-mail" once notified of a privilege assertion). This includes when the attorney undertakes any "subsequent review (occurring after [the notifying party] warned that [the attorney] possessed privileged documents) … focused on 'whether the dominant purpose of the e-mail was business or legal advice,' which necessarily involved an assessment of its contents." *Clark v. Superior Ct.*, 196 Cal. App. 4th 37, 53 & n. 8 (2011) (affirming disqualification); *see also Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 820 (2007) (holding that once it is apparent a writing contains confidential and privileged material, "the reading stops and the contents of the document for all practical purposes are off limits.").

Archer didn't back down. It sent Wisk a draft letter brief discussing the substance of the communications over which Wisk had asserted privilege. Only after Wisk threatened Archer with a motion for sanctions did Archer recant, claiming it had never re-read or referred to Wisk's clawed back material (that it had spent over a week saying it would and could refer to), and had only relied on its "recollection" of those redacted passages to formulate its arguments. Archer admitted that when "it was 'reasonably apparent' to Gibson Dunn that [documents] 'relat[ed] to a lawyer's representation of a client,' were 'inadvertently … produced,' and appeared potentially privileged," it had an obligation to notify Wisk promptly. Letter from D. Thomasch, April 22, 2022. Archer also acknowledged that when an attorney has reason to believe they have received privileged materials, they must "refrain from examining the materials any more than is essential to ascertain if the materials are privileged." *Id.* at 3-4 (emphasis in original), citing *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th at 655-57. Accepting Archer's undertaking at face value, Wisk stood down on its motion for sanctions and proceeded with the letter briefing.[3]

Thus Wisk was surprised a few weeks later to see Archer's draft letter brief quoting Wisk's General Counsel stating the same substantive advice as the previously clawed back material, in WISK00393193. Archer claims the statement "g[a]ve no indication of being privileged." Letter from D. Thomasch, June 14, 2022. But Greg Bibbes' name was right on it. It looks like legal advice. And the substance was the same substance over which Wisk had asserted privilege previously in the exact dispute for which Archer identified it.[4] It is hard to imagine a document

---

[3]   Archer refers to "22 documents", but its notification to Wisk of 17 unrelated potentially privileged documents in May is irrelevant. That is how clawbacks are supposed to work, and this point only highlights Archer's awareness of the obligations it did not meet in this instance.

[4]   Archer tries to excuse itself by noting there is no direct request to Mr. Bibbes for specific advice. But as Archer's own privilege log shows, it knows that privilege does not depend on a

that was more obviously privileged than this one; indeed, that is why Archer used it to argue against the related clawbacks.

Wisk asserted privilege over WISK00393193 and clawed it back.  Several days later, Archer finally confirmed it would destroy or sequester the document and work product, asserting that it had revised its letter brief "work[ing] solely from our 'recollection[s] prior to claw back.'"  *Id.* However, ***the privileged text it said it had destroyed or sequestered was still clearly visible*** in its redline.  Archer's counsel forwarded this redlined document to five other Gibson Dunn lawyers.

Archer says it has not violated any rule because Wisk's General Counsel's comment, which it (ironically) studied and used in its letter brief to make the point that it contained essentially the same substance as the disputed redaction for privilege, is not privileged.  This is why Archer must be admonished:  because it does not recognize that it does not get to make that call.  Its continuing review and use of the document after first seeing it, and again after Wisk confirmed it was privileged, are the violations.  When a party challenges an assertion of privilege, the communication is still treated as privileged until the dispute is adjudicated.  *See, e.g.*, Protective Order, Dkt. 161 at 17, citing Fed. R. Civ. P. 26(5)(B) (requiring prompt return, sequester and destruction of the information and any copies, and prohibiting use until the claim is resolved.).  Archer should have stopped reviewing it and notified Wisk, rather than proceeding to use it.  It should not have recirculated the brief with the same content visible; how can it claim it relied solely on recollection, when it could still easily see the content at issue?  Archer's purported "courtesy" exception adds insult to injury; real courtesy would have permitted a bracketed placeholder, such as "[clawed back content]."  Archer's keeping it in view ensured it could "recollect" it perfectly for use in its fight against Wisk's related clawbacks.  This is improper, and makes Wisk's proposed remedy, to deny Archer's infected letter briefs challenging Wisk's privilege over the same substantive legal advice, more than fair.[5]

**Archer's Statement.**  This motion is the culmination of an almost three-month-long campaign by Wisk to shield from disclosure information showing Wisk's knowledge and appreciation of facts undermining its case and calling into question the truthfulness of Wisk's material representations before and during this litigation.  Archer has been challenging Wisk's misuse of the attorney-client privilege to claw back documents that were created primarily, if not exclusively, for business purposes since April 2022.  Taking advantage of the joint letter briefing process, however, Wisk held hostage Archer's two now-pending challenges (Dkts. 281, 282) to three separate Wisk clawbacks until Wisk could file this motion,[6] and Wisk now seeks through this motion to have the Court deny Archer's clawback challenges without reaching the merits of those challenges.  That tactic betrays Wisk's lack of any substantive legal support for its argument that Archer's efforts to challenge Wisk's privilege assertions constitute an improper use of the documents at issue.

