QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>ARCHER AVIATION INC.,<br><br>            Defendant. | CASE NO. 3:21-cv-02450-WHO<br><br>**WISK'S OPPOSITION TO ARCHER'S ADMINISTRATIVE MOTION TO REQUIRE WISK TO LODGE DOCUMENTS FOR *IN CAMERA* REVIEW**<br><br>Hon. Donna M. Ryu |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

Pursuant to Civil Local Rule 7-11(b), Plaintiff Wisk Aero LLC ("Wisk") opposes the motion by Defendant Archer Aviation Inc. ("Archer"), which would require Wisk to lodge documents with the court for *in camera* review (the "Motion") without any showing of good cause. *See* Dkt. 286.

**<u>*Archer Has Not Shown Good Cause For Its Requested Relief*</u>**. Before the Court can require a party's privileged documents to be lodged for *in camera* review, it must find that there is good cause for doing so, *i.e.,* that the Court needs to view the materials in camera in order to make a ruling. "The Court generally does not resolve disputes relating to privilege by conducting its own *in camera* review of the documents." *United States v. McKesson Corp.,* 2021 WL 2037965, at *18 (N.D. Cal. May 21, 2021). "Before a district court may engage in *in camera* review at the request of the party opposing the privilege, that party must present evidence sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes that the documents are … not privileged." *Fid. Nat'l Title Ins. Co. v. Castle,* 2014 WL 3945590, at *4 (N.D. Cal. Aug. 11, 2014) *(citing United States v. Zolin,* 491 U.S. 554, 574-75 (1989)); *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.,* 745 F.3d 343, 353 (9th Cir. 2014) (before ordering *in camera* review, District Court must find a "factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged") *(quoting In re Grand Jury Investigation,* 974 F.2d 1068, 1075 (9th Cir.1992)); *see also U.S. ex rel. Hamrick v. GlaxoSmithKline LLC,* 814 F.3d 10, 16 (1st Cir. 2016) (holding trial court did not abuse discretion in declining in camera review, absent a showing that "manifest injustice" would result).

Here, Archer should therefore have set forth how the privileged content would reveal evidence that it was not privileged; and that the unprivileged, unredacted parts of the documents would prevent the Court from being able to rule without also viewing Wisk's counsel's privileged commentary. Archer's only argument in that regard is at 2:24-3:10 of its brief, and there is no factual showing whatsoever to support its assertions that it would be "only beneficial" for the Court to see Wisk's privileged materials. In the particular situation here, the privileged materials are just minor redactions from much broader non-privileged documents, providing so much non-privileged content to argue

over that Archer insisted on writing not one, but two separate letter briefs based on essentially the same privileged advice clawed back in each case. Archer has not shown there is good cause to view Wisk's privileged material, because it cannot make such a showing.

Archer's primary argument as to why its requested order is necessary is from 1:6-2:23 in its brief: that Wisk refuses to stipulate to the lodging or filing of its privileged materials without a Court order requiring it. That Wisk would not agree to Archer's demand does not establish "good cause." Wisk did not stipulate to it for two very good reasons. First, taking any action inconsistent with assertion of its privilege could result in a waiver regardless of whether or not Archer says it is, and second, because Archer cannot establish legitimate good cause for such viewing under the circumstances here where the key information needed to establish the propriety of the assertion of privilege over the redacted portions have been adequately disclosed and described in the briefing.

**<u>Acceding To Any Third-Party Viewing of a Party's Privileged Materials Creates a Danger of Waiver.</u>** While there is "general acceptance of the principle that waiver cannot result from *compelled* production," *Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978) (emphasis added), the same is not true of a party which voluntarily offers or consents to the disclosure of its privileged material, including to the Court. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal. 2015) (finding waiver where Samsung submitted documents to the Court absent an order, and noting "[w]hile Samsung argues the court compelled its disclosures in response to Nokia's challenges … the court only invited Samsung to support its privilege claims."). As the authority Archer itself cites says, if a privilege dispute "needs to be resolved by the Court, generally the Court will require submission of the disputed document for *in camera* review." *In re Google RTB Consumer Priv. Litig.*, 2022 WL 1316586, at *4 (N.D. Cal. May 3, 2022).

Here, there is no reasonable dispute that a Court order is necessary to compel such a submission, because in this Court, regardless of whether or not the material in question was privileged (which it is), the parties are prohibited from submitting exhibits on discovery letter briefs without

prior court approval[1] by the Court's Standing Order ¶ 14. That rule further notes that on receiving the Parties' joint letter brief (without exhibits), "[t]he court will review the submission(s) and determine whether formal briefing or proceedings are necessary."[2]

The fact that Archer was willing to agree it would not argue that Wisk's voluntary submission constituted a waiver is irrelevant, because third parties could not be prevented from trying to use Wisk's actions as evidence of waiver. Archer has presented no contrary authority. And under these circumstances, and where Archer cannot show (and indeed does not even allege) the Court will have any difficulty in making a ruling based on the non-privileged majority of the documents, stipulating to *in camera* submission is so objectively unwarranted that it would be difficult to defend against any third-party claims of waiver.

