UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br>　　　　Plaintiff,<br>　　v.<br>ARCHER AVIATION INC.,<br>　　　　Defendant. | Case No. 21-cv-02450-WHO (DMR)<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. No. 234 |

Defendant Archer Aviation Inc. ("Archer") filed a unilateral discovery letter brief along with an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, seeking to file an attachment to the letter under seal. [Docket Nos. 234, 235.] The court previously denied the discovery letter brief (Docket No. 243) and now addresses the motion to seal.

I.   **LEGAL STANDARDS**

Civil Local Rule 79-5(f) states that "[f]or any document a party ('Filing Party') seeks to seal because that document has been designated as confidential by another party . . . (the 'Designating Party'), the Filing Party must . . . file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed." The "motion must identify each document or portions thereof for which sealing is sought." Civ. L.R. 79-5(f)(1). Within seven days, the Designating Party must file a statement and/or declaration that includes:

> a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of:
>
> (i) the legitimate private or public interests that warrant sealing;
> (ii) the injury that will result if sealing is denied; and
> (iii) why a less restrictive alternative to sealing is not sufficient[.]

Civ. L.R. 79-5(f)(3), 79-5(c)(1).  Any response thereto must be filed no later than four days after

the Designating Party's statement and/or response. Civ. L.R. 79-5(f)(4). "A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civ. L.R. 79-5(a).

In assessing whether documents may be filed under seal there is "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). In accordance with the strong public policy favoring access to court records, "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id*. at 1178. If the court finds a compelling reason to seal a record, it must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep" the records secret. *Kamakana*, 447 F.3d at 1179. However, the court explained that it had "carved out an exception to the presumption of access to judicial records" for "court records attached only to non-dispositive motions." *Id*. (quoting *Foltz*, 331 F.3d at 1135). The court reasoned that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Id*. (quoting *Foltz*, 331 F.3d at 1135). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id*. at 1180 (citing *Foltz*, 331 F.3d at 1135). The same good cause showing applies to "discovery motion[s] unrelated to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

**II.   DISCUSSION**

Here, Archer moves to consider whether Exhibit 1 to its unilateral discovery letter brief should be sealed. Exhibit 1 consists of Plaintiff Wisk Aero LLC's ("Wisk") objections and responses to four of Archer's interrogatories. Wisk designated the documents that are part of Exhibit 1 as "Highly Confidential—Attorneys Eyes Only" pursuant to the parties' protective order.

Wisk timely filed a responsive declaration required by Civil Local Rules 79-5(f)(3) and 79-5(c)(1) in which counsel states that Wisk seeks to seal only two lines of Exhibit 1 describing the details of one of Wisk's alleged trade secrets. [Docket No. 248 (LaFond Decl., Mar. 17, 2022) ¶ 10 (citing Docket No. 248-1 at ECF p. 6, lines 1-2).] The court finds that Wisk has shown good cause to seal this information. *See Kamakana*, 447 F.3d at 1179 (finding that compelling reasons justify sealing court records that could be used to "release trade secrets").

Wisk's counsel also notes that there are certain portions of the discovery responses in Exhibit 1 that refer to information that Archer itself designated as confidential or highly confidential. Archer did not file a response to counsel's declaration. Accordingly, Archer's motion to consider whether Wisk's material should be sealed is granted only as to Docket No. 248-1 at ECF p. 6, lines 1-2. It is otherwise denied.

### III.   CONCLUSION

For the foregoing reasons, Archer's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: September 8, 2022



Donna M. Ryu
United States Magistrate Judge