QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>ARCHER AVIATION INC.,<br><br>             Defendant. | CASE NO. 3:21-cv-02450-WHO<br><br>**DECLARATION OF DIANE CAFFERATA FILED PURSUANT TO LOCAL RULE 79-5, IN SUPPORT OF ARCHER'S SEPTEMBER 1, 2022, ADMINISTRATIVE MOTION TO SEAL**<br><br>Hon. Donna M. Ryu |

I, Diane Cafferata, declare as follows:

1. I am an attorney admitted to practice before the Court and licensed to practice law in the State of California. I am a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP, and counsel for Plaintiff Wisk Aero LLC ("Wisk"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I would testify to those facts.

2. I am making this declaration in support of Defendant Archer Aviation Inc.'s ("Archer's") Motion to Consider Whether Plaintiff Wisk Aero LLC's Material Should Be Sealed (the "Sealing Motion"), filed at Docket Entry 318 on the Court's Electronic Docket, which relates to sealing Docket Entry 319 (Archer's Reply Brief In Support Of Motion To Compel Wisk to Produce Clawed-Back Documents, hereafter "Archer's Reply Brief").

3. I have reviewed the standing orders of the Honorable William Orrick and the Honorable Donna Ryu, including the provisions of those orders that address motions to seal. I have also reviewed the order entered by the Court on September 30, 2021, Docket Entry 159, setting forth specific sealing instructions to be used for the duration of this case.

4. On September 1, 2022, counsel for the parties participated in a Zoom videoconference, to meet and confer with respect to the issue of sealing in connection with Archer's motion. Archer indicated that it would not oppose Wisk's sealing request.

5. I have reviewed the redacted and unredacted copies of Archer's Reply Brief, that Archer filed with the Sealing Motion (Docket Entries 318-2, 318-3), and the Declaration of Kory Hines, dated September 1, 2022 (Docket Entry 318-1). I attest that the redacted portions of Archer's Reply Brief reveal information designated Confidential and Highly Confidential by Wisk, which are protected by a non-disclosure agreements between Wisk, The Boeing Company, Boeing HorizonX Ventures, LLC, and Kitty Hawk Corp, referred to and applied by Wisk's Amended and Restated LLC Agreement (extracts of which are Exhibit 5 to the Thomasch Declaration (Docket Entry 306-13) WISK00052349 at -412).

6. I understand that, pursuant to *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), confidential information filed in connection with a discovery motion may be

sealed upon a showing of "good cause," and a contractual confidentiality agreement constitutes good cause.

7. Therefore, the revised redacted portions of Archer's Reply Brief, as shown in the exhibits to the Sealing Motion, should be sealed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: September 8, 2022

By     */s/ Diane Cafferata*
               Diane Cafferata