# EXHIBIT 1

# FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>                Plaintiff,<br><br>        vs.<br><br>ARCHER AVIATION INC.,<br><br>                Defendant. | CASE NO. 3:21-cv-02450-WHO<br><br>**PLAINTIFF WISK AERO LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT ARCHER AVIATION INC.'S FIRST SET INTERROGATORIES** |

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Wisk Aero LLC ("Plaintiff"), hereby provides supplemental responses and objections to Defendant Archer Aviation Inc. ("Archer") First Set of Common Interrogatories (Nos. 1-7).

## PRELIMINARY STATEMENT

Plaintiff's investigation, discovery, and analysis are ongoing, and the responses to these Interrogatories are based on information presently available to Plaintiff after a reasonable investigation. Plaintiff reserves the right to supplement and/or amend these responses in the event further information is disclosed or discovered pursuant to Rule 26(e). Accordingly, these responses shall not be deemed to constitute admissions or representations that any statement or characterization is complete. In addition, Plaintiff's responses are given without prejudice to their rights to introduce as evidence at trial any subsequently discovered or unintentionally omitted information.

By responding to Archer's First Set of Interrogatories, Plaintiff does not waive any objection that may be applicable to: (a) the use, for any purpose, by Archer of any information provided in response; or (b) the admissibility, relevance, or materiality of any of the information to any issue in this case. Moreover, a response stating that Plaintiff will provide information or documents regarding an interrogatory does not constitute an admission that any information or document regarding that interrogatory exists or can be located after a reasonable search, or is known or reasonably available to Plaintiff.

Specific objections to each Interrogatory are made on an individual basis in the responses below. In addition to these Specific Objections, Plaintiff also makes certain continuing objections ("Global Objections") to these Interrogatories. The Global Objections are hereby incorporated by reference into each separate Interrogatory response. The inclusion of any Specific Objection to an Interrogatory below is neither intended as, nor shall in any way be deemed to be, a waiver of Plaintiff's rights to assert any other objection at a later date, nor is the assertion of the same, similar, or additional objections—or partial responses to the Requests—a waiver of any of Plaintiff's Global Objections.

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

## GLOBAL OBJECTIONS

Plaintiff make the following Global Objections, whether or not separately set forth in each response to each Interrogatory:

1.  Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it seeks information or documents protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, or any other applicable privilege (collectively, "Privileged Information"). Such information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine protections which may attach thereto.

2.  Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it purports to impose obligations greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules and Patent Local Rules of the United States District Court for the Northern District of California, this Court's orders and instructions, any stipulation or agreement of the parties in this action, or any other applicable authority.

3.  Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it is overly broad, unduly burdensome, seeks information that is not relevant to any claim or defense, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

4.  Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it is vague, ambiguous, and/or uses unlimited, undefined, subjective, or open-ended terms or phrases.

5.  Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it requests information that cannot be found in the course of a reasonable search.

6.  Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it is unreasonably cumulative or duplicative of other discovery requests, or seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including because such information is public and/or otherwise available to Archer.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

7.  Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it seeks the disclosure of third-party information, confidential or otherwise, for which Plaintiff has an obligation not to disclose.

8.  Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it requires Plaintiff to draw or render a legal conclusion and/or expert opinion.

9.  Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it seeks information that is trade secret and/or confidential or proprietary business information of Plaintiff.

10. Wisk objects to the definition of "Wisk," to the extent that definition purports to incorporate "former employees," "consultants," "Kitty Hawk," and other individuals, entities, or organizations that are not within Wisk's control.  Wisk will only respond on behalf of itself and those individuals and entities that Wisk controls.

11. Wisk objects to the definition of "Related Patents and Applications" as vague and ambiguous to the extent that it incorporates documents "related to" any patent or application.

12. Plaintiff objects to the Instructions to the extent that they are intended to impose any obligation other than those required by the Federal Rules of Civil Procedure, the Local Rules and Patent Local Rules of the United States District Court for the Northern District of California, and/or any other applicable rules or law. Plaintiff's objections include, but are not limited to, the Instruction that purports to improperly limit Plaintiff from referring to different Interrogatories in response to a specific Interrogatory, the Instruction that purports to impose improper burdens on Plaintiff with respect to claims of privilege, the Instruction that purports to improperly shift the burden to Plaintiff in interpreting and/or responding to Interrogatories that are improperly vague, ambiguous, and/or unduly broad, and the Instruction that purports to improperly shift the burden to Plaintiff in identifying to Archer information that is not known to Plaintiff, and/or is not within Plaintiff's possession, custody, or control.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

1  was in existence at least as of that date. WISK00006376. ███████████████

2  ████████████████████████████████████████████████████

3        Wisk specifically identifies at least the following individuals involved in the development

4  of the Manufacturing Processes and Equipment Trade Secrets: Robert Moore, Nathaniel Herse,

5  Patrick Kelley, Diederik Marius, Robert Moore, Justin Char, Stathis Kassimidis, Geoff Long, Jing

6  Xue, Laura Shane, Andrew Bajovic.

7  **INTERROGATORY NO. 2:**

8        For each alleged Trade Secret that You contend was misappropriated by Archer, describe all

9  actions You have taken to safeguard the alleged Trade Secret's secrecy.

