UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>ARCHER AVIATION INC.,<br><br>   Defendant. | Case No. 3:21-cv-02450-WHO<br><br>**ORDER RE: JOINT LETTER BRIEF**<br><br>Re: Dkt. No. 346 |

Once again showing an inability to work together constructively in preparing this case for trial, and with the usual hand-waving and failure to grapple with each other's valid concerns, the parties have yet another disagreement, this time over Archer's obligation to narrow the number of references after Wisk served a final, binding response with its bases for the secrecy of each purported trade secret. [Dkt. No. 346]. Wisk stated that it served a final, binding response with bases for the secrecy of each purported trade secret, in line with my July 12 order, to Archer on August 14, 2022. *Id.* at 2. With those responses, Wisk said it reserved the right to supplement its responses "with respect to as yet undisclosed information or theories." *Id.* It then requested that I order Archer to narrow its total number of trade secret references to a specific number. *Id.* at 2, 6.

As background, on July 12, 2022, I ordered the parties to narrow certain claims and references in this case. *See* Minute Order, July 12, 2022 [Dkt. No. 299]. In addition to narrowing requirements for the patent claims, Archer was required to "narrow its references . . . for trade secrets claims. Before that happens, Wisk must serve a final, binding response with its bases for the secrecy of each purported trade secret." *Id.* On July 22, 2022, per the parties' stipulation, I entered a modified scheduling order which, among other things, scheduled November 15, 2022, as the date on which Wisk must narrow its trade secrets claims to 10. *See* Joint Stipulation and Order

to Modify Case Schedule [Dkt. No. 303].

To Wisk's side of the dispute letter, Archer has responded that requiring it to narrow its references to a certain number is "contrary to law and extremely prejudicial." *Id.* at 7. Archer conceded that Wisk supplemented its interrogatory responses but stated that Wisk's responses made no affirmative showing of secrecy to meet Wisk's burden. *Id.* at 7-9. Archer also argued that constraining its ability to provide defenses differs from the prior art context for patents, where only one reference is necessary to disprove allegations. *Id.* at 8-9.

I agree with Archer that the law and proof requirements for trade secrets references differ from those for patent prior art references. I will not now order Archer to narrow its references to specific number. My problem with Archer's response is that it seems to disregard the requirement set forth in the Minute Order on July 12, 2022, to narrow its references, because Archer apparently thinks the court lacks authority to require it to do so. Not to put too fine a point on this: I expect parties to make a good faith effort to follow my directions or immediately ask me to reconsider my rulings, not to unilaterally decide that they don't apply. Archer's response does not suggest that, in light of my order and Wisk's binding representations, it reviewed its references and determined whether any should now be withdrawn. I order it to do that now, and to meet and confer with Wisk by October 14th to explain in detail why Archer is unable to reduce the references further in light of the trade secrets asserted by Wisk. It seems obvious that Archer will not utilize at trial all of the references that it has asserted. I am requiring it to make a realistic assessment in good faith and make a reduction accordingly; it is time to begin the winnowing process. If Wisk believes that Archer is acting in bad faith with respect to the remaining references, it can bring that to my attention by being precise with respect to the references for any specific trade secret.

**IT IS SO ORDERED.**

Dated: October 11, 2022



William H. Orrick
United States District Judge