QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt, SBN 208552
  jkrevitt@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300

Orin Snyder, admitted *pro hac vice*
  osnyder@gibsondunn.com
Daniel J. Thomasch, admitted *pro hac vice*
  dthomasch@gibsondunn.com
Paul Torchia, admitted *pro hac vice*
  ptorchia@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000

Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Michael H. Dore, SBN 227442
  mdore@gibsondunn.com
Diana M. Feinstein, admitted *pro hac vice*
  dfeinstein@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
Telephone: 310.552.8500

Attorneys for Defendant and Counterclaimant
Archer Aviation Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ARCHER AVIATION INC., <br><br> Defendant. | Case No. 3:21-cv-02450-WHO <br><br> **FOURTH JOINT CASE MANAGEMENT STATEMENT** |

# JOINT CASE MANAGEMENT STATEMENT

## I.      Current Status of the Case

***Plaintiff Wisk's Statement.***  The parties are actively conducting depositions. Wisk will raise any issues arising from those depositions with Magistrate Judge Ryu.

Beyond that, Wisk is nonplussed by Archer's eleventh-hour claim that Wisk has altered the scope of its trade secrets. In any event, a Case Management Conference statement is an inappropriate vehicle to litigate such issues.

***Defendant Archer's Statement.***  Since the last Case Management Conference, the parties have completed written discovery; fact depositions are ongoing.  As explained herein, Archer is concerned that Wisk has attempted to expand (or contract) the scope of the alleged trade secrets beyond Wisk's Section 2019.210 Statement.

## II.     Motions

The only substantive pending motion is Archer's motion to compel Wisk to produce clawed-back documents (Dkt. 307), which Judge Ryu is scheduled to hear on November 10, 2022 (Dkt. 323).  Also pending are unopposed sealing motions and declarations relating to Archer's pending motion challenging certain of Wisk's clawbacks (Dkts. 306, 309, 313, 318, 327) and a resolved joint discovery letter (Dkts. 328, 338).

***Plaintiff Wisk's Statement.***  Wisk may file the following motions and perhaps others: (a) a motion to compel Archer to comply with this Court's order directing Archer to narrow its trade-secret references (Dkt. 354); (b) motions related to discovery and depositions; (c) a motion for summary judgment on Archer's counterclaims; (d) a motion for summary judgment on certain elements of Wisk's affirmative claims; (e) a motion for sanctions and other relief related to former-Wisk, now-Archer employee Scott Furman's intentional destruction of Wisk documents after he was served with a subpoena; and (f) pretrial motions, including *Daubert* and *in limine* motions.

***Defendant Archer's Statement.***  At this time, Archer anticipates that it may file, *inter alia*, (i) various discovery-related motions pertaining to third-party and party discovery; (ii) one or (with Court approval) more motions for summary judgment on Wisk's trade secret and patent claims; and (iii) pretrial motions, including *Daubert* and *in limine* motions.

III.   **Amendment of Pleadings**

**Plaintiff Wisk's Statement.**   Wisk has amended its complaint twice. *See* Dkt. 45; Dkt. 148. Although Wisk may consider further amendments based on information learned in the remaining discovery period, Wisk does not anticipate further amendments.

**Defendant Archer's Statement.**   Archer maintains that neither party should be granted leave to amend.

IV.   **Depositions**

The parties have each taken numerous depositions and are working together to schedule the balance of each side's desired depositions.   Although the parties expect to complete most fact depositions by the current deadline of November 7, 2022, they recognize that there are substantial scheduling problems—including with third parties—that make complete compliance with the existing deadline extremely difficult.[1]   The parties have met and conferred about these issues and plan to submit a stipulation to the Court extending the fact deposition and expert discovery periods and potentially dispositive motion briefing without impacting any other dates in the case schedule.   *See generally* Dkt. 303 at 2.

V.   **Definitions of the Alleged Trade Secrets**

**Defendant Archer's Statement.**   Archer wishes to alert the Court to an issue that goes to a fundamental aspect of this case—*i.e.*, the scope of Wisk's alleged trade secrets.   Wisk's alleged trade secrets are set forth in Wisk's 2019.210 Statement, and the parties have litigated this case for the last 17 months based on the trade secrets as set forth in that Statement.   Wisk has repeatedly stated (including during a conference on this issue) that it is *not* seeking to alter or modify the scope of its alleged trade secret definitions in its 2019.210 Statement.

