***PUBLIC REDACTED VERSION***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br>        Plaintiff,<br>v.<br>ARCHER AVIATION INC.,<br>        Defendant. | Case No. 21-cv-02450-WHO (DMR)<br><br>**ORDER TO SUBMIT DOCUMENTS FOR IN CAMERA REVIEW**<br><br>Re: Dkt. No. 307 |

Defendant Archer Aviation Inc. ("Archer") filed a motion challenging Plaintiff Wisk Aero LLC's ("Wisk") clawback of three documents. [Docket No. 307.] Wisk originally produced the documents in full but later clawed back portions of them asserting protection under the attorney client privilege. The disputed excerpts are: 1) a single sentence within a 38-page slide deck presented to Wisk's Board of Managers, dated November 2, 2020 (the "November 2020 Board Deck"); 2) a set of comments to the November 2020 Board Deck (the "Comments"); and 3) parts of two slides from a June 2021 slide deck entitled, "Wisk Funding Request" (the "June 2021 Funding Request"). [Docket No. 307-1 (Thomasch Decl. Aug. 11, 2022) ¶ 2, Exs. 1 at -615 (Nov. 2020 Board Deck); 2 at -194 (Comments to Board Deck); 3 at -822-823 (June 2021 Funding Request).]¹

Archer challenges the assertion of privilege and further argues that even if the excerpts are subject to attorney client privilege, Wisk has waived it. Archer seeks an order requiring Wisk to lodge unredacted versions of the documents for in camera review pursuant to Rule 26(b)(5)(B), which provides that a party challenging a clawback "may promptly present the information to the court under seal for a determination of the claim." Mot. 10. Wisk argues that Archer has not

---

¹ Both Archer and Wisk treat Exhibits 1 through 3 to the Thomasch Declaration as exemplar versions of the relevant documents. [Docket No. 314-2 (LaFond Decl., Aug. 25, 2022) ¶ 9.]

shown a basis for in camera review under applicable Ninth Circuit authority. Opp'n 7-8.[2]

*In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992), established the standard that a party must meet in order to seek in camera review of contested assertions of privilege. The Ninth Circuit acknowledged that "[a]lthough in camera review of documents does not destroy the attorney-client privilege, it is an intrusion which must be justified." *Id*. at 1074. First, "the party asserting the privilege must make a prima facie showing that the privilege protects the information the party intends to withhold." *Id*. at 1071. The court explicitly clarified that the challenging party need not make a prima facie showing that the privilege does not apply. *Id.* at 1074. Rather, a party opposing a claim of attorney-client privilege "need only show a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." *Id.* at 1075. The Ninth Circuit described this standard as a "minimal threshold." *Id*. at 1074. Once the challenging party makes that initial showing, "the decision whether to conduct the review rests within the discretion of the district court." *Id.* at 1075.

Here, Wisk presented a privilege log for the clawed-back material. LaFond Decl. ¶ 9, Ex. 1. It also submitted a declaration by its General Counsel, Greg Bibbes, in which he states that "[t]he sole purpose of the two slides [he] authored" in the June 2021 Funding Request "was to communicate [his] legal advice to Wisk's Board on a matter of relevance to the presentation," and that the November 2020 Board Deck and Comments "reflect[ ] the substance of [his] legal advice" that had been given to Wisk's Board and executive team "on the same subject matter as the two slides" in the June 2021 Funding Request. [Docket No. 314-1 (Bibbes Decl. Aug. 25, 2022) ¶¶ 10,

---

[2] Wisk also appears to express a concern that consenting to in camera review of the clawed-back materials would risk effecting a waiver of the privilege, citing *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal. 2015). Opp'n 8. This concern is unfounded. In *Apple*, the court found that the defendant had established that privilege attached to each document submitted for in camera review, but that it had effected a waiver "[i]mproperly invoking privilege as a shield and a sword" in connection with sanctions proceedings related to its breach of a protective order. *Id*. at 241-44. The defendant had also disclosed privileged documents to "many individuals with no apparent connection to [the] litigation. *Id*. at 244. The court did not find that submitting the documents for in camera review alone effected a waiver of the privilege. *See also United States v. Zolin*, 491 U.S. 554, 569 ("*in camera* review does not destroy the privileged nature of the contested communications").

2

1    12, 13.] This is sufficient to make a prima facie showing that the attorney-client privilege applies
2    to the clawed-back portions of the three documents. *See In re Grand Jury Investigation*, 974 F.2d
3    at 1071. Therefore, Archer must "establish a sufficient factual basis for the court to conduct an in
4    camera inspection." *Id*. at 1075.

5         The court concludes that it has. The November 2020 Board Deck is a ▮
6    ▮
7    ▮
8    ▮
9    ▮ *Id*. at -599-601. It
10   describes ▮
11   ▮ *Id*. at -605, 609, 610, 613. The actual
12   communication at issue is in a ▮
13   ▮ *Id*. at -615. Archer contends that this
14   presentation reflects Wisk's ▮
15   ▮
16   ▮ Mot. 6. It further argues that ▮
17   ▮ "would be nothing more than a 'mechanical step[ ] that must be
18   implemented' ▮ " and thus Bibbes'
19   communications on that point are not privileged. *Id*. at 7 (quoting *In re Currency Conversion*
20   *Antitrust Litig.*, No. 05 CIV. 7116 WHP THK, 2010 WL 4365548, at *9 (S.D.N.Y. Nov. 3, 2010)).
21   In any event, it appears that there is "a clear business purpose in the environment" in which the
22   purportedly privileged communication by Bibbes occurred. *See McCaugherty v. Siffermann*, 132
23   F.R.D. 234, 238 (N.D. Cal. 1990). Therefore, the clawed-back portions of the document may have
24   been dual-purpose communications, subject to the primary purpose test. *See In re Grand Jury*, 23
25   F.4th 1088, 1091 (9th Cir. 2021). As to the Comments related to the preparation of the November
26   2020 Board Deck, nothing in them suggests that anyone asked Bibbes for legal advice regarding
27   the task of preparing that presentation to the Board.. *See* Comments -194.
28        Turning to the June 2021 Funding Request, the document reflects a request for ▮

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ June 2021 Funding Request -815. It
2 reviews ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and other financial analyses. *Id*. at -817-21. The two slides containing
4 clawed-back materials, *Id*. at -822-23, appear under a section entitled, ▓▓▓▓▓▓▓▓▓▓▓▓
5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6 ▓▓▓▓▓▓ These slides are within a larger document that appears to have a clear business
7 purpose—▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The foregoing evidence suggests that the clawed-back portions of the three documents at issue may have been dual-purpose communications. Based on the unredacted portions of those documents, the court finds that Archer has shown "a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence" that the primary purpose of the communications was to provide business as opposed to legal advice. It further concludes that in camera review of the unredacted versions of the three documents is appropriate. *See McCaugherty*, 132 F.R.D. at 238 ("No privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice.").

Accordingly, Wisk shall lodge complete, unredacted versions of exemplar versions of the three documents for in camera review by November 9, 2022. The November 10, 2022 hearing on Archer's motion is vacated. The court will issue a written order or give further instructions upon completion of its review of the documents.

**IT IS SO ORDERED.**

Dated: November 7, 2022



Donna M. Ryu
United States Magistrate Judge

4