Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re:     *Wisk Aero LLC v. Archer Aviation Inc.*, Case No. 3:21-cv-02450-WHO (DMR)

Dear Judge Ryu:

Pursuant to the Court's October 3, 2022 Order (Dkt. 347), Wisk Aero LLC and Archer Aviation Inc. respectfully submit this joint letter brief regarding Wisk's request for leave to file a motion to compel production of documents from Archer.

**Wisk's Statement.**  Wisk respectfully seeks leave to compel Archer to produce unredacted copies of a report about its expert's forensic examinations and documents related to that report.  During the PI proceedings, Archer's experts at FTI claimed their examination found no evidence of Wisk files on "Archer's systems."  *See* Dkt. 58-24.  However, Archer apparently chose to "never rel[y] on" the results from *some* of the examined devices, and (unbeknownst to Wisk) intentionally excluded those devices from FTI's "analysis," presented in opposition to the PI.  In June 2022—a year after the PI proceedings—Archer produced a report about FTI's examination (Archer-NDCA-01761127) that redacted information about multiple devices, presumably detrimental to Archer's case.  Archer's selective waiver to present only the helpful parts of FTI's examination, while hiding the rest, was an abuse of privilege.  *See, e.g.*, *Wadler v. Bio-Rad Labs., Inc.*, 212 F. Supp. 3d 829, 851-52 (N.D. Cal. 2016).  And if revealing the entire examination would have yielded the same result, then Archer would not be resisting production.  Archer's contention that this is an attempt to access devices is a red herring.  The only issue presented at this juncture is Archer's selective privilege assertion.  Archer's delay arguments are disingenuous, as it hid the report from Wisk until June and expressly agreed with Wisk to extend the deadline for discovery motions to further confer.  It would be unfair for Archer to present the jury with just the helpful parts of FTI's examination; thus, Wisk would file a motion *in limine* to exclude all evidence about FTI's investigation unless it receives unredacted copies of all documents related to that investigation.

**Archer's Statement.**  Wisk's letter brief purports to raise an issue "critical to the trial of this case." Dkt. 347 at 2.  In reality, Wisk's effort is a delinquent and contrived attempt to manufacture a dispute that needlessly imposes on Archer and, more importantly, the Court.  FTI's Brett Harrison testified more than 15 months ago that he performed additional forensic work that is not disclosed in his publicly filed declaration.  Harrison Dep. Tr. 179:16–180:10.  Archer asserted privilege and work-product protection over that work and instructed Mr. Harrison not to answer questions about it.  *Id.* at 24:3–26:24; *see* Dkt. 58-24.  Wisk did nothing.  Now, Wisk mischaracterizes a <u>status</u> report Archer produced months ago, about which the parties communicated on July 27 and August 8 before declaring an impasse during an August 16 meet and confer—weeks prior to September 7—to try to justify a time-consuming attempt to access individuals' personal devices beyond Wisk's subpoenas to those individuals and failed discovery motions seeking that same material.  As should be readily apparent to Wisk, the redactions in that document do not redact any results of an FTI investigation of individuals' personal devices.  Indeed, contrary to Wisk's baseless presumption that Archer is withholding non-"helpful" parts of an investigation, there are no such results.  Archer has told Wisk multiple times that FTI's analysis, as described in Harrison's declaration (Dkt. 58-24), was limited to the devices and applications described in that declaration.  Archer has never relied on any examination of individual employees' personal devices.  Archer thus has not opened the door to the discovery Wisk demands, and there is no selective waiver.  Wisk's belated effort to justify yet another Wisk-driven letter brief to this Court should be rejected.

| | |
|---|---|
| DATED: November 16, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By */s/ Yury Kapgan*
Yury Kapgan
Robert M. Schwartz
Michael T. Zeller
Diane Cafferata
Patrick Schmidt
Michael LaFond
*Attorneys for Plaintiff Wisk Aero LLC*

GIBSON, DUNN & CRUTCHER LLP

By /s/ *Josh A. Krevitt*
Josh A. Krevitt
Daniel J. Thomasch
Wayne Barsky
Paul Torchia
Michael H. Dore
Diana M. Feinstein
*Attorneys for Defendant Archer Aviation Inc.*

Per Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories to this document.

*/s/ Yury Kapgan*