Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re:     <u>Wisk Aero LLC v. Archer Aviation Inc.,</u> Case No. 3:21-cv-02450-WHO (DMR)

Dear Judge Ryu:

Pursuant to the Court's October 3, 2022 Order (Doc. 347), Defendant Archer Aviation Inc. and third-party The Boeing Company respectfully submit this joint letter brief regarding their dispute over the sufficiency of Boeing's privilege log in response to Archer's subpoena.

**Archer's statement**: Archer seeks leave to compel Boeing to produce a privilege log that complies with Fed. R. 45(e)(2)(A)(ii). Boeing is Wisk's majority shareholder, has invested hundreds of millions of dollars in Wisk, and several Boeing designees sit on the Wisk board. Archer subpoenaed Boeing in March, and ultimately agreed to limit its requests to *just five categories* to Boeing and *five* to the Boeing-affiliated directors. To avoid a dispute, Archer agreed that Boeing could produce a "categorical privilege log" with the understanding that Boeing would still comply with Rule 45. Archer expected the log to identify substantive categories and counsel's role (e.g. "communications with outside counsel regarding possible Wisk investment."). Importantly, Archer retained the right to seek more information on the privilege claims where necessary. Boeing did not serve its *one-page* log (enclosed) until Nov. 11. The "categories" are merely broken down by the type of counsel; the log has no other information. The obfuscation is particularly problematic because Boeing's redactions show it is asserting privilege over communications that lack any lawyer, and Wisk has made improper privilege assertions that are pending before the Court (Doc. 366). Yet Boeing has refused Archer's follow up request to produce a standard privilege log, even as to limited categories such as Wisk's development, authorization, or plan for an aircraft with tilt rotors. Absent leave, Archer would seek an adverse inference that withheld documents show that Boeing did not believe Wisk was permitted to build an aircraft with tilting rotors under the Wisk agreements.

**Boeing's Statement:**  The Court should deny Archer's motion. *First*, Archer acknowledges that it agreed to a "categorical privilege log." That agreement was part of a negotiated compromise to reduce the burden to non-party Boeing of Archer's overbroad subpoenas. Its subpoena to Boeing (enclosed) included *60 requests*, none of which were proportional to any articulated need in this case. *E.g.*, Request No. 1 ("All Documents that discuss, concern, or are related to Wisk."). Now, Archer improperly seeks to retrade only part of that earlier agreement—having already gotten the benefit of Boeing's production. Archer does not even try to explain how its asserted need for a different log than the one it agreed to comes close to satisfying this Court's requirement that any remaining discovery motions must be "critical to the trial of this case" (Dkt. 347 at 1-2). Archer cannot meet that "high standard" (*id.*). *Second*, Archer's suggestion that it "would seek an adverse inference" is baseless.  Boeing is not a party, has not violated a discovery order, and has not been accused of spoliation. *E.g.*, *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 6869933, at *4-*5 (N.D. Cal., Dec. 31, 2013) ("nearly all cases granting an adverse inference instruction follow affirmative spoliation of evidence"). Indeed, Archer's conduct suggests that an extreme inference is its real goal: To resolve this dispute, Boeing offered to log documents related to Wisk's contractual authority to build an aircraft with tilting rotors. Archer rejected that offer. Thus, there is no basis for this or any adverse inference about Boeing's documents.

Dated:  November 28, 2022                KWUN BHANSALI LAZARUS LLP


                                         By  /s/  Asim Bhansali
                                         Asim Bhansali
                                         Kate Lazarus
                                         *Attorneys for Archer Aviation Inc.*


Dated:  November 28, 2022                ORRICK, HERRINGTON & SUTCLIFFE LLP


                                         By  /s/  Clement S. Roberts
                                         Clement S. Roberts
                                         Kristopher R. Wood
                                         *Attorneys for The Boeing Company*


Per Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories to this document.


                                         /s/   Asim Bhansali
                                         Asim Bhansali