UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARCHER AVIATION INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-02450-WHO (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 371, 372, 373 |

　　　　The court reviewed the parties' joint discovery letters in which Wisk Aero requests leave to file three late discovery motions. [Docket Nos. 371-373.] The court previously held that the parties could seek leave to file discovery disputes after the September 7, 2022 deadline by submitting a one-page joint letter stating their position on whether the particular dispute "is critical to the trial of this case (i.e., the issue is so central that the moving party will attempt to file a motion in limine if not permitted to file it as a discovery dispute)." [Docket No. 347.]

　　　　Plaintiff made a satisfactory showing with respect to the disputes described in Dockets No. 371 and 373. As to Docket No. 371, Plaintiff's request for leave to move to compel regarding the unredacted copies of Defendant's expert's forensic report and related documents is granted as follows: the parties shall meet and confer regarding the dispute. If disputes remain after meeting and conferring, the parties may file a joint letter that does not exceed three pages (1.5 pages per side). The joint letter may not incorporate by reference any prior submissions and may not contain footnotes.

　　　　As to Docket No. 373, the court is likely to order Defendant to produce Zhang's notebooks if they are relevant and responsive to Plaintiff's RFPs unless Defendant can show that there is a significant burden associated with the production. Accordingly, the parties shall immediately meet and confer regarding the dispute. If disputes remain after meeting and conferring, the parties

may file a joint letter that does not exceed two pages (one page per side). The joint letter may not incorporate by reference any prior submissions and may not contain footnotes.

With respect to the dispute set forth in Docket No. 372, Plaintiff has not shown that the dispute "is critical to the trial of this case." Plaintiff did not respond to Archer's assertion that the source code at issue "did not even exist" at the time the lawsuit was filed. Accordingly, the motion for leave to move to compel production of the source code is denied.

This order terminates Docket Nos. 371, 372, and 373.

**IT IS SO ORDERED.**

Dated: December 12, 2022



Donna M. Ryu
United States Magistrate Judge

2