QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ARCHER AVIATION INC., <br><br> Defendant. | CASE NO. 3:21-cv-02450-WHO <br><br> **ADMINISTRATIVE MOTION TO SEAL PORTIONS OF WISK'S MOTION FOR SANCTIONS AND EXHIBITS THERETO** |

## I. INTRODUCTION

Plaintiff Wisk Aero LLC ("Wisk") is filing herewith a Motion for Sanctions for Spoliation of Evidence. In the present action, Wisk has alleged claims against Defendant Archer Aviation Inc. ("Archer") for trade secret misappropriation, and Wisk's Motion for Sanctions describes certain Wisk trade secrets and refers to documents and testimony that Archer has designated as "Highly-Confidential Attorney's Eyes Only" under the Protective Order. Dkt. 161. Accordingly, Wisk is moving for an order sealing portions of its Motion in order to preserve the confidentiality of Wisk's and Archer's nonpublic documents and testimony.

## II. WISK REQUESTS LEAVE TO FILE PORTIONS OF ITS MOTION AND EXHIBITS UNDER SEAL

Wisk is hereby moving for leave to file the following portion of its motion under seal. Where redactions are sought, blue highlighting is used for redactions sought by Wisk, and red highlighting is used for redactions sought by Archer.

Because Archer has also indicated that certain exhibits or portions thereof should be sealed, Wisk is filing a separate motion under L.R. 79-5(f) regarding those exhibits, but includes them in the below table as well.

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Wisk's Notice of Motion and Motion for Sanctions | Highlighted portions (in [BLUE]) at pages 3, 4, 11, and 15. | Wisk | The highlighted portions of Wisk's Motion contain Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, the portions highlighted in [BLUE] at: pages 4, 11, and 15 disclose information directly related to Wisk's Trade Secret No. 44; and page 3 discloses information as to Mr. Furman's salary at Wisk.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. As to the salary information, this is Wisk confidential business information. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Declaration of Brian Mack in Support of Wisk's Motion for Sanctions | Highlighted portions (in [BLUE]) at page 3. | Wisk | The highlighted portions of Wisk's Motion contain Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, the portions highlighted in [BLUE] at: page 3 disclose information directly related to Wisk's Trade Secret No. 44.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 1 to the Declaration of Brian Mack – Excerpted Transcript of the Deposition of Scott Furman | Highlighted portions (in [BLUE]) at 28:8-12, 129:15-19, 129:25-130:6. | Wisk | The highlighted portions in [BLUE] contain: (1) Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy); and (2) confidential Wisk salary information.<br><br>In particular, the portions highlighted in [BLUE] at: 28:8-12 disclose information directly related to Wisk's Trade Secret No. 44; and 129:15-19 and 129:25-130:6. discloses information as to Mr. Furman's salary at Wisk.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. As to the salary information, this is Wisk confidential business information. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 3 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this document is Wisk's excerpted response to Archer's interrogatory no. 1, which asks Wisk to describe in detail how it developed each asserted trade secret, including the circumstances under which the trade secret was conceived, the identity of each person involved in the conception, design, development, and use of the trade secret, and the nature and level of involvement of that person. Wisk's response contains information that discloses Wisk's trade secrets, as described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 4 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this document is Wisk's excerpted response to Archer's interrogatory no. 23, which asks Wisk to set forth its bases for alleging that each trade secret was misappropriated by Archer. Wisk's response contains information that discloses Wisk's trade secrets, as described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |
| Exhibit 5 to the Declaration of Brian Mack | Entire Document | Wisk | This document contains the physical address of Mr. Furman, the amount of his final paycheck, and other terms related to his termination from Wisk.<br><br>This is private information as to Mr. Furman, and is Wisk confidential business information. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 6 to the Declaration of Brian Mack | Entire Document | Wisk | This document contains Mr. Furman's personal email address, and Wisk's confidential terms for its employee invention assignment and confidential detail as to the Wisk property that was in Mr. Furman's possession.<br><br>This is private information as to Mr. Furman, and is Wisk confidential business information. |
| Exhibit 7 to the Declaration of Brian Mack | Entire Document | Wisk | This document contains the confidential communications between Wisk and Mr. Furman related to his termination from Wisk, and procedure related to Mr. Furman's obligations with respect to returning Wisk property.<br><br>This is Wisk confidential business information. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 17 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this is a confidential document drafted by Mr. Furman while he was employed at Wisk that contains technical information directly related to Wisk's trade secrets described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 18 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this is a confidential communication from Mr. Furman while he was employed at Wisk that contains technical information directly related to Wisk's trade secrets described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 19 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this is a confidential communication from Mr. Furman while he was employed at Wisk that contains technical information directly related to Wisk's trade secrets described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 20 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this is a confidential communication from Mr. Furman while he was employed at Wisk that contains technical information directly related to Wisk's trade secrets described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

### III. WISK HAS DEMONSTRATED GOOD CAUSE FOR SEALING PORTIONS OF THE MOTION DESCRIBING ITS TRADE SECRETS

Under Ninth Circuit law, a district court may seal information submitted with a non-dispositive motion upon a showing of "good cause." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A motion for sanctions is non-dispositive and may be sealed upon a showing of "good cause." *See Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 12977038, at *3 (N.D. Cal. Dec. 4, 2015) (applying good cause standard). "The good cause standard requires a particularized showing that specific prejudice or harm will result if the information is disclosed." *Id.* at *1.

Good cause "sufficient to outweigh the public's interest in disclosure and justify sealing" exists where a failure to seal the documents would "release trade secrets." *Kamakana*, 447 F.3d at

1179. Consistent with that rule, the courts in this District have determined that "a motion to seal is not the proper vessel to explore" the merits of a trade secret claim, and motions to seal may be granted as to identified trade secrets, pending resolution of a dispositive motion. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument that material should not be sealed because the party moving to seal has "not shown that the substance of the information ... amounts to a trade secret"). As set forth in the table above, Wisk is seeking to seal only materials that discuss and disclose its trade secret and/or confidential information. Wisk would be highly prejudiced and put a competitive disadvantage if this information were to become public. Mack Decl. ¶ 4. Moreover, the declarations of Wisk's independent expert, Dr. Collins, and Wisk's CFO, Caryn Nightengale, establish that the information Wisk seeks to seal qualifies for trade secret protection. *See* Dkts. 16-1 & 16-29.

Wisk's counsel has reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal, Judge Ryu's Standing Order (¶ 11), Civil Local Rule 79-5, and the Court's Orders on motions to seal (Dkt. 159). Mack Decl. ¶ 3.

Wisk has met and conferred with Archer regarding this motion on December 15, 2022. Without conceding that any of the material in question meets the sealing standard, Archer does not oppose the relief requested herein.

### IV.  CONCLUSION

For the foregoing reasons the Court should seal those portions of Wisk's Motion for Sanctions as identified in the table above.

DATED: December 16, 2022           Respectfully submitted,

                                                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                                    By  */s/ Brian Mack*
                                                         Yury Kapgan
                                                         Robert M. Schwartz
                                                         Michael T. Zeller
                                                         Diane Cafferata
                                                         Patrick Schmidt
                                                         Michael LaFond
                                                         Brian Mack

                                                 Attorneys for Plaintiff Wisk Aero LLC