QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>ARCHER AVIATION INC.,<br><br>        Defendant. | CASE NO. 3:21-cv-02450-WHO<br><br>**DECLARATION OF BRIAN MACK IN SUPPORT OF WISK'S MOTION FOR ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF WISK'S MOTION FOR SANCTIONS AND EXHIBITS THERETO** |

I, Brian Mack, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am counsel with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for plaintiff Wisk Aero LLC ("Wisk"). I have personal knowledge of the matters set forth in this declaration, and if called as a witness I would testify competently to those matters.

2. I am making this declaration in support of Wisk's Administrative Motion To File Under Seal Portions of Wisk's Motion for Sanctions and Exhibits Thereto.

3. I have reviewed and complied with the standing orders of the Honorable William Orrick and the Honorable Donna Ryu, including the provisions of those orders that address motions to seal. I have reviewed and complied with Civil Local Rule 79-5 regarding filing documents under seal in civil cases. I have also reviewed the order entered by the Court on September 30, 2021 (Dkt. 159), setting forth specific sealing instructions to be used for the duration of this case, and have met and conferred as directed by that order. The December 15, 2022 meet and confer between Wisk, Archer, and counsel for Scott Furman took 14 minutes to discuss sealing issues. There are no sealing disputes.

4. Based on my review of the aforementioned documents, it is my understanding that the materials sought to be sealed by Wisk disclose Wisk's trade secret and/or confidential information, or reveal individual email addresses and phone numbers. Accordingly, Wisk requests the following information be filed under seal:

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Wisk's Notice of Motion and Motion for Sanctions | Highlighted portions (in [BLUE]) at pages 3, 4, 11, and 15. | Wisk | The highlighted portions of Wisk's Motion contain Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, the portions highlighted in [BLUE] at: pages 4, 11, and 15 disclose information directly related to Wisk's Trade Secret No. 44; and page 3 discloses information as to Mr. Furman's salary at Wisk.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. As to the salary information, this is Wisk confidential business information. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Declaration of Brian Mack in Support of Wisk's Motion for Sanctions | Highlighted portions (in [BLUE]) at page 3. | Wisk | The highlighted portions of Wisk's Motion contain Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, the portions highlighted in [BLUE] at: page 3 disclose information directly related to Wisk's Trade Secret No. 44.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 1 to the Declaration of Brian Mack – Excerpted Transcript of the Deposition of Scott Furman | Highlighted portions (in [BLUE]) at 28:8-12, 129:15-19, 129:25-130:6. | Wisk | The highlighted portions in [BLUE] contain: (1) Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy); and (2) confidential Wisk salary information.<br><br>In particular, the portions highlighted in [BLUE] at: 28:8-12 disclose information directly related to Wisk's Trade Secret No. 44; and 129:15-19 and 129:25-130:6. discloses information as to Mr. Furman's salary at Wisk.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. As to the salary information, this is Wisk confidential business information. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 3 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this document is Wisk's excerpted response to Archer's interrogatory no. 1, which asks Wisk to describe in detail how it developed each asserted trade secret, including the circumstances under which the trade secret was conceived, the identity of each person involved in the conception, design, development, and use of the trade secret, and the nature and level of involvement of that person. Wisk's response contains information that discloses Wisk's trade secrets, as described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 4 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this document is Wisk's excerpted response to Archer's interrogatory no. 23, which asks Wisk to set forth its bases for alleging that each trade secret was misappropriated by Archer. Wisk's response contains information that discloses Wisk's trade secrets, as described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |
| Exhibit 5 to the Declaration of Brian Mack | Entire Document | Wisk | This document contains the physical address of Mr. Furman, the amount of his final paycheck, and other terms related to his termination from Wisk.<br><br>This is private information as to Mr. Furman, and is Wisk confidential business information. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 6 to the Declaration of Brian Mack | Entire Document | Wisk | This document contains Mr. Furman's personal email address, and Wisk's confidential terms for its employee invention assignment and confidential detail as to the Wisk property that was in Mr. Furman's possession.<br><br>This is private information as to Mr. Furman, and is Wisk confidential business information. |
| Exhibit 7 to the Declaration of Brian Mack | Entire Document | Wisk | This document contains the confidential communications between Wisk and Mr. Furman related to his termination from Wisk, and procedure related to Mr. Furman's obligations with respect to returning Wisk property.<br><br>This is Wisk confidential business information. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 17 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this is a confidential document drafted by Mr. Furman while he was employed at Wisk that contains technical information directly related to Wisk's trade secrets described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 18 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this is a confidential communication from Mr. Furman while he was employed at Wisk that contains technical information directly related to Wisk's trade secrets described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 19 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this is a confidential communication from Mr. Furman while he was employed at Wisk that contains technical information directly related to Wisk's trade secrets described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Exhibit 20 to the Declaration of Brian Mack | Entire Document | Wisk | The document contains Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, this is a confidential communication from Mr. Furman while he was employed at Wisk that contains technical information directly related to Wisk's trade secrets described in the Declaration of Dr. Collins, and Wisk's trade secret disclosure.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  December 16, 2022

By  */s/ Brian Mack*
      Brian Mack