# EXHIBIT 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | ) | |
|---|---|---|
| WISK AERO LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:21-cv-02450-WHO |
| | ) | |
| ARCHER AVIATION INC., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Scott Furman

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Electronic Delivery to michaellafond@quinnemanuel.com | Date and Time: November 19, 2021, at 9:00 AM (PT) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | /s/ Michael F. LaFond |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* WISK AERO LLC
, who issues or requests this subpoena, are:
Michael F. LaFond, 555 Twin Dolphin Dr., 5th Floor, Redwood Shores, CA 94065, michaellafond@quinnemanuel.com
650-801-5000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions are applicable herein, regardless of whether upper or lower case letters are used:

a. "YOU," "YOUR" and "FURMAN" means Scott Furman.

b. "WISK" shall mean Wisk Aero, LLC, including without limitation all predecessors, successors, wholly or partially owned subsidiaries, parent companies, or affiliates; and all past or present agents, representatives, partners, employees, directors, officers, consultants, attorneys, or entities acting in joint-venture or partnership relations with Wisk.  For the avoidance of doubt, the term "WISK" shall include, without limitation, Levt, Inc., Zee.Aero Inc., Kitty Hawk Corp., and Cora Aero LLC.

c. "ARCHER" shall mean Archer Aviation Inc., including without limitation all predecessors, successors, wholly or partially owned subsidiaries, parent companies, or affiliates; and all past or present agents, representatives, partners, employees, directors, officers, consultants, attorneys, recruiters, or entities acting in joint-venture or partnership relations with Archer.

d. The term "COMMUNICATION" refers to the transmittal of documents or information by any medium, including but not limited to mail, electronic mail ("email"), facsimile, and messages.

e. The term "DOCUMENT" shall be construed as broadly as Federal Rules of Civil Procedure 26 and 45 permit and shall include, but not be limited to, any and all documents, electronically stored information, communications, and/or tangible things, including writings, drawings, graphs, charts, photographs, videos, sound recordings, images, data, and data compilations, stored in any medium from which information can be obtained. The term "document" shall include not only originals but also any drafts, copies, reproductions, and portions of any document.

f. "DEVICE" or "DEVICES" shall mean and refer to any electronic storage medium, including but not limited to laptops, cellular phones, tablets, personal digital assistants, removable hard drives, USB storage devices, portable electronic storage devices, and any other device, object, or item, capable of storing documents and information in an electronic format.

  g. "PERSON" or "PERSONS" shall mean all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

  h. The term "RELATING TO" means concerning, referring to, demonstrating, describing, evidencing, reflecting, or constituting.

  i. The term "ELECTRONICALLY STORED INFORMATION" means any documents or information that are stored in electronic form.

  j. The term "FORENSIC IMAGES" means any electronic imaging or copies of physical storage devices, including but not limited to hard drives, computers, phones, and tablets, and all data therein, including but not limited to, all files, folders, and data.

  k. "IDENTIFY," "IDENTIFYING," "IDENTIFIED" OR "IDENTITY" shall mean the following:

   (i) With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

   (ii) With reference to an entity or entities, such entity's full name, state (or country) of incorporation or organization, present or last known address, agent for service of process, and present or last known telephone number.

   (iii) With reference to any DOCUMENT or DOCUMENTS, means the date, identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, its present location or custodian and a description of its contents.

   (iv) With reference to any COMMUNICATION or COMMUNICATIONS, means the date, identity of the sender, recipient(s), and any other PERSONS identified therein, its present location or custodian and a description of its contents.

  l. The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

  m. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside their scope.

  n. The terms "any" and "all" shall be construed as "any and all."

  o. The singular form of any word shall be construed to include the plural, and the plural form of any word shall be construed to include the singular.

## **INSTRUCTIONS**

  a. YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control, including those physically in possession of YOUR attorneys or agents.

  b. If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information in a privilege log that conforms with the requirements of the Federal Rules of Civil Procedure and any and all applicable Local Rules:

    (i) the date and type of the DOCUMENT, the author(s) and all recipients;

    (ii) information sufficient to identify the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

    (iii) the title and subject matter of the DOCUMENT;

    (iv) any additional facts on which YOU base YOUR claim of privilege or protection; and

    (v) the identity of the current custodian of the original of the DOCUMENT.

  c. Pursuant to Federal Rule of Civil Procedure 34(b), DOCUMENTS should be retained and produced in their original form and sequence, including file folders, to the maximum extent feasible.  Alternatively, each DOCUMENT produced in response to any of the Requests below shall be organized and labeled to correspond to the specific Request to which it is responsive.  The originals should remain available for inspection on reasonable notice.

  d. The DOCUMENTS should be produced in their complete and unaltered form.  All associated metadata and other ELECTRONICALLY STORED INFORMATION stored information

should be produced.  Attachments to DOCUMENTS should not be removed.  The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged non-relevance.  If e-mails are produced that have attachments, the attachments shall be attached when produced.

  e. DOCUMENTS in electronic form shall be produced in that form, together with all associated metadata.

  f. In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be IDENTIFIED by stating:

   (i) the date and type of the DOCUMENT, the author(s) and all recipients;

   (ii) the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

   (iii) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

   (iv) the PERSONS who were authorized to carry out such destruction or discard;

   (v) the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

   (vi) whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS comprising or RELATING TO FORENSIC IMAGES taken of or made from YOUR DEVICES prior to April of 2021, including FORENSIC IMAGES of any DEVICES owned or controlled by YOU and any DEVICES owned or controlled by WISK and which are in YOUR possession including YOUR attorneys or other agents.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS in YOUR possession, custody, or control including YOUR attorneys or other agents, that originated from WISK, are owned by WISK, or were created by WISK, its employees, its agents, or any other PERSONS acting on behalf of WISK.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS in YOUR possession, custody, or control including YOUR attorneys or other agents, between YOU and ARCHER, its employees, its agents, or any other PERSONS acting on behalf ARCHER, prior to YOUR first day of employment by ARCHER.