GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt, SBN 208552
  jkrevitt@gibsondunn.com
Stuart Rosenberg, SBN 239926
  srosenberg@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300

Orin Snyder, admitted *pro hac vice*
  osnyder@gibsondunn.com
Daniel J. Thomasch, admitted *pro hac vice*
  dthomasch@gibsondunn.com
Paul Torchia, admitted *pro hac vice*
  ptorchia@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000

Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Michael H. Dore, SBN 227442
  mdore@gibsondunn.com
Diana M. Feinstein, admitted *pro hac vice*
  dfeinstein@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
Telephone: 310.552.8500

Attorneys for Defendant and Counterclaimant Archer Aviation Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>ARCHER AVIATION INC.,<br><br>                    Defendant. | CASE NO. 3:21-CV-02450-WHO<br><br>**DECLARATION OF KORY HINES IN SUPPORT OF WISK'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO SEAL ARCHER MATERIAL REGARDING WISK'S MOTION FOR SANCTIONS (DKT. 383)**<br><br>Hon. William H. Orrick |

I, Kory Hines, declare and state as follows:

1. I am an attorney admitted *pro hac vice* to practice law before this Court and duly licensed to practice law in the State of New York. I am an associate with the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for Archer Aviation Inc. ("Archer") in the above-captioned action.

2. I make this declaration pursuant to Civil Local Rule 79-5 in support of Wisk's Administrative Motion to Consider Whether to Seal Archer Material Regarding Wisk's Motion for Sanctions ("Motion"). Dkt. 383. I have personal, firsthand knowledge of the facts stated below and, if called upon to do so, could and would competently testify thereto.

3. I have reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal.

4. I have reviewed and complied with Judge Ryu's Standing Order (¶ 11).

5. I have reviewed and complied with Civil Local Rule 79-5.

6. I have reviewed and complied with the Court's Order on Motions to Seal (Dkt. 162).

7. Before the Motion (Dkt. 383) was filed, I participated in a Zoom meet and confer with Brian Mack and Brady Huynh, counsel of record for Wisk Aero LLC ("Wisk") at Quinn Emanuel Urquhart & Sullivan, LLP. The discussion of sealing issues lasted approximately 14 minutes. No disputes were identified.

8. I make this declaration pursuant to Civil Local Rule 79-5(f)(3) as an attorney for the "Designating Party."

9. I have reviewed the document identified in the table below. Based on my review of that document, I understand that material discussed therein may properly be sealed because it contains or relates to information that is commercially sensitive to Archer and/or Archer's employee, Scott Furman.

10. Archer's requests to seal are narrowly tailored to those portions that merit sealing.

| Document | Portions to Be Sealed | Basis for Sealing |
|---|---|---|
| Exhibit 1 to Wisk's Motion for Sanctions (S. Furman Dep. Tr. Excerpts) (Dkt. 384-3) ("Furman Transcript") | Portions highlighted in GREEN | The highlighted portions of this document discuss either (1) nonpublic technical and engineering information that is commercially sensitive to Archer related to the development of Archer's aircraft and components thereof or (2) confidential compensation information relating to Archer's employee Scott Furman. |

11. Under Ninth Circuit law, a district court may seal information submitted with a non-dispositive motion upon a showing of "good cause."[1] *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Sealing is appropriate when the information at issue consists of "confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information" (citation omitted)); *see also France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-CV-4967-WHO, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014). This Court, in particular, has recognized that information concerning "specific corporate decisions" and technical details of products may be sealed. *Contour IP Holding*, 2020 WL 10147135, at *2 (granting in part a motion to seal information "properly classified as confidential or proprietary technical information about the parties' (or other companies') products").

12. Here, some portions of the Furman Transcript sought to be sealed discuss technical and business information that Archer maintains as confidential and does not share publicly, such as details relating to Archer's flight testing, certification timeline, and business practices. *See* Dkt. 384-3 at 16:3–12, 170:17–171:25. Access to this highly confidential information is limited to specific personnel within Archer and, in some instances, to third parties bound by nondisclosure agreements. If such information were made public, Archer's competitors would gain access to nonpublic details about Archer's technology and business. Public disclosure of this information would significantly harm Archer's competitive standing and economic advantage. If Archer is not able to protect this information, it will lose its value.

---

[1] Archer provides this "specific statement of the applicable legal standard" pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1).

13. Other portions of the Furman Transcript reveal details about Mr. Furman's compensation from Archer, which Archer maintains as confidential and does not share publicly. *See* Dkt. 384-3 at 129:11, 129:21, 130:17, 130:21. Courts of this District have often permitted compensation-related information to remain under seal to prevent "competitive disadvantage" to the employer that could result by making such information public. *See, e.g.*, *Kazi v. PNC, Bank, N.A.*, No. 18-CV-4810-JCS, 2020 WL 12862940, at *1 (N.D. Cal. Jan. 22, 2020) (sealing information about employer's "compensation structure"); *E. W. Bank v. Shanker*, No. 20-CV-7364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021) (sealing "confidential employee salary and compensation information").

14. Archer engages in significant efforts to preserve the confidentiality of its proprietary, commercially sensitive, and confidential information, including the Archer information contained in the above-described documents.

15. Archer respectfully requests that the Court seal the documents at issue as set forth in the table above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of December, 2022, in New York, New York.

By: _K. Hines_____
Kory Hines