QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:     (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>         Plaintiff,<br><br>    vs.<br><br>ARCHER AVIATION INC.,<br><br>         Defendant. | CASE NO. 3:21-cv-02450-WHO<br><br>**DECLARATION OF BRIAN MACK IN SUPPORT OF ARCHER'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO SEAL WISK MATERIAL REGARDING WISK'S MOTION FOR SANCTIONS (DKT. 394)** |

I, Brian Mack, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am counsel with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for plaintiff Wisk Aero LLC ("Wisk"). I have personal knowledge of the matters set forth in this declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration pursuant to Civil Local Rule 79-5 in support of Archer's Motion To Consider Whether Plaintiff Wisk Aero LLC's Material Should Be Sealed ("Motion"). Dkt. 394.

3. I have reviewed and complied with the standing orders of the Honorable William Orrick and the Honorable Donna Ryu, including the provisions of those orders that address motions to seal. I have reviewed and complied with Civil Local Rule 79-5 regarding filing documents under seal in civil cases. I have also reviewed the order entered by the Court on September 30, 2021 (Dkt. 159), setting forth specific sealing instructions to be used for the duration of this case, and have met and conferred as directed by that order.

4. On January 23, 2023, before the Motion (Dkt. 394) was filed, I participated in a Zoom meet and confer with Kory Hines, Sara D. Williams, and John P. Zens, counsel for Archer at Gibson, Dunn & Crutcher LLP. The discussion of sealing issues lasted approximately 6 minutes. There are no sealing disputes.

5. I make this declaration pursuant to Civil Local Rule 79-5(f)(3) as an attorney for the "Designating Party."

6. I have reviewed the documents identified in the table below. Based on my review of those documents, I understand that the material discussed therein may properly be sealed because it contains or relates to information that is commercially sensitive to Wisk and/or Wisk's employees, or relate to Wisk's trade secrets alleged in this case.

7. Wisk's requests to seal are narrowly tailored to those portions that merit sealing.

| Document | Portions to Be Filed Under Seal | Reason |
|---|---|---|
| Exhibit 1 to the Declaration of Diana Feinstein in Support of Archer's Opposition to Wisk's Motion for Sanctions (Excerpts of Furman Dep. Tr.) | Portions highlighted in GREEN<br><br>Except Wisk withdraws the designations at page 173 and 177 | The highlighted portions of this document to be filed under seal contain Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, the portions highlighted in GREEN: at page 100 contain confidential information about Wisk's sixth-generation aircraft that have not been made public; at page 249 contain confidential information about Wisk's first-generation aircraft regarding design considerations; and at pages 314 and 317 contain details about a document related to Wisk's flight control system architecture that is directly related to Wisk's Trade Secret No. 44.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |
| Exhibit 2 to the Declaration of Diana Feinstein in Support of Archer's Opposition to Wisk's Motion for Sanctions | Portions highlighted in GREEN | The highlighted portions of this document include private contact information relating to Wisk's employee Carlie Russell, as well as filenames of Wisk confidential material. |

8. Under Ninth Circuit law, a district court may seal information submitted with a non-dispositive motion upon a showing of "good cause."[1] *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A motion for sanctions is non-dispositive and may be sealed upon a showing of "good cause." *See Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 12977038, at *3 (N.D. Cal. Dec. 4, 2015) (applying good cause standard). "The good cause

---

[1] Wisk provides this "specific statement of the applicable legal standard" pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1).

standard requires a particularized showing that specific prejudice or harm will result if the information is disclosed." *Id.* at *1.

9. Good cause "sufficient to outweigh the public's interest in disclosure and justify sealing " exists where a failure to seal the documents would "release trade secrets." *Kamakana*, 447 F.3d at 1179. Consistent with that rule, the courts in this District have determined that "a motion to seal is not the proper vessel to explore" the merits of a trade secret claim, and motions to seal may be granted as to identified trade secrets, pending resolution of a dispositive motion. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument that material should not be sealed because the party moving to seal has "not shown that the substance of the information . . . amounts to a trade secret"). As set forth in the table above, Wisk is seeking to seal materials that discuss and disclose its trade secret and/or confidential information. Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. Moreover, the declarations of Wisk's independent expert, Dr. Collins, and Wisk's CFO, Caryn Nightengale, establish that the information Wisk seeks to seal qualifies for trade secret protection. *See* Dkts. 16-1 & 16-29.

10. Further, sealing is appropriate when the information at issue consists of "confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information" (citation omitted)); *see also France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-CV-4967-WHO, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014). This Court has recognized that information concerning "specific corporate decisions" and technical details of products may be sealed. *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-4738-WHO, 2020 WL 10147135, at *2 (N.D. Cal. Oct. 26, 2020) (granting in part a motion to seal information "properly classified as confidential or proprietary technical information about the parties' (or other companies') products"). Some portions of the information Wisk seeks to seal are confidential technical and/or business information related to certain generations of Wisk's aircraft that Wisk maintains as confidential and does not share

1  publicly.  Public disclosure of this information would significantly harm Wisk's competitive
2  standing and economic advantage.
3      11.   Lastly, other portions of the documents reveal the personal contact information of a
4  Wisk employee.  Courts of this District often permit private contact information to remain under
5  seal to protect non-parties' privacy interests. *See, e.g.*, *Contour IP Holding*, 2020 WL 10147135,
6  at *4 (sealing a portion of a document "because it contains personal contact information"); *Pryor
7  v. City of Clearlake*, No. 11-CV-954-CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012)
8  (granting request to seal personal information of non-party individuals).
9      12.   Wisk respectfully requests that the Court seal the documents at issue as set forth in
10 the table above.
11     I declare under penalty of perjury under the laws of the United States of America that the
12 foregoing is true and correct.
13 DATED:  January 30, 2023

By  */s/ Brian Mack*
    Brian Mack