QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>         Plaintiff,<br><br>   vs.<br><br>ARCHER AVIATION INC.,<br><br>         Defendant. | CASE NO. 3:21-cv-02450-WHO<br><br>**ADMINISTRATIVE MOTION TO SEAL PORTIONS OF WISK'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS** |

1  I.  **INTRODUCTION**

2  Plaintiff Wisk Aero LLC ("Wisk") is filing herewith its Reply in Support of Wisk's

3 Motion for Sanctions for Spoliation of Evidence. In the present action, Wisk has alleged claims

4 against Defendant Archer Aviation Inc. ("Archer") for trade secret misappropriation, and Wisk's

5 Reply In Support of its Motion for Sanctions describes certain Wisk trade secrets. Accordingly,

6 Wisk is moving for an order sealing portions of its Reply in order to preserve the confidentiality of

7 Wisk's nonpublic documents and testimony.

8  II.  **WISK REQUESTS LEAVE TO FILE PORTIONS OF ITS REPLY UNDER SEAL**

9  Wisk is hereby moving for leave to file the following portion of its reply under seal.

10 Where redactions are sought, blue highlighting is used for redactions sought by Wisk.

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Wisk's Reply In Support Of Motion For Sanctions For Spoliation Of Evidence | Highlighted portions (in BLUE) at pages 4 and 9. | Wisk | The highlighted portions of Wisk's Reply contain Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, the portions highlighted in BLUE at: page 4 disclose information directly related to Wisk's Trade Secret No. 44; and at page 9 disclose information directly related to Wisk's Trade Secret No. 1.<br><br>Wisk would be highly prejudiced and put at a competitive disadvantage if this information were to become public. |

| Document | Portions to Be Filed Under Seal | Designating Party | Reason |
|---|---|---|---|
| Declaration of Andy Crain In Support of Wisk's Reply | Highlighted portions in BLUE at pages 4 and 8. | Wisk | The highlighted portions in BLUE at page 4 contain private personal contact information relating to Scott Furman.<br><br>The highlighted portions in BLUE at page 8 contain Wisk's confidential and/or trade secret information. *See* Dkt. 16-8 (Wisk's trade secret disclosure); *see also* Dkt. 16-1 (Declaration of Dr. Collins attesting to the trade secret nature of the information); Dkt. 16-29 (Declaration of Caryn Nightengale, Wisk's CFO, attesting to Wisk' efforts to maintain secrecy).<br><br>In particular, the portions highlighted at page 8 disclose information directly related to Wisk's Trade Secret No. 44 |

### III. WISK HAS DEMONSTRATED GOOD CAUSE FOR SEALING PORTIONS OF THE BRIEF DESCRIBING ITS TRADE SECRETS

Under Ninth Circuit law, a district court may seal information submitted with a non-dispositive motion upon a showing of "good cause." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A motion for sanctions is non-dispositive and may be sealed upon a showing of "good cause." *See Finjan, Inc. v. Proofpoint, Inc*., 2015 WL 12977038, at *3 (N.D. Cal. Dec. 4, 2015) (applying good cause standard). "The good cause standard requires a particularized showing that specific prejudice or harm will result if the information is disclosed." *Id*. at *1.

Good cause "sufficient to outweigh the public's interest in disclosure and justify sealing" exists where a failure to seal the documents would "release trade secrets." *Kamakana*, 447 F.3d at 1179. Consistent with that rule, the courts in this District have determined that "a motion to seal is

not the proper vessel to explore" the merits of a trade secret claim, and motions to seal may be granted as to identified trade secrets, pending resolution of a dispositive motion. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument that material should not be sealed because the party moving to seal has "not shown that the substance of the information ... amounts to a trade secret"). As set forth in the table above, Wisk is seeking to seal only materials that discuss and disclose its trade secret and/or confidential information. Wisk would be highly prejudiced and put a competitive disadvantage if this information were to become public. Mack Decl. ¶ 4. Moreover, the declarations of Wisk's independent expert, Dr. Collins, and Wisk's CFO, Caryn Nightengale, establish that the information Wisk seeks to seal qualifies for trade secret protection. *See* Dkts. 16-1 & 16-29.

Wisk's counsel has reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal, Judge Ryu's Standing Order (¶ 11), Civil Local Rule 79-5, and the Court's Orders on motions to seal (Dkt. 159). Mack Decl. ¶ 3.

Wisk has met and conferred with Archer regarding this motion on February 6, 2023. Without conceding that any of the material in question meets the sealing standard, Archer does not oppose the relief requested herein.

## IV.   CONCLUSION

For the foregoing reasons the Court should seal those portions of Wisk's Reply in Support of Wisk's Motion for Sanctions for Spoliation of Evidence as identified in the table above.

DATED: February 6, 2023                Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Brian Mack*
      Brian Mack

Attorney for Plaintiff Wisk Aero LLC