GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt, SBN 208552
 jkrevitt@gibsondunn.com
Stuart Rosenberg, SBN 239926
 srosenberg@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300

Orin Snyder, admitted *pro hac vice*
 osnyder@gibsondunn.com
Daniel J. Thomasch, admitted *pro hac vice*
 dthomasch@gibsondunn.com
Paul Torchia, admitted *pro hac vice*
 ptorchia@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000

Wayne Barsky, SBN 116731
 wbarsky@gibsondunn.com
Michael H. Dore, SBN 227442
 mdore@gibsondunn.com
Diana M. Feinstein, admitted *pro hac vice*
 dfeinstein@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
Telephone: 310.552.8500

Attorneys for Defendant and Counterclaimant Archer Aviation Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARCHER AVIATION INC.,<br><br>　　　　　　Defendant. | CASE NO. 3:21-CV-02450-WHO<br><br>**ARCHER'S [CORRECTED] MOTION TO MODIFY THE CASE SCHEDULE** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 6-3, Archer respectfully moves the Court to modify the case schedule as set forth below. This is Archer's first unilateral request to move the schedule. Archer's modest requested modification is appropriate, reasonable, and will cause no prejudice to Wisk. Given the looming February 20, 2023 deadline to complete expert discovery, Archer also asks the Court to shorten the time for Wisk to respond to this Motion to February 9, 2023.

The claims in this litigation are broad (Wisk asserts ten trade secrets and three patents), and the damages each side seeks are serious. Archer seeks modest relief—a two-month trial continuance and limited extensions of other deadlines—to ensure the parties have adequate time to conduct expert depositions, brief the myriad evidentiary and dispositive issues, provide the Court with reasonable time to consider and adjudicate the pre-trial issues, and allow the parties to prepare for trial.

The parties served nearly two dozen expert reports from 16 experts spanning thousands of pages (excluding voluminous exhibits and appendices). While the parties requested and received four changes to the case schedule (Dkts. 359, 379, 389, 392), the parties retained the pretrial conference and trial dates originally set in July 2022 (Dkt. 303), and have diligently worked to make that compressed schedule work. Despite those efforts, scheduling the expert depositions has proven exceedingly difficult: only two expert depositions have occurred, and no others are confirmed for this week.

While an extension of the February 20 expert deposition deadline is necessary, that alone would not suffice. The current schedule provides little more than two weeks between the end of expert depositions and the filing of summary judgment/*Daubert* motions, and an extension of the expert deposition deadline would have a ripple effect through the rest of the schedule.

Archer does not bring this Motion lightly. While Wisk previously sought to extend the trial by two months, in nearly two years of litigation, **this is Archer's first unilateral request to continue the trial**. Thomasch Decl. ¶ 9; *see also* Dkt. 242 at 23–24; Dkt. 257. And Archer has requested only the time it believes is needed. Due to the modesty of Archer's request, Wisk could not identify any concrete, particularized prejudice it would suffer if Archer's request is granted. Nor could Wisk make any credible claim of prejudice given that neither party will have a certified aircraft available for delivery until long after the trial date Archer proposes below.

# I. ARGUMENT

Archer's Motion meets the standard in Civil Local Rule 6-3 for a modification of the case schedule. Archer sets forth below a particularized need for relief as well as the substantial harm and prejudice it will experience if the requested relief is not granted. "Once a particularized showing is made [under Civil Local Rule 6-3], 'requests for extensions of time made before the applicable deadline has passed should normally ... be granted in the absence of bad faith or prejudice to the adverse party.'" *Lilith Games (Shanghai) Co. Ltd. v. uCool, Inc.*, No. 15-CV-1267-SC, 2015 WL 3523405, at *2 (N.D. Cal. June 4, 2015) (quoting *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010)).

