GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt, SBN 208552
  jkrevitt@gibsondunn.com
Stuart Rosenberg, SBN 239926
  srosenberg@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300

Orin Snyder, admitted *pro hac vice*
  osnyder@gibsondunn.com
Daniel J. Thomasch, admitted *pro hac vice*
  dthomasch@gibsondunn.com
Paul Torchia, admitted *pro hac vice*
  ptorchia@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000

Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Michael H. Dore, SBN 227442
  mdore@gibsondunn.com
Diana M. Feinstein, admitted *pro hac vice*
  dfeinstein@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
Telephone: 310.552.8500

Attorneys for Defendant and Counterclaimant Archer Aviation Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC, <br><br> Plaintiff, <br><br> v. <br><br> ARCHER AVIATION INC., <br><br> Defendant. | CASE NO. 3:21-CV-02450-WHO <br><br> **DECLARATION OF KORY HINES IN SUPPORT OF ARCHER'S REQUEST TO SEAL A PORTION OF THE DECLARATION OF ANDY CRAIN (DKT. 399-4)** <br><br> Hon. William H. Orrick |

I, Kory Hines, declare and state as follows:

1. I am an attorney admitted *pro hac vice* to practice law before this Court and duly licensed to practice law in the State of New York. I am an associate with the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for Archer Aviation Inc. ("Archer") in the above-captioned action.

2. I make this declaration pursuant to Civil Local Rule 79-5 in support of Archer's request to seal the personal email address of an Archer employee, Scott Furman, in the declaration of Andy Crain (Dkt. 399-4) attached to the reply brief ("Reply") (Dkt. 399-3) submitted by Wisk in support of its motion for spoliation sanctions against Archer. I have personal, firsthand knowledge of the facts stated below and, if called upon to do so, could and would competently testify thereto.

3. I have reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal.

4. I have reviewed and complied with Judge Ryu's Standing Order (¶ 11).

5. I have reviewed and complied with Civil Local Rule 79-5.

6. I have reviewed and complied with the Court's Order on Motions to Seal (Dkt. 162).

7. I make this declaration pursuant to Civil Local Rule 79-5(f)(3) as an attorney for the "Designating Party."

8. On February 6, 2023, before the Reply (Dkt. 399-3) was filed, I participated in a Zoom meet and confer with Brian Mack and Brady Huynh, counsel of record for Wisk Aero LLC ("Wisk") at Quinn Emanuel Urquhart & Sullivan, LLP. The discussion of sealing issues lasted approximately three minutes. No disputes were identified.

9. During the discussion, I asked Wisk to file Mr. Furman's personal email address under seal in connection with its filing of the Reply and any attachments thereto. Wisk complied with that request and filed Mr. Furman's personal email address under seal and marked with yellow highlighter. *See* Dkt. 399-4 at 4. However, it appears Wisk did not file a Motion to Consider Whether Another Party's Material Should Be Sealed under Civil Local Rule 79-5(f) in connection with its filing of the Reply. Archer has nonetheless filed this declaration in support of its sealing request.

10. I have reviewed the document identified in the table below, and Archer's request to seal is narrowly tailored to the sole instance in which Mr. Furman's personal email address is disclosed.

| Document | Portion to Be Sealed | Basis for Sealing |
|---|---|---|
| Declaration of Andy Crain in Support of Wisk's Reply to Archer's Opposition to Wisk's Motion for Sanctions for Spoliation of Evidence | Portion highlighted in YELLOW | The highlighted portion of this document reveals the personal email address of Archer's employee, Scott Furman. |

11. Under Ninth Circuit law, a district court may seal information submitted with a non-dispositive motion upon a showing of "good cause."[1] *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information" (citation omitted)).

12. Courts of this District often permit private contact information to remain under seal to protect non-parties' privacy interests, and Archer asks this Court to do the same for Mr. Furman. *See, e.g.*, *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-4738-WHO, 2020 WL 10147135, at *4 (N.D. Cal. Oct. 26, 2020) (sealing a portion of a document "because it contains personal contact information"); *Pryor v. City of Clearlake*, No. 11-CV-954-CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012) (granting request to seal personal information of non-party individuals).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of February, 2023, in New York, New York.

By: *K. Hines*
Kory Hines

---

[1] Archer provides this "specific statement of the applicable legal standard" pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1).