GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt, SBN 208552
  jkrevitt@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300

Orin Snyder, admitted *pro hac vice*
  osnyder@gibsondunn.com
Daniel J. Thomasch, admitted *pro hac vice*
  dthomasch@gibsondunn.com
Paul Torchia, admitted *pro hac vice*
  ptorchia@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000

Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Michael H. Dore, SBN 227442
  mdore@gibsondunn.com
Diana M. Feinstein, admitted *pro hac vice*
  dfeinstein@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
Telephone: 310.552.8500

Attorneys for Defendant and Counterclaimant
Archer Aviation Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCHER AVIATION INC.,<br><br>    Defendant. | CASE NO. 3:21-CV-02450-WHO (DMR)<br><br>**DECLARATION OF DIANA M. FEINSTEIN IN SUPPORT OF WISK'S MOTION TO CONSIDER WHETHER ARCHER'S MATERIAL SHOULD BE SEALED**<br><br>Hon. Donna M. Ryu |

I, Diana M. Feinstein, declare and state as follows:

1. I am an attorney admitted *pro hac vice* to practice law before this Court and duly licensed to practice law in the State of California. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for Archer Aviation Inc. ("Archer") in the above-captioned action.

2. I make this declaration pursuant to Civil Local Rule 79-5 in support of the Motion to Consider Whether Archer's Material Should Be Sealed (Dkt. 429) ("Motion") filed by Wisk in connection with its Reply Brief in Support of Its Motion to Compel FTI Documents. Dkts. 428, 429-2 ("Reply"). I have personal, firsthand knowledge of the facts stated below and, if called upon to do so, could and would competently testify thereto.

3. I have reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal.

4. I have reviewed and complied with Judge Ryu's Standing Order (¶ 11).

5. I have reviewed and complied with Civil Local Rule 79-5.

6. I have reviewed and complied with the Court's Order on Motions to Seal (Dkt. 162).

7. On March 9, 2023, before the Motion was filed, I participated in a meet and confer with Christopher Lindsay, counsel of record for Wisk Aero LLC ("Wisk") at Quinn Emanuel Urquhart & Sullivan, LLP. The discussion of sealing issues lasted approximately three minutes. No disputes were identified.

8. I have reviewed the documents identified in the table below. Based on my review of these documents, I understand that material discussed therein may properly be sealed because they contain or relate to information that is sensitive to Archer related to specific corporate decision-making affecting its relationships with its investors.

9. Archer's request to seal is narrowly tailored to the sole portion of Wisk's Reply that merits sealing.

| Document | Portion to Be Filed Under Seal | Basis for Provisional Sealing |
|---|---|---|
| Plaintiff Wisk Aero LLC's Reply Brief in Support of Its Motion to Compel FTI Documents (Dkt. 429-2) | Portion highlighted in YELLOW | The highlighted portion of the Reply contains nonpublic information that is sensitive to Archer related to specific decision-making affecting its relationships with its investors. |

10. Under Ninth Circuit law, a district court may seal information submitted with a non-dispositive motion upon a showing of "good cause."[1] *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). This standard is met when a party shows that the information it requests to seal relates to "specific corporate decisions" that implicate "highly confidential" information that could "disadvantage[]" the corporation if made public. *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-4738-WHO, 2020 WL 10147135, at *2 (N.D. Cal. Oct. 26, 2020) (granting in part a motion to seal); *see also Rodman v. Safeway, Inc.*, No. 11-CV-3003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting request to seal nonpublic information discussing business decision-making). Sealing is appropriate when "public disclosure of the information," including "information about [the party's] corporate decision-making," would "damage its business relationships." *Jones v. PGA Tour, Inc.*, No. 22-CV-486-BLF, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023). When it comes to investors, good cause is shown when public disclosure of information regarding the corporation's relationship with investors would "allow competitors to exploit this information … by seeking to influence [the] investors" or otherwise adversely affect the party's relationship with its investors. *Id.*

11. The portion of the Reply that Archer asks the Court to seal discusses specific, sensitive, nonpublic decisions by Archer regarding its relationships with its investors. If such information were made public, it could adversely affect Archer's relationships with its investors.

12. Archer engages in significant efforts to preserve the confidentiality of its proprietary, sensitive, and confidential information, including the Archer information contained in the Reply.

---

[1] Archer provides this "specific statement of the applicable legal standard" pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of March 2023, in Century City, California.

By: _____
Diana M. Feinstein