---

particularized request to counsel.  Nor is Mr. Bibbes' advice less privileged because it followed a question Mr. Bibbes posed to a non-lawyer or that the non-lawyer answered it: lawyers give their advice primarily to non-lawyers.

[5]   The remedies available for knowing misuse of privileged material include disqualification or sanctions. *See Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th at 819 (affirming disqualification).

[6]   Wisk's footnote 1 is false.  Through its serial clawbacks, Wisk prolonged the joint letter briefing process for Archer's two challenges for over two months.  Then, in a June 22 email Wisk said that if Archer "move[d] forward on [its] joint clawbacks briefs without answering [Wisk's] privilege misuse letter … [Wisk] will file [this motion] unilaterally …."  6/22/22 D. Cafferata Email.

Although Wisk's attempts to justify its accusations of ethical violations by Archer's counsel border on the pathetic, Archer addresses those allegations with care because Archer's counsel takes seriously even frivolous allegations of ethical misconduct.

Before even turning to the two so-called ethical violations Wisk alleges, Archer notes three preliminary facts of significance. *First*, during the time period covered by this motion (from Wisk's first clawback on April 12 through the date of this filing), Wisk has clawed back 22 documents: ***Archer brought 21 of those 22 documents to Wisk's attention.*** Indeed, the only document that Wisk clawed back among those 22 that Archer had not previously identified to Wisk was a duplicate of a document previously brought to Wisk's attention by Archer. *Second*, none of the 22 clawed-back documents contains a privilege legend. *Third*, Archer's only post-clawback "use" of any of those 22 documents has been in connection with Archer's challenges to three of Wisk's serial clawbacks—(a) the June 2021 Funding Request; (b) the November 2020 Board Deck; and (c) the set of comments on the Board Deck ("Comments"). Seeking a ruling under Rule 26(b)(5)(B) is not an ethical violation, no matter how Wisk attempts to portray Archer's conduct.

Wisk's complaints reduce to two contentions, both directed to Archer's second clawback challenge: (1) that Archer should have known that Wisk would consider the Comments privileged and thus should have immediately alerted Wisk about its production of that document instead of "quoting it" in Archer's section of the initial draft of the Board Deck clawback challenge; and (2) that Archer's counsel sent Wisk's counsel a software-generated redline of Archer's revised letter brief challenging the Board Deck clawback, in which Wisk's assertedly privileged sentence "***was still clearly visible***" in struck-through text. *Supra* at 3 (Wisk's emphasis). To be clear, the still-visible text was ***not*** in the revised brief itself, but only in the redline that Archer sent Wisk as a professional courtesy, which redline showed Archer's ***deletion*** of the clawed-back text.

*Argument*. Wisk's first argument is that Archer needed to notify Wisk when it found the Comments, but failed to do so until it provided Wisk with the joint letter brief on the Board Deck clawback. Wisk argues that, because Archer knew Wisk's position as to the privileged nature of a single line from the ***Board Deck***, Archer somehow had a duty to notify Wisk about the ***Comments***. Wisk is wrong. California Rule of Professional Conduct 4.4 (the *State Comp.* rule) prescribes an ***objective*** test to determine when an attorney must notify a producing party about a potentially inadvertently produced privileged document. Thus, Archer's duties do not depend on Wisk's position on anything—particularly a position being challenged under Rule 26(b)(5)(B).

As with the Board Deck, when Archer located the Comments, the document did not "obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged." *State Comp.*, 70 Cal. App. 4th at 656. Archer thus had no duty to notify Wisk. Nonetheless, as it had earlier done with the Board Deck, Archer brought the Comments to Wisk's attention through the joint letter briefing process, as an example of a non-privileged document that supported Archer's position on the Board Deck clawback challenge. Wisk asserts that the redacted comment "looks like legal advice," *supra* at 2, and Wisk's position assumes that Archer's challenge to the Comments clawback will not only fail, but is frivolous. That is not remotely accurate, for the reasons argued in Archer's second clawback challenge. *See* Dkt. 282. This motion should be addressed only after, and in light of, the Court's resolution of Archer's challenges

because the challenges themselves demonstrate Wisk's overreach in its clawbacks and the reasonableness of Archer's objections to Wisk's belated assertions of privilege.