**_Archer's Adverse Inferences Based on Wisk's Proper Assertion of Privilege Are Improper and Counterfactual_**. Archer's rhetoric that Wisk's "attempt to cloak in privilege important communications primarily made for business purposes is a serious and consequential tactic" has no place here.

First, this assertion is entirely based on Archer's factually unfounded conclusion that Wisk's General Counsel's advice communicated to the Wisk Board is not privileged. If that advice is privileged (or even if it is determined not to be, but Wisk had a reasonable belief it is privileged) Wisk's position is obviously not a "serious tactic" but the proper assertion of privilege that should be expected of any conscientious party.

---

[1] The Court's Standing Order ¶ 14 does permit submission of a joint exhibit setting out any "disputed discovery request in full, followed immediately by the objections and/or responses thereto," but "[n]o other information shall be included in the exhibit."

[2] While meeting and conferring on the parties' dispute on June 29, 2022, Archer expressed its view that Fed. R. Civ. Pro. 26(b)(5)(B) gave it the absolute right to file Wisk's unredacted documents under seal, unbidden; that in Archer's view, the Court's Standing Order ¶ 14 was inconsistent with that right; and that therefore Archer was free to disregard the Court's Standing Order. Wisk expressed the view that the Court's Standing Order was intended to be read harmoniously with the Rule. Here, in Wisk's view, that meant allowing the Court to consider the parties' letter brief, before the Court "determine[s] whether formal briefing or proceedings are necessary" (Standing Order ¶ 14), which may of course include calling for relevant exhibits or ordering the *in camera* review of Wisk's privileged documents.

Second, and relatedly, no negative inference is to be taken from a party's legitimate assertion of privilege. *Sand Hill Advisors, LLC v. Sand Hill Advisors LLC*, 2010 WL 3702372, at *5 (N.D. Cal. June 1, 2010) (refusing to draw adverse inference from invocation of privilege); *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 226 (2d Cir. 1999) ("[W]e know of no precedent supporting such an [adverse] inference based on the invocation of the attorney-client privilege. This privilege is designed to encourage persons to seek legal advice, and lawyers to give candid advice, all without adverse effect.").

Third, Archer's argument is incorrect, and contradicted by Archer's own Exhibit D, which extracts party correspondence and shows counsel for Wisk stating that, "if there was an order to lodge the documents in camera, [Wisk] would do the lodging," (Thomasch Decl. Exhibit D at 2). Before Archer filed this motion, it took the position that it did not need leave from the Court to "file" Wisk's privileged materials. Wisk pointed out that (1) it did not have the required leave to submit exhibits; (2) it was premature to submit privileged material because the Court had not determined it needed it; (3) in any case, privileged materials are lodged for *in camera* review, not filed; and (4) it was improper *for Archer* to be handling Wisk's privileged documents that it was not supposed to be viewing. It was in that context (and especially given Archer's misuse of Wisk's privileged information that is the subject of Dkt. 284) that Wisk asked Archer to stipulate that if the Court ordered the submission of the privileged material for *in camera* review, that *Wisk*, and not *Archer*, would lodge it. Though Archer refused, there is no evidence whatsoever of Wisk trying to do anything other than insist on the proper procedure for the treatment of its attorney-client privileged communications.

Wisk also objects to Archer's Administrative Motion's argumentative characterization of the underlying privilege dispute. *Hess v. Astrazeneca Pharms., L.P.*, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006) ("[A]n administrative motion is not the appropriate vehicle for resolution of the substantive arguments raised by the parties."). This was another issue Wisk had with regard to Archer's proposed stipulation: it included argumentative language to which Wisk could not agree.

In sum, the underlying privilege dispute has been amply briefed in Archer's *two* joint letter briefs. The vast bulk of the pertinent documentation is viewable, unprivileged, and available to

the Court, and there has been no showing that this Court cannot make its ruling without also reviewing Wisk's privileged advice *in camera*. Because Archer's requested relief is unnecessary and unwarranted and would create a risk of waiver as to third parties, Wisk respectfully requests Archer's administrative motion be denied in its entirety.

DATED:  July 12, 2022

By  */s/ Diane Cafferata*
Diane Cafferata

*Attorney for Plaintiff Wisk Aero LLC*

**Local Rule 5-1 Certification**

In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories to this document.

By  */s/ Patrick Schmidt*
Patrick Schmidt