10 **RESPONSE TO INTERROGATORY NO. 2:**

11       In addition to the foregoing Global Objections, which are expressly incorporated herein,

12 Plaintiff objects to this Interrogatory because it overbroad, unduly burdensome, and

13 disproportionate to the needs of the case, including with respect to its request to describe "all"

14 actions.  Plaintiff's trade secrets were developed over a multi-year, iterative investment in research

15 and development spanning multiple generations of aircraft, and Interrogatory No. 2 is

16 disproportionate to the needs of the case to the extent it is requesting that Plaintiff describe any and

17 all actions.  Plaintiff further objects to this interrogatory as vague and ambiguous in its reference to

18 "for each trade secret," "all actions" and "safeguard."  Plaintiff objects to this Interrogatory as

19 compound, and improperly containing multiple subparts.  For example, to the extent this

20 Interrogatory seeks a separate response for each trade secret it would evade the numerical limits on

21 interrogatories imposed by Rule 33(a)(1).

22       Subject to and without waiver of the foregoing General and Specific Objections, and

23 reserving the right to supplement their responses, Plaintiff responds as follows:

24       Wisk incorporates by reference the declaration of Caryn Nightengale in Support of Wisk

25 Aero LLC's Motion for Preliminary Injunction and Expedited Discovery, dated May 18, 2021.

26 Wisk further incorporates by reference the Supplemental Declaration of Geoff Long in Support of

27 Wisk Aero LLC's Motion for Preliminary Injunction and Expedited Discovery, dated July 14, 2021.

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1  Wisk's investigation is ongoing, and Wisk reserves all rights to amend, modify, and/or supplement
2  its response.

3  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

4  Subject to and without waiving its foregoing objections, Wisk further responds as follows:

5  The measures Wisk employs to protect its trade secrets referenced in the declaration of Caryn
6  Nightengale in Support of Wisk Aero LLC's Motion for Preliminary Injunction and Expedited
7  Discovery, dated May 18, 2021 and in the Supplemental Declaration of Geoff Long in Support of
8  Wisk Aero LLC's Motion for Preliminary Injunction and Expedited Discovery, dated July 14, 2021
9  have been in place at least throughout Wisk's existence and have not changed through the
10  company's various reorganizations and name changes.

11  Wisk's investigation is ongoing, and Wisk reserves all rights to amend, modify, and/or
12  supplement its response

13  **INTERROGATORY NO. 3:**

14  For each alleged Trade Secret that You contend was misappropriated by Archer, identify
15  and describe in detail how You were harmed by the alleged misappropriation, including when.

16  **RESPONSE TO INTERROGATORY NO. 3:**

17  In addition to the foregoing Global Objections, which are expressly incorporated herein,
18  Plaintiff objects to this Interrogatory because "for each alleged Trade Secret" and "identify and
19  describe in detail" is vague, overbroad, and unduly burdensome.  Plaintiff further objects to this
20  Interrogatory on the grounds and to the extent that it calls for legal conclusions.  Plaintiff objects to
21  this Interrogatory as premature because discovery in this litigation is in the early stages.  Plaintiff
22  objects to this Interrogatory as compound, and improperly containing multiple subparts.  For
23  example, to the extent this Interrogatory seeks a separate response for each trade secret it would
24  evade the numerical limits on interrogatories imposed by Rule 33(a)(1).

25  Subject to and without waiver of the foregoing General and Specific Objections, and
26  reserving the right to supplement their responses, Plaintiff responds as follows:

27  Archer's misappropriation has caused, or is likely to cause, Wisk multiple forms of
28  irreparable harm.  For example, through its misappropriation of Wisk's trade secrets, Archer has

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

been permitted to shave years off the standard independent development time line for eVTOL vehicles, netting Archer an unjust head start.  Indeed, the fact that Archer spent nearly a year attempting to develop an eVTOL aircraft with the University of Florida, and was forced to set aside that aircraft because it was unviable, demonstrates that Archer gained an ill-gotten head start by using Wisk's trade secret information.  Additionally, Wisk's trade secrets are at risk of total destruction as a result of Archer's ongoing use and disclosure of the trade secrets. As reported by LinkedIn, Archer's workforce has grown by over 160% during the past year, and 89% during the past six months alone. Archer's website further reveals that it is still hiring for myriad positions.  All of those hires (and potential hires) represent more and more employees who stand to gain illicit access to Wisk's trade secrets. Moreover, Archer is currently attempting to consummate a merger with a SPAC in order to go public, meaning that an entirely new company (the SPAC vehicle) will soon gain access to Wisk's trade secrets as well. As yet another example, Archer recently signed a billion-dollar deal to sell its copycat aircraft to United Airlines—a clear "diversion" of future potential business away from Wisk that constitutes irreparable harm.