Notwithstanding its statements, in its discovery responses, Wisk makes clear that it is seeking to alter the scope of its trade secrets as set forth in its 2019.20 Statement.   Specifically, Wisk purports

---

[1]   Additionally, Judge Ryu has scheduled a hearing for November 10, 2022 on Archer's motion to compel the production of certain documents clawed back by Wisk on privilege grounds.   Dkt. 323. The crux of the dispute is whether the portions of the documents in question that were drafted by Wisk's general counsel, Greg Bibbes, were drafted primarily for business, rather than legal, purposes. Subject to the Court's approval, the parties have agreed to a November 15 contingent deposition date for Mr. Bibbes.   That scheduling would diminish the possibility of two depositions of Mr. Bibbes in the event that Judge Ryu orders production of the clawed-back documents.

to *remove* elements of its trade secrets in its 2019.210 Statement that it now knows from discovery that Archer does not use.  And in seeking to distinguish its claimed secrets from public references, Wisk purports to *add* elements found nowhere in its 2019.210 Statement.  As a result, Archer is left to sift through hundreds of pages of Wisk's discovery responses trying to divine how Wisk may seek to redefine its trade secrets going forward.  Any effort to modify the scope of its trade secrets in this manner via discovery responses is improper.

Contrary to Wisk's claim to be "nonplussed by Archer's eleventh-hour hour claim," Archer has *repeatedly* raised this issue with Wisk in letters and on multiple meet-and-confers.  In May, and again in June, Archer raised this issue in writing and objected to any effort by Wisk to alter the scope of its trade secrets in the 2019.210 Statement.  Archer explained that Wisk was required to seek leave to amend its 2019.210 Statement if it wished to alter the scope of its trade secrets.  Wisk took no action with the Court; Wisk did not even respond to Archer's letters.

Wisk may not now unilaterally alter the scope of its trade secrets (*i.e.*, add or remove elements), as Wisk evidently is trying to do in discovery responses, especially after having open access to Archer's confidential information.  None of the cases Wisk cites stands for the proposition that a trade secret plaintiff may alter the scope of its trade secrets as described in its 2019.210 Statement without leave of Court (let alone based upon information learned in discovery from the defendant).  And Archer is not aware of any case that allows such modification.

To be clear, Archer is *not* asking this Court to make any finding as to whether Wisk has, in fact, improperly departed from the scope of its claimed trade secrets as set forth in its 2019.210 Statement.  That is why Archer does not provide any examples of such efforts, of which there are many.  Rather, Archer's purpose in raising this issue now is to advise the Court of a material issue in the event that Wisk, notwithstanding its representations, attempts to alter the scope of its trade secrets set forth in its 2019.210 Statement, as its discovery responses suggest.

Nor is this a discovery issue for Judge Ryu (a claim Wisk raised for the very first time in a revised draft of this CMC Statement just hours before it was due).  The cases Wisk cites are inapposite and do not even address the issue here: a plaintiff attempting unilaterally to modify the scope of its alleged trade secrets.  That issue does not relate to deficiencies in Wisk's discovery responses.  It

relates to the scope of Wisk's claims in this case—*i.e.*, the scope of Wisk's alleged trade secrets, which will be the subject of experts reports; addressed in summary judgment, *Daubert* and other motions; and ultimately presented at trial to the jury.

**Plaintiff Wisk's Statement.**   At best, this is a written fact discovery issue that Archer had every opportunity to take up with Judge Ryu.  As Archer notes, it sent two letters on this issue several months ago, which Wisk believed were addressed in meet and confer.  Archer did not bring the issue to Judge Ryu, though, and it has not even attempted to raise it now pursuant to Judge Ryu's October 3 Order permitting the parties to request leave to file joint letter briefs beyond the deadline on very important discovery issues.  Dkt. 347 at 2.  If Archer intended to pursue this argument, it should have used the proper procedures set by the Court, not solicit a belated advisory opinion in a Case Management Conference statement.   Above, Archer suggests that trade secret identification in discovery responses is not a discovery issue, but courts in this District have held otherwise.  *See, e.g.*, *BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2017 WL 2224838, at *1 (N.D. Cal. May 22, 2017) (Magistrate Judge's order on a discovery dispute, holding that the plaintiff adequately identified the trade secrets);  *BladeRoom Grp. Ltd. v. Facebook, Inc*., 2018 WL 514923, at *3 (N.D. Cal. Jan. 23, 2018) (district court ruling refusing to reconsider the identification of trade secrets because it was already litigated in discovery).   Suffice it to say that Wisk has provided Archer with extensive information about its trade secrets in response to Archer's interrogatories requesting that information, and strongly disagrees that it has altered their scope in doing so.  *See* Dkt. 134 at 15 (the Court explaining that the purpose of a 2019.210 statement is to "'describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit defendant to ascertain at least the boundaries within which the secret lies,'" but that it "'need not spell out the details of the trade secret'") (citations omitted); *InteliClear, LLC v. ETC Glob. Holdings, Inc*., 978 F.3d 653, 662 (9th Cir. 2020) (recognizing that "discovery provides an iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification").