### A. Archer's Requested Schedule

| Event | Current Date (Dkt. 392) | Proposed New Date |
|---|---|---|
| Expert Discovery to be Completed | Monday, February 20, 2023 | Friday, March 10, 2023 |
| Parties File Motions for Summary Judgment and/or *Daubert* Motions | Friday, March 10, 2023 | Thursday ~~Tuesday~~, April 13, 2023 |
| Parties File Oppositions to Motions for Summary Judgment and/or *Daubert* Motions | Friday, March 31, 2023 | Thursday, May 11, 2023 |
| Parties File Replies in Support of Motions for Summary Judgment and/or *Daubert* Motions | Friday, April 14, 2023 | Thursday, June 1, 2023 |
| Hearing on Motions for Summary Judgment and/or *Daubert* Motions | Wednesday, May 10, 2023 at 2:00 p.m. | Wednesday, June 28, 2023 at 2:00 p.m. |
| Pretrial Conference | Monday, June 26, 2023 at 2:00 p.m. | Monday, August 14, 2023 at 2:00 p.m. |
| Trial | Monday, August 14, 2023 at 8:30 a.m. | Monday, October 16, 2023 at 8:30 a.m. |

### B. There Is Good Cause to Modify the Case Schedule

#### 1. *An Extension of the Expert Discovery Deadline Is Warranted*

The need to modify the case schedule now stems in part from the impracticability of the current deadline to complete expert depositions in light of the sheer number of experts and the staggering volume of experts reports, covering a wide variety of issues. The parties have exchanged a voluminous set of 23 expert reports authored by 16 experts. Thomasch Decl. ¶¶ 3–4. Collectively, the expert reports span over **3,000 pages**, attach over 85 exhibits/appendices spanning more than 1,500 pages

(plus vast spreadsheets of data), and range widely in subject matter, including opinions regarding infringement of eight claims across three patents, opinions regarding the alleged particularity, economic value, secrecy, and misappropriation of the 10 alleged trade secrets, damages opinions for Wisk's claims and Archer's counterclaims, and opinions about document forensics and FAA certification issues. *Id.* Twelve of the expert reports are rebuttals that the parties have had just 11 days to digest. *Id.* ¶ 4.

The parties have designated **17 experts**—nine for Wisk, eight for Archer[1]—whose residences span from coast to coast. *Id.* ¶¶ 3–6. Despite good-faith efforts by both parties and the experts themselves, it has been exceptionally difficult to reconcile competing schedules of experts and counsel, account for travel plans to and from depositions, and accommodate ongoing health issues experienced by multiple experts and counsel.[2] *Id.* ¶¶ 7–8, 10–14. Indeed, although the rebuttal expert reports were served over a week ago, only two expert depositions have occurred so far and, as of this writing, no additional depositions are scheduled for this week. *Id.* ¶ 8. Next week has proven little better, with only five depositions currently scheduled, and a sixth scheduled for February 20, despite the President's Day holiday. *Id.* Thus, **nine expert depositions remain unscheduled** as of this filing. *Id.*

Attempting to fit these depositions (and preparation sessions) into the eight non-holiday business days that remain before the expert deposition deadline of February 20, 2023 is not only logistically impossible, but is also unduly burdensome and highly prejudicial to Archer: The volume of expert discovery material that counsel and experts must digest before expert depositions makes it highly likely that proceeding on the current, highly compressed schedule would substantially impair the truth-seeking goal of this litigation in which each side is seeking substantial damages.

### 2. *Additional Time for Briefing and Trial Preparation Is Also Warranted*

Archer intends to seek summary judgment as to all of Wisk's claims. Given that intention, and the scope of the already vast but still growing evidentiary record, an extension of only the expert

---

[1] This number includes one non-retained expert designated by Archer under Rule 26(a)(2)(C). Thomasch Decl. ¶ 5.