Regardless of the merits of Archer's challenges, there is no basis whatsoever for Wisk's accusation of ethical misconduct. Archer has not, as Wisk claims, "used" any of Wisk's assertedly privileged material ***except*** in challenging Wisk's clawbacks in a manner consistent with its ethical responsibilities. As Archer made clear to Wisk in the April 22 letter that Wisk cites above, a court of this District has held that Rule 26(b)(5)(B) permits a party challenging a clawback to explicitly "discuss" that material in its challenge—a key holding Wisk's section above conveniently ignores. *TVIIM, LLC v. McAfee, Inc.*, 2014 WL 12975835, at *4 (N.D. Cal. Aug. 14, 2014). But in an abundance of caution, and as Archer made clear to Wisk in that same letter, Archer instead followed the rule prescribed in *In re Lidoderm Antitrust Litigation*, where Judge Orrick permitted a party challenging a clawback to use the clawed-back material "from their recollection prior to [the] claw back." No. 14-MD-2521-WHO, at *1 (N.D. Cal. Jan. 12, 2016) (Dkt. 367). Archer has fully complied with the *Lidoderm* procedure in all respects. That the only "use" of the documents at issue has been in connection with a motion under Rule 26(b)(5)(B), consistent with the *Lidoderm* rule, distinguishes this dispute from every one of Wisk's cited authorities. *Cf. McDermott*, 10 Cal. App. 5th at 1122 (receiving party used a clawed-back document in "formulat[ing] deposition questions" and interrogatory responses after the clawback); *Rico*, 42 Cal. 4th at 819 (receiving party "disseminated" document to experts despite admittedly recognizing it as inadvertently produced work product); *Clark*, 196 Cal. App. 4th at 44 (receiving party "conceded … documents contained privileged information" but "used [them] as the basis for" a claim). Here, Wisk does not even attempt to argue that Archer thought the clawed-back documents were privileged or that Archer actually misused the documents post-clawback. Wisk has failed to cite any authority for the proposition that "using" a clawed-back document solely for a Rule 26(b)(5)(B) challenge in accordance with *Lidoderm* violates any ethical obligation of the receiving party's counsel.

Wisk's second argument is so egregiously misleading as to be sanctionable. Wisk alleges that Archer committed wrongdoing by sending Wisk a June 14 ***redline*** of the Board Deck joint letter brief ***showing Archer's deletion of Wisk's assertedly privileged material*** from the prior (pre-clawback) draft. Thus, Wisk is attacking Archer for following one of this District's Guidelines of Professional Conduct. *See* N.D. Cal. Guideline of Pro. Conduct 19 ("Redlining: A lawyer should clearly identify for other counsel or parties ***all*** changes that a lawyer makes in documents." (emphasis added)). Wisk's attempt to weaponize Archer's professional courtesy is illustrative of Wisk's no-holds-barred approach to this litigation that has caused so many unnecessary discovery disputes; it is not a basis for sanctioning Archer. *See Laguna Auto Body v. Farmers Ins. Exch.*, 231 Cal. App. 3d 481, 487 (1991) ("[A]ttorneys who extend professional courtesies and cooperate with opposing counsel should not be punished for their professionalism and patience."), *disapproved on irrelevant grounds by Garcia v. McCutchen*, 16 Cal. 4th 469 (1997).

Wisk's performative outrage is no substitute for factual evidence and legal authority to support Wisk's reckless allegations, both of which are missing from Wisk's argument. There is absolutely no justification for Wisk's use of ethical rules as a tactical weapon to advance its litigation interests. Archer respectfully requests that the Court deny Wisk's motion and award Archer its costs in opposing it because the motion is frivolous and reflects an abusive attempt to intimidate Archer. *See* Fed. R. Civ. P. 37(a)(5)(A).

DATED: July 5, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Patrick Schmidt*
Yury Kapgan
Robert M. Schwartz
Michael T. Zeller
Diane Cafferata
Patrick Schmidt
Michael LaFond
*Attorneys for Plaintiff Wisk Aero LLC*

GIBSON, DUNN & CRUTCHER LLP

By */s/ Daniel J. Thomasch*
Josh A. Krevitt
Daniel J. Thomasch
Wayne Barsky
Paul Torchia
Michael H. Dore
Diana M. Feinstein
*Attorneys for Defendant Archer Aviation Inc.*

Per Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories to this document.

*/s/ Patrick Schmidt*

Patrick Schmidt