**INTERROGATORY NO. 4:**

Describe in detail all facts relevant to the alleged date that Plaintiff first contemplated the design for a fixed-wing, 12-rotor aircraft configuration with six tilting rotors on the front of the wing and six stationary rotors on the rear of the wing, as described in paragraphs 81 through 84 of the Complaint. Such response shall identify each Person who contributed to such design, the nature of each such Person's participation, involvement, and/or contribution, and the identity of all Documents (by Bates-numbers) relating to such design.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the foregoing Global Objections, which are expressly incorporated herein, Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case, as it seeks the identification of "all" facts and "all" Documents.  Plaintiff further objects to this Interrogatory as vague and ambiguous in its reference to "first contemplated", "participation", "involvement", and "contribution." Plaintiff also objects to the extent that these terms call for a legal conclusion.  Plaintiff further objects to this Interrogatory as compound, and

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

DATED:  January 21, 2022                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                            By   /s/ Patrick Schmidt
                                                 Yury Kapgan
                                                 Robert M. Schwartz
                                                 Michael T. Zeller
                                                 Diane Cafferata
                                                 Patrick Schmidt
                                                 Michael LaFond
                                                 Attorneys for Plaintiff Wisk Aero LLC

PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS . 1-7)

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

## CERTIFICATE OF SERVICE

2

      I am employed in the County of Los Angeles, State of California.  I am over the age of
3
eighteen years and not a party to the within action; my business address is 865 S Figueroa St 10th
Floor, Los Angeles, CA 90017.

4

On January 21, 2022, I served true and correct copies of the following document(s) described as
5
**PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-7).** on the interested parties
6
in this action as follows:

7
Diana Feinstein                                  Benjamin Wagner
Gibson Dunn Crutcher LLP                          Gibson Dunn Crutcher LLP
8
333 South Grand Avenue,                           1881 Page Mill Road
Los Angeles, CA 90071-3197 USA                    Palo Alto, CA 94304
9
(213) 229-7351                                    650-849-5395
Email: DFeinstein@gibsondunn.com                  Email: bwagner@gibsondunn.com
10
Orin Snyder                                       Joshua H. Lerner
11
Gibson Dunn and Crutcher, LLP                     Gibson Dunn Crutcher LLP
200 Park Avenue                                   555 Mission Street
12
New York, NY 10166                                Suite 3000
(212) 351-2400                                    San Francisco, CA 94105-0921
13
Email: osnyder@gibsondunn.com                     415.393.8200
                                                  Fax: 415.393.8306
14
                                                  Email: jlerner@gibsondunn.com

15

**BY ELECTRONIC MAIL TRANSMISSION:**  I personally transmitted to the person(s) named
16
in the attached service list who has/have previously consented in writing to receive documents via
electronic mail, to the email address(es) shown on the list, delivered on the date listed below,
17
originating from an electronic e-mail address affiliated with Quinn Emanuel Urquhart & Sullivan,
865 S Figueroa St 10th Floor, Los Angeles, CA 90017.  A true and correct copy of the above-
18
described document(s) was transmitted by electronic transmission through the Quinn Emanuel
Urquhart & Sullivan mail server, which did not report any error in sending the transmission.
19

20
      I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct.
21

22
      Executed on January 21, 2022, at Los Angeles, California.

23

24
                                    _/s/ Nima Hefazi_____
25
                                    Nima Hefazi

26

27

28

Case No. 3:21-cv-02450-WHO
PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET
OF INTERROGATORIES (NOS . 1-7)

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>             Plaintiff,<br><br>        vs.<br><br>ARCHER AVIATION INC.,<br><br>             Defendant. | CASE NO. 3:21-cv-02450-WHO<br><br>**PLAINTIFF WISK AERO LLC'S OBJECTIONS AND RESPONSES TO DEFENDANT ARCHER AVIATION INC.'S FOURTH SET OF INTERROGATORIES (NOS. 19-23)** |

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Wisk Aero LLC ("Plaintiff"), hereby provides responses and objections to Defendant Archer Aviation Inc.'s ("Archer") Fourth Set of Interrogatories (Nos. 19-23).

## PRELIMINARY STATEMENT

Plaintiff's investigation, discovery, and analysis are ongoing, and the responses to these Interrogatories are based on information presently available to Plaintiff after a reasonable investigation. Plaintiff reserves the right to supplement and/or amend these responses in the event further information is disclosed or discovered pursuant to Rule 26(e). Accordingly, these responses shall not be deemed to constitute admissions or representations that any statement or characterization is complete. In addition, Plaintiff's responses are given without prejudice to their rights to introduce as evidence at trial any subsequently discovered or unintentionally omitted information.

By responding to Archer's Fourth Set of Interrogatories, Plaintiff does not waive any objection that may be applicable to: (a) the use, for any purpose, by Archer of any information provided in response; or (b) the admissibility, relevance, or materiality of any of the information to any issue in this case. Moreover, a response stating that Plaintiff will provide information or documents regarding an interrogatory does not constitute an admission that any information or document regarding that interrogatory exists or can be located after a reasonable search, or is known or reasonably available to Plaintiff.