**VI.**    **Narrowing Trade Secret References**

*Parties' Joint Statement.*  In light of the Court's order (Dkt. 354), the parties have met and conferred regarding the issue of trade secret reference narrowing.  Archer has reduced its references, but continues to assert over 160 references at this time.  The parties are continuing to meet and confer in hopes that they can resolve this issue.  Accordingly, the parties agree that within five days of the depositions of Wisk witnesses Geoff Long or Jim Tighe (whichever is later), Archer will make a good-faith assessment to identify to Wisk any additional references Archer can withdraw.  Wisk may raise further issues with this Court per Dkt. 354, as appropriate.

**VII.**    **Status of the Parties' Ability to Complete Fact Discovery**

As noted above, the parties will jointly propose a slightly revised schedule to permit them to complete fact depositions.

**VIII.**    **Settlement and ADR**

On August 9, 2022, the parties participated in a mediation before Antonio Piazza.  The mediation was unsuccessful.

**IX.**    **Preservation of Electronically Stored Information**

*Plaintiff Wisk's Statement.*  As the Court is aware, after receiving a subpoena from Wisk, Archer employee Scott Furman destroyed Wisk documents on at least his personal devices. Wisk may file for appropriate sanctions and other relief against Mr. Furman, Archer, or both.

*Defendant Archer's Statement*.  Archer disagrees with Wisk's characterization of the facts relating to Mr. Furman and believes any motion for sanctions would be meritless, counterproductive, and a waste of Court resources.

**X.**    **Summary Judgment Briefing**

*Defendant Archer's Statement.*  Archer continues to believe that a single, 25-page motion for summary judgment, followed by a 25-page opposition and a 15-page reply, will not suffice for the parties to brief summary judgment on both Wisk's patent and trade secret claims.  Given the Court's preference, expressed at the July 12, 2022, Case Management Conference, that Archer explain with particularity why, and to what extent, the default limits should be altered, Archer believes it should confer with Wisk on these issues after the close of fact depositions, and after Wisk narrows its trade

secrets and patent claims, and seek to reach agreement on this point.  Failing that, Archer suggests the parties promptly submit a joint letter to the Court of no more than three pages for each party, single-spaced.

**Plaintiff Wisk's Statement.**  Wisk will confer with Archer on this subject following the close of fact discovery, Wisk's narrowing of its trade secrets, and Archer's further narrowing of its prior art and trade secret references. If the parties cannot reach agreement at that time, Wisk agrees with Archer's proposed resolution process.

**XI.**     **Trial**

**Plaintiff Wisk's Statement.**  Given the claims and counterclaims at issue in this litigation, Wisk estimates that the length of the trial will be approximately 15 days.

**Defendant Archer's Statement**.  Given the claims and counterclaims at issue, and in view of the Court's use of a five-hour trial day, Archer estimates that the length of trial will be at least 20 Court days.

**XII.**    **Disclosure of Non-Party Interested Entities or Persons**

Both Wisk and Archer have filed corporate disclosure statements and certificates of non-party interested entities and persons.  *See* Dkts. 4, 23, 24, 259, 272.

**XIII.**   **Professional Conduct**

The undersigned have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XIV.**    **Other**

There are no additional matters to address.

Respectfully submitted,
Dated: October 19, 2022

  /s/ Yury Kapgan
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

  /s/ Josh A. Krevitt
Josh A. Krevitt, SBN 208552
  jkrevitt@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300

Orin Snyder, admitted *pro hac vice*
  osnyder@gibsondunn.com
Daniel J. Thomasch, admitted *pro hac vice*
  dthomasch@gibsondunn.com
Paul Torchia, admitted *pro hac vice*
  ptorchia@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000

Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Michael H. Dore, SBN 227442
  mdore@gibsondunn.com
Diana M. Feinstein, admitted *pro hac vice*
  dfeinstein@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
Telephone: 310.552.8500

GIBSON, DUNN & CRUTCHER LLP

Attorneys for Defendant and Counterclaimant
Archer Aviation Inc.

1

## **Local Rule 5-1 Certification**

2       In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories to this document.

3

4                                                     */s/ Yury Kapgan*
                                                    Yury Kapgan

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28