[2] Specific examples illustrating the difficulties the parties have experienced in scheduling expert depositions, including cancellations of previously scheduled depositions, are detailed in the accompanying declaration. Thomasch Decl. ¶¶ 10–11, 14.

deposition deadline would leave Archer with insufficient time to digest and incorporate the inevitable thousands of pages of expert testimony into its briefs.[3] Indeed, under the current schedule the parties have little more than two weeks between the close of expert depositions and the filing of summary judgment/*Daubert* motions. Thus, an extension of just the expert deposition deadline would only further compress the subsequent deadlines and fail to solve the problems posed by the current schedule, as recent experience has already shown: Since October 21, 2022, the Court has modified the case schedule **four times** to allow more time for fact depositions and expert reports, each time at the parties' joint request, including twice just last month. Dkts. 359, 379, 389, 392. In each instance, though, the parties retained the pretrial conference and trial dates.[4] *Id.* As a direct result, the summary judgment/*Daubert* briefing period has shrunk significantly. *Compare* Dkt. 303 (four weeks for oppositions and three weeks for replies) *with* Dkt. 392 (three weeks for oppositions and two weeks for replies). The parties need a realistic, achievable schedule providing greater certainty of the demands that will be placed on their resources. Archer believes the schedule above would well serve that goal.[5]

### C. Wisk Will Not Be Prejudiced by Archer's Requested Schedule

In the parties' meet and confer, Wisk was unable to articulate any concrete, particularized prejudice that would result if Archer's requested schedule is granted. Thomasch Decl. ¶¶ 15–17. Instead, Wisk cited only a generalized concern that Archer's alleged trade secret misappropriation is causing Wisk ongoing harm and thus even a modest, two-month continuance of the trial works a severe prejudice.

First, Archer does not expect to obtain FAA certification of its eVTOL aircraft until December 2024 at the earliest. Wright Dep. Tr. at 23:11–15. As a result, the Archer products allegedly at issue in Wisk's trade secret and patent claims will not be commercially available until long after trial

---

[3] The parties will separately address the page limits for summary judgment briefing. Dkt. 356 at 5–6.

[4] In the parties' past joint requests to the Court to extend the schedule, Archer agreed to extend only certain, individual deadlines in light of Wisk's refusal to agree to any extension of the trial date. Archer did so to achieve compromise and in the hopes that future deadlines would remain doable. Now, it is clear that the remaining time periods need to be expanded and pushed back by a number of weeks.

[5] Archer's requested schedule modification would not affect the February 22, 2023 hearing on Wisk's spoliation motion (Dkt. 386) or the parties' mediation before Judge DeMarchi, which has not yet been scheduled, but will occur, per the Court's order, "by March 31, 2023, or as soon thereafter as is convenient for Judge DeMarchi." Dkt. 369. These are important events that warrant substantial preparation and thus will place additional demands on the parties' resources and those of their counsel.

1    (and even post-trial briefing) has concluded under Archer's proposed schedule.

2        Second, Wisk's newfound concern is inconsistent with its past conduct in this case.  At the July 21, 2021 preliminary injunction hearing, the last slide of Wisk's presentation requested a trial date "six months from now."  Wisk P.I. Hr'g Slides at 72.  The Court declined that request and set trial for November 28, 2022.  Dkt. 127.  Since then, the Court has moved back the trial date twice in response to *joint stipulations* filed by the parties (Dkts. 144, 303) and once in response to Wisk's *unilateral* request for a *two-month* extension.  Dkt. 242 at 23–24; Dkt. 257.  Any complaint that Archer's requested two-month continuance of trial would be prejudicial to Wisk should be rejected.

## II.    CONCLUSION

Since Archer has made the "particularized showing" required by Civil Local Rule 6-3 and also shown the absence of bad faith or prejudice to Wisk, the Court should shorten Wisk's time to respond to this Motion and grant Archer's requested schedule modification.  *Lilith Games*, 2015 WL 3523405, at *2; *Creative Sci. Sys., Inc. v. Forex Capital Mkts., LLC*, No. 04-CV-3746-RS, 2006 WL 3826730, at *1 (N.D. Cal. Dec. 27, 2006) ("Where a party is merely seeking relief in a shorter time frame than is available under the normal briefing and hearing schedule for a fully-noticed motion, the appropriate procedural mechanism is *always* a motion to shorten time under Rule 6-3." (emphasis in original)).

Respectfully submitted,

DATED: February 9 ~~7~~, 2023        GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ Josh A. Krevitt_____
           Josh A. Krevitt

*Attorneys for Defendant Archer Aviation Inc.*