Specific objections to each Interrogatory are made on an individual basis in the responses below. In addition to these Specific Objections, Plaintiff also makes certain continuing objections ("Global Objections") to these Interrogatories. The Global Objections are hereby incorporated by reference into each separate Interrogatory response. The inclusion of any Specific Objection to an Interrogatory below is neither intended as, nor shall in any way be deemed to be, a waiver of Plaintiff's rights to assert any other objection at a later date, nor is the assertion of the same, similar, or additional objections—or partial responses to the Requests—a waiver of any of Plaintiff's Global Objections.

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

## GLOBAL OBJECTIONS

Plaintiff make the following Global Objections, whether or not separately set forth in each response to each Interrogatory:

1.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it seeks information or documents protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, or any other applicable privilege (collectively, "Privileged Information"). Such information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine protections which may attach thereto.

2.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it purports to impose obligations greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules and Patent Local Rules of the United States District Court for the Northern District of California, this Court's orders and instructions, any stipulation or agreement of the parties in this action, or any other applicable authority.

3.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it is overly broad, unduly burdensome, seeks information that is not relevant to any claim or defense, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it is vague, ambiguous, and/or uses unlimited, undefined, subjective, or open-ended terms or phrases.

5.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it requests information that cannot be found in the course of a reasonable search.

6.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it is unreasonably cumulative or duplicative of other discovery requests, or seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including because such information is public and/or otherwise available to Archer.

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

7.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it seeks the disclosure of third-party information, confidential or otherwise, for which Plaintiff has an obligation not to disclose.

8.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it requires Plaintiff to draw or render a legal conclusion and/or expert opinion.

9.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it seeks information that is trade secret and/or confidential or proprietary business information of Plaintiff.

10.      Wisk objects to the definition of "Wisk," to the extent that definition purports to incorporate "former employees," "consultants," "Kitty Hawk," and other individuals, entities, or organizations that are not within Wisk's control.  Wisk will only respond on behalf of itself and those individuals and entities that Wisk controls.

11.      Plaintiff objects to the Instructions to the extent that they are intended to impose any obligation other than those required by the Federal Rules of Civil Procedure, the Local Rules and Patent Local Rules of the United States District Court for the Northern District of California, and/or any other applicable rules or law. Plaintiff's objections include, but are not limited to, the Instruction that purports to improperly limit Plaintiff from referring to different Interrogatories in response to a specific Interrogatory, the Instruction that purports to impose improper burdens on Plaintiff with respect to claims of privilege, the Instruction that purports to improperly shift the burden to Plaintiff in interpreting and/or responding to Interrogatories that are improperly vague, ambiguous, and/or unduly broad, and the Instruction that purports to improperly shift the burden to Plaintiff in identifying to Archer information that is not known to Plaintiff, and/or is not within Plaintiff's possession, custody, or control.

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

1  modify its response with additional information supporting its willfulness allegations.

2  **INTERROGATORY NO. 23:**

3      For each alleged Trade Secret You contend Archer misappropriated, set forth Your bases for

4  alleging that Trade Secret was misappropriated by Archer on a Trade Secret-by-Trade Secret basis.

5  **RESPONSE TO INTERROGATORY NO. 23:**

6      In addition to the Global Objections, which are incorporated fully by reference herein, Wisk

7  specifically objects to this interrogatory as premature. Discovery in this case is in its early stages

8  and Archer has refused to timely produce documents and information called for in Wisk's discovery

9  requests based on its own unilateral determination that Wisk's trade secret identification is

10  insufficient. Archer has also failed to search or make available for inspection devices from former

11  Wisk employees, including Jing Xue, Tom Muniz, Diederik Marius, and John Melack. Wisk further

12  objects to this Interrogatory on the grounds that it is an improper contention interrogatory that seeks

13  to require Wisk to prematurely commit itself to a position before discovery is complete. Wisk

14  reserves the right to supplement or modify its trade secret identification and this Response later in

15  this litigation, including if additional information becomes available through discovery. Wisk also

16  objects to this interrogatory to the extent it is vague, ambiguous or calls for a legal conclusion, for

17  example as to the term "misappropriated." Wisk further objects to this interrogatory on the grounds

18  that it is compound and exceeds the number of Interrogatories permitted under Rule 33 because it

19  requests a response for each of the fifty-two trade secrets disclosed in Wisk's 2019.210 Statement.

20  Thus, to the extent this Interrogatory seeks a separate response for each trade secret and subpart it

21  would evade the numerical limits on interrogatories imposed by Rule 33(a)(1). Wisk also objects

22  to the extent this Interrogatory is duplicative of Archer's Interrogatory No. 10.

23      Subject to and without waiving the foregoing objections or the Global Objections, and to the

24  extent this interrogatory can be understood, Wisk responds as follows:

25      Based on Wisk's current investigation to date, Wisk contends that Archer has acquired

26  Wisk's trade secrets from one or more former Wisk employees that have now joined Archer.

27      By way of example, one of Wisk's former employees, Jing Xue, downloaded thousands of

28  Wisk files over a private network (possibly his home network) on December 25, 2019 and December

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

26, 2019 from Wisk's repository on Google Drive. Xue had also inserted a USB device into one of his Wisk-issued laptops on December 25, 2019, which USB drive he did not return to Wisk. Moreover, the computers and USB drives that Xue did return to Wisk did not contain the downloaded files, and the forensic records on Xue's Wisk-issued computers contained no evidence of the downloads. At his deposition, Xue repeatedly invoked his Fifth Amendment privilege when asked questions regarding these downloads. *See, e.g.*, Xue Tr. at 105:15-19, 110:8-13, 111:23-112:4, 80:2-6, 80:21-81:6.  The documents Xue misappropriated describe Wisk's trade secrets. Indeed, Wisk's 2019.210 statement, which Wisk incorporates by reference, identifies the trade secrets that the documents downloaded by Xue pertain to.

Xue is also not the only former Wisk employee to leave Wisk for Archer with confidential, proprietary and/or trade secret documents.  For instance, discovery to date has revealed that former Wisk employees (*e.g.*, Diederik Marius, Johnny Melack, and Tom Muniz) were each in possession of Wisk's confidential, proprietary and/or trade secret information when they departed Wisk for Archer—including documents expressly identified in Wisk's 2019.210 statement—for example: DM-000181; DM-000265; DM-000428; DM-000439; DM-000468; DM-000474; DM-000495; DM-000506; DM-000509; DM-000516; DM-000518; DM-000529; DM-000543; DM-000578; DM-000661; DM-000671; DM-000748; DM-000763; DM-000793; DM-000805; DM-000844; DM-000852; DM-000863; DM-000878; DM-000896; DM-000901; DM-000933; DM-000945; DM-000950; DM-000965; DM-000976; DM-000980; DM-000999; DM-001070; DM-001077; DM-001111; DM-001112; DM-001130; DM-001134; DM-001149; DM-001208; DM-001277; DM-001317; DM-001322; DM-001330; DM-001348; DM-001365; DM-001470; DM-001520; DM-001524; DM-001525; DM-001526; DM-001533; DM-001537; JM-000078; JM-000080; JM-000084; JM-000109; JM-000141; JM-000157; JM-000183; JM-000185; JM-000186; Marius Depo Ex. 12; Marius Depo Ex. 13; MARIUS-DOJ-0000288; MARIUS-DOJ-0000571; MARIUS-DOJ-0000728; MARIUS-DOJ-0000729; MARIUS-DOJ-0000733; MARIUS-DOJ-0001477; MARIUS-DOJ-0001477;  MARIUS-DOJ-0001480;  MARIUS-DOJ-0001771;  MARIUS-DOJ-0001773; MARIUS-DOJ-0001775;  MARIUS-DOJ-0001839;  MARIUS-DOJ-0001839;  MELACK-DOJ-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

0000812;   MELACK-DOJ-0000950;   MELACK-DOJ-0009071;   MELACK-DOJ-0009179;
MUNICK-DOJ-0000428; SF-000001; SF-000002; SF-000003; SF-000004; TM-000214.

Archer's development timeline and substantial use and copying of Wisk's trade secrets also reflects the misappropriation of Wisk's trade secrets.  Archer was unable to develop an eVTOL aircraft after spending nearly a year working with the University of Florida.  But thereafter Archer recruited numerous Wisk employees and arrived at an eVTOL aircraft in several weeks that uses numerous of Wisk's trade secrets. *See, e.g.*, Supplemental Collins PI Declaration ¶¶ 8-15.  Archer's short development timeline reflects the use of Wisk's trade secrets.

Wisk further incorporates by reference its response to Archer's Interrogatory No. 10 (including all supplements).  Wisk also incorporates by reference the opening and supplemental declarations of Dr. Randolph Collins in support of Wisk's Motion for Preliminary Injunction and Expedited Discovery.  Wisk further incorporates by reference the opening and supplemental declarations of Dr. Farhan Gandhi in support of Wisk's Motion for Preliminary Injunction and Expedited Discovery.  Wisk's investigation is ongoing, and Wisk reserves all rights to amend, modify, and/or supplement its response.

DATED:  January 13, 2022                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                            By   */s/ Patrick Schmidt*
                                            Yury Kapgan
                                            Robert M. Schwartz
                                            Michael T. Zeller
                                            Diane Cafferata
                                            Patrick Schmidt
                                            Michael LaFond

                                            Attorneys for Plaintiff Wisk Aero LLC

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 S Figueroa St 10th Floor, Los Angeles, CA 90017.

On January 13, 2022, I served true and correct copies of the following document(s) described as **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES.** on the interested parties in this action as follows:

Diana Feinstein
Gibson Dunn Crutcher LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197 USA
(213) 229-7351
Email: DFeinstein@gibsondunn.com

Benjamin Wagner
Gibson Dunn Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304
650-849-5395
Email: bwagner@gibsondunn.com

Orin Snyder
Gibson Dunn and Crutcher, LLP
200 Park Avenue
New York, NY 10166
(212) 351-2400
Email: osnyder@gibsondunn.com

Joshua H. Lerner
Gibson Dunn Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921
415.393.8200
Fax: 415.393.8306
Email: jlerner@gibsondunn.com

**BY ELECTRONIC MAIL TRANSMISSION:**  I personally transmitted to the person(s) named in the attached service list who has/have previously consented in writing to receive documents via electronic mail, to the email address(es) shown on the list, delivered on the date listed below, originating from an electronic e-mail address affiliated with Quinn Emanuel Urquhart & Sullivan, 865 S Figueroa St 10th Floor, Los Angeles, CA 90017.  A true and correct copy of the above-described document(s) was transmitted by electronic transmission through the Quinn Emanuel Urquhart & Sullivan mail server, which did not report any error in sending the transmission.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 13, 2022, at Los Angeles, California.

*/s/ Nima Hefazi*
Nima Hefazi

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC, | CASE NO. 3:21-cv-02450-WHO |
| Plaintiff, | **PLAINTIFF WISK AERO LLC'S OBJECTIONS AND RESPONSES TO DEFENDANT ARCHER AVIATION INC.'S FIFTH SET OF INTERROGATORIES (NO. 24)** |
| vs. | |
| ARCHER AVIATION INC., | |
| Defendant. | |

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Wisk Aero LLC ("Plaintiff"), hereby provides responses and objections to Defendant Archer Aviation Inc.'s ("Archer") Fifth Set of Interrogatories (No. 24).

## PRELIMINARY STATEMENT

Plaintiff's investigation, discovery, and analysis are ongoing, and the responses to these Interrogatories are based on information presently available to Plaintiff after a reasonable investigation. Plaintiff reserves the right to supplement and/or amend these responses in the event further information is disclosed or discovered pursuant to Rule 26(e). Accordingly, these responses shall not be deemed to constitute admissions or representations that any statement or characterization is complete. In addition, Plaintiff's responses are given without prejudice to their rights to introduce as evidence at trial any subsequently discovered or unintentionally omitted information.

By responding to Archer's Fifth Set of Interrogatories, Plaintiff does not waive any objection that may be applicable to: (a) the use, for any purpose, by Archer of any information provided in response; or (b) the admissibility, relevance, or materiality of any of the information to any issue in this case. Moreover, a response stating that Plaintiff will provide information or documents regarding an interrogatory does not constitute an admission that any information or document regarding that interrogatory exists or can be located after a reasonable search, or is known or reasonably available to Plaintiff.

Specific objections to each Interrogatory are made on an individual basis in the responses below. In addition to these Specific Objections, Plaintiff also makes certain continuing objections ("Global Objections") to these Interrogatories. The Global Objections are hereby incorporated by reference into each separate Interrogatory response. The inclusion of any Specific Objection to an Interrogatory below is neither intended as, nor shall in any way be deemed to be, a waiver of Plaintiff's rights to assert any other objection at a later date, nor is the assertion of the same, similar, or additional objections—or partial responses to the Requests—a waiver of any of Plaintiff's Global Objections.

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

## GLOBAL OBJECTIONS

Plaintiff make the following Global Objections, whether or not separately set forth in each response to each Interrogatory:

1.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it seeks information or documents protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, or any other applicable privilege (collectively, "Privileged Information"). Such information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine protections which may attach thereto.

2.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it purports to impose obligations greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules and Patent Local Rules of the United States District Court for the Northern District of California, this Court's orders and instructions, any stipulation or agreement of the parties in this action, or any other applicable authority.

3.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it is overly broad, unduly burdensome, seeks information that is not relevant to any claim or defense, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it is vague, ambiguous, and/or uses unlimited, undefined, subjective, or open-ended terms or phrases.

5.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it requests information that cannot be found in the course of a reasonable search.

6.      Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it is unreasonably cumulative or duplicative of other discovery requests, or seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including because such information is public and/or otherwise available to Archer.

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

7.     Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it seeks the disclosure of third-party information, confidential or otherwise, for which Plaintiff has an obligation not to disclose.

8.     Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it requires Plaintiff to draw or render a legal conclusion and/or expert opinion.

9.     Plaintiff objects to each and every Interrogatory, instruction, and definition to the extent that it seeks information that is trade secret and/or confidential or proprietary business information of Plaintiff.

10.     Wisk objects to the definition of "Wisk," to the extent that definition purports to incorporate "former employees," "consultants," "Kitty Hawk," and other individuals, entities, or organizations that are not within Wisk's control.  Wisk will only respond on behalf of itself and those individuals and entities that Wisk controls.

11.     Plaintiff objects to the Instructions to the extent that they are intended to impose any obligation other than those required by the Federal Rules of Civil Procedure, the Local Rules and Patent Local Rules of the United States District Court for the Northern District of California, and/or any other applicable rules or law. Plaintiff's objections include, but are not limited to, the Instruction that purports to improperly limit Plaintiff from referring to different Interrogatories in response to a specific Interrogatory, the Instruction that purports to impose improper burdens on Plaintiff with respect to claims of privilege, the Instruction that purports to improperly shift the burden to Plaintiff in interpreting and/or responding to Interrogatories that are improperly vague, ambiguous, and/or unduly broad, and the Instruction that purports to improperly shift the burden to Plaintiff in identifying to Archer information that is not known to Plaintiff, and/or is not within Plaintiff's possession, custody, or control.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 24:**

Describe in detail the complete legal and factual basis for Wisk's contention in its Second Amended Complaint that the Trade Secrets "derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." *See* Dkt. 148 ¶ 141.

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the Global Objections, which are incorporated fully by reference herein, Wisk specifically objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and not relevant or proportional to the needs of the case as it seeks "the complete legal and factual basis" for Plaintiff's claims before the completion of discovery. Wisk also objects to this Interrogatory as premature because Archer has, to date, refused to disclose the complete basis for its contention that Wisk's trade secrets are generally known or readily ascertainable. Wisk further objects to this Interrogatory as premature because it calls for Wisk to draw or render legal conclusions and/or expert opinions before the deadline for the disclosures of such information. Wisk also objects on the basis that the interrogatory calls for information that is protected by the attorney-client privilege, work product privilege, or is otherwise protected by privilege from disclosure.

Subject to and without waiving the foregoing objections or the Global Objections, and to the extent this interrogatory can be understood, Wisk responds that Archer has yet to provide a complete response to Wisk's Interrogatory No. 8, which has been outstanding for nearly six months and asks Archer to provide "the complete legal and factual basis for Archer's contention" that Wisk's trade secrets are "readily ascertainable by proper means." Nevertheless, Wisk responds that its trade secrets derive significant economic value from not being generally known or readily ascertainable.

That these trade secrets derive significant economic value from not being generally known or readily ascertainable is evidenced by Wisk's substantial investment of time and resources in the development of the trade secrets. For example, the trade secrets collectively reflect ten years of research and development work. WISK00034025. Wisk has invested many millions of dollars and

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

1    many thousand of hours of engineering time in developing and testing the eVTOL aircraft and its

2    components which contain the trade secrets at issue, including the proprietary motors, motor

3    controllers, batteries, power and propulsion systems, power distribution systems, avionics, and wire

4    harnesses.  *Id*.  Archer itself recognized the value of Wisk's eVTOL technology, explaining that

5    Wisk "invented" the eVTOL industry and that Wisk's "Cora" is its "flagship vehicle."  Archer-

6    NDCA-00015377.  Archer has also recognized that Wisk had "put an estimated $500mn - $1bn"

7    into inventing the eVTOL industry over "10 years."  *Id*.; *see also* PI Motion, Ex. 14 (Archer's co-

8    founder, Adam Goldstein, epxlained that Wisk spent "something like a billion dollars of capital over

9    10 years building five full-scale aircrafts and dozens of those aircrafts.  The latest one is called

10   Cora…. Incredible group with incredible technology.").  The trade secrets in this case involve

11   development work related to Kitty Hawk, Zee.Aero, Cora.

12        The economic value of Wisk's trade secrets is further evidenced by Archer's own past

13   failures in eVTOL development.  For example, in 2018 Archer began working with the University

14   of Florida to independently develop its own eVTOL aircraft.  According to Archer, the "University

15   of Florida has the largest Mechanical Aerospace Engineering Ph.D. research program in the state of

16   Florida and conducts world class research with top quality students."  Archer-NDCA-00035683.

17   Despite the "world class" resources and talents of the Universtity of Florida, and Archer's

18   substantial investement of time and resources into the project, by the end of 2019 Archer had

19   concluded that the eVTOL aircraft it designed with the University of Florida was not viable and was

20   forced to "set the University of Florida work aside" and "start over" (Bower Depo. Tr. at 33:6-9,

21   48:9-49:12).  As Archer has recognized, while there are over 250 eVTOL concepts being developed,

22   "only a few of these vehicle designs are viable."  Archer-NDCA-00015377.  Archer has further

23   stated that "only 2 companies [Archer and Wisk] have the right vehicle, funding potential, and

24   experienced team to get a certified eVTOL aircraft to market."  Archer-NDCA-00015379.  Indeed,

25   despite strong market incentives to independently develop the trade secrets at issue in this litigation,

26   no competitor has done so successfully, or been able to arrive at Wisk's eVTOL design without the

27   use of Wisk's trade secrets.  The eVTOL industry is estimated to be worth "$1.5 trillion dollars by

28   2040" and Wisk's trade secrets are essential to the manufacture and functioning of the "right"

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIFTH SET OF INTERROGATORIES

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

1  eVTOL design adopted by Archer and Wisk.  Archer-NDCA-00015390, Archer-NDCA-00015406;

2  *see also* Archer-NDCA-00024538, at -24548 ($1,764,000 revenue per vehicle per year at a price of

3  $3.00 per seat-mile); *id.* at -24577 ($2,400,000 revenue per vehicle per year); Archer-NDCA-

4  00044128, at -44136 (projecting revenues of $3,200,000 per vehicle per year at a price of $3.50 per

5  seat-mile).  That Archer and others have been unable to develop the "right vehicle" without Wisk's

6  trade secrets evidences the value of the trade secrets.

7  　　　　The head start Archer obtained through the use of Wisk's trade secrets also evidences the

8  economic value of Wisk's trade secrets.  Archer's Chief Engineer, Dr. Geoff Bower, stated that

9  Archer designed all of the subsystems for its Maker aircraft between January 6, 2020 (when he

10  joined the company) and February 27, 2020 (the date of Archer's conceptual design review) in

11  parallel with its evaluation and selection of an overall aircraft configuration:

12  　　　　Q. Is it fair to say that between January 6th and February 27th, 2020,
13  　　　　your engineering team at Archer was doing all of this conceptual
　　　　design review work on the subsystems at the same time you were
14  　　　　doing the configuration analyses we've been discussing?

15  　　　　A. Yes, that is -- that is true.· We were -- you know, they were – they
　　　　were working on the subsystems. And then, you know, as I discussed
16  　　　　earlier, like on the electric propulsion system, it was important that
　　　　the-- the architecture of that system worked with the architecture of
17  　　　　the airplane. So those discussions were -- were definitely had, and
　　　　that's what the -- the rest of the team was really focused on.

18  　　　　　　　　…

19  　　　　Q. Is it fair to say that by February 27th, 2020, your team at Archer
20  　　　　had developed, at least a conceptual level, all of the subsystems that
　　　　would be required for this 12-tilt-6 configuration?

21  　　　　A. I would say that, yes, we -- we had -- in some cases, we had
22  　　　　selected the -- the architectures of some of those subsystems. In other
　　　　cases, we had down-selected to the -- you know, a small number of
23  　　　　candidates or a couple of candidates.

24  Bower Tr. at 11:14-25.  As Wisk's experts have opined, Archer could not have designed all of its

25  subsystems in parallel with its aircraft selection in a mere seven weeks, absent the head start it

26  obtained from the use of Wisk's trade secrets.  Collins Supplemental Decl., ¶¶7-15; Ghandi

27  Supplemental Decl., ¶¶23-32.  Moreover, the table below illustrates Archer's improbably short

28  development timeline to a certifiable vehicle:

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

| Company | Year Founded | Prototype Constructed | First Production Model Built | Expected Certification Date | Time From Prototype to Certification |
|---|---|---|---|---|---|
| Joby | 2009 | 2016 | 2017 | 2023 | 7 years |
| Lilium | 2015 | 2017 | 2019 | 2024 | 7 years |
| Volocopter | 2011 | 2011 | 2013 | 2023 | 12 years |
| EHang | 2014 | 2016 | 2018 | 2024[22] | 8 years |
| Wisk | 2010 | 2016 | 2018 | 2024 | 8 years |
| Archer | 2018 | 2021 | 2021[23] | 2024 | 3 years |

*Id.*   Archer has saved years of development time and avoided the need to develop multiple generations of aircrafts by using Wisk's trade secrets.

Wisk provides further details on the technical benefits provided by each trade secret in its 2019.210 statement, which is incorporated by reference.  Wisk further incorporates by reference the opening and supplemental declarations of Dr. Randolph Collins in support of Wisk's Motion for Preliminary Injunction and Expedited Discovery. Wisk further incorporates by reference the opening and supplemental declarations of Dr. Farhan Gandhi in support of Wisk's Motion for Preliminary Injunction and Expedited Discovery.

Wisk's investigation is ongoing, and Wisk reserves all rights to amend, modify, and/or supplement its response.

DATED:  January 24, 2022                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                            By   */s/ Patrick Schmidt*
                                            Yury Kapgan
                                            Robert M. Schwartz
                                            Michael T. Zeller
                                            Diane Cafferata
                                            Patrick Schmidt
                                            Michael LaFond

                                            Attorneys for Plaintiff Wisk Aero LLC

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

1

## CERTIFICATE OF SERVICE

2

3

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 S Figueroa St 10th Floor, Los Angeles, CA 90017.

4

5

On January 24, 2022, I served true and correct copies of the following document(s) described as **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIFTH SET OF INTERROGATORIES.** on the interested parties in this action as follows:

6

7

8

9

Diana Feinstein
Gibson Dunn Crutcher LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197 USA
(213) 229-7351
Email: DFeinstein@gibsondunn.com

Benjamin Wagner
Gibson Dunn Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304
650-849-5395
Email: bwagner@gibsondunn.com

10

11

12

13

Orin Snyder
Gibson Dunn and Crutcher, LLP
200 Park Avenue
New York, NY 10166
(212) 351-2400
Email: osnyder@gibsondunn.com

Joshua H. Lerner
Gibson Dunn Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921
415.393.8200
Fax: 415.393.8306
Email: jlerner@gibsondunn.com

14

15

16

17

18

**BY ELECTRONIC MAIL TRANSMISSION:**  I personally transmitted to the person(s) named in the attached service list who has/have previously consented in writing to receive documents via electronic mail, to the email address(es) shown on the list, delivered on the date listed below, originating from an electronic e-mail address affiliated with Quinn Emanuel Urquhart & Sullivan, 865 S Figueroa St 10th Floor, Los Angeles, CA 90017.  A true and correct copy of the above-described document(s) was transmitted by electronic transmission through the Quinn Emanuel Urquhart & Sullivan mail server, which did not report any error in sending the transmission.

19

20

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

21

22

Executed on January 24, 2022, at Los Angeles, California.

23

24

*/s/ Nima Hefazi*
Nima Hefazi

25

26

27

28