| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Yury Kapgan (Bar No. 218366)<br>　yurykapgan@quinnemanuel.com<br>Robert M. Schwartz (Bar No. 117166)<br>　robertschwartz@quinnemanuel.com<br>Diane Cafferata (Bar No. 190081)<br>　dianecafferata@quinnemanuel.com<br>Patrick Schmidt (Bar No. 274777)<br>　patrickschmidt@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone:　(213) 443-3000<br>Facsimile:　(213) 443-3100<br><br>Michael F. LaFond (Bar No. 303131)<br>　michaellafond@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone:　(650) 801-5000<br>Facsimile:　(650) 801-5100<br><br>Attorneys for Plaintiff Wisk Aero LLC | GIBSON, DUNN & CRUTCHER LLP<br>Josh A. Krevitt, SBN 208552<br>　jkrevitt@gibsondunn.com<br>Stuart Rosenberg, SBN 239926<br>　srosenberg@gibsondunn.com<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: 650.849.5300<br><br>Daniel J. Thomasch, admitted *pro hac vice*<br>　dthomasch@gibsondunn.com<br>Paul Torchia, admitted *pro hac vice*<br>　ptorchia@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br><br>Wayne Barsky, SBN 116731<br>　wbarsky@gibsondunn.com<br>Michael Dore, SBN 227442<br>　mdore@gibsondunn.com<br>Diana M. Feinstein, admitted *pro hac vice*<br>　dfeinstein@gibsondunn.com<br>2029 Century Park East, Suite 4000<br>Los Angeles, CA 90067-3026<br>Telephone: 310.552.8500<br><br>Attorneys for Defendant Archer Aviation Inc. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WISK AERO LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ARCHER AVIATION INC.,<br><br>　　　　Defendant. | Case No. 3:21-cv-02450-WHO<br><br>**JOINT REPORT REGARDING THE PARTIES' ATTEMPT TO RESOLVE WISK'S MOTION TO COMPEL (ECF 415)** |

Pursuant to this Court's direction at the March 23, 2023 hearing on Plaintiff Wisk Aero LLC's motion to compel (ECF 415), the parties report that they will not be able to reach a resolution on Wisk's motion informally, and Wisk requests that the Court resolve it.

**<u>Wisk's Statement</u>**

Wisk is mindful of the Court's admonition that the parties provide a very short update along the lines contained in the foregoing paragraph. However, given events that have transpired since the hearing on March 23, Wisk provides the following abbreviated update in case it is helpful to the Court in ruling on Wisk's motion. Should the Court find that additional information would be useful, Wisk respectfully requests leave to submit a two-page brief explaining the importance of the issues described below. N.D. Cal. L.R. 7-3(d); *see also Cal. Parents for Equalization of Educ. Materials v. Torlakson*, 2018 WL 3930141, at *9 (N.D. Cal. Aug. 16, 2018) (granting motion "[p]ursuant to Civil Local Rule 7-3(d)" to file supplemental briefing).

Since March 23, Archer has produced the unredacted Harrison Presentation, the unredacted Atlas Crest Board Minutes, and a portion of the artifact reports Mr. Harrison's team at FTI generated from their review of Archer's employees' personal devices. Then, because of the investigation Wisk's motion triggered, counsel for Archer's employees began to make rolling productions of Wisk documents and files from former Wisk employee Diederik Marius's personal devices that were responsive to prior requests and should have been produced during the course of fact discovery, including Wisk's source code. Forensic evidence from FTI shows that Mr. Marius retained hundreds of Wisk's proprietary documents on a personal device, most of which are source code at the center of Wisk's trade secret 12. Mr. Marius's counsel has produced more than 150 such files since this Court held the hearing on Wisk's motion.

Given the significant new developments outlined above, Wisk's last offer of compromise to resolve its motion without the Court's intervention was that Archer (1) provide Mr. Harrison for an additional day of deposition; (2) provide Mr. Marius for four hours of deposition; (3) produce all remaining forensic artifact reports generated by FTI; and (4) produce (or just identify if previously produced) certain documents that Archer had previously agreed to produce in response to Wisk's Request for Production Nos. 408–410 (which sought documents and communications that Mr.

Harrison considered during the course of his investigation, relied on or considered in preparing his declaration, and factual information provided to him by Archer's counsel). Archer refused this proposal, offering only one-hour depositions for Messrs. Harrison and Marius—despite the large volume of newly produced material—and maintaining its privilege claims over the documents Wisk sought.

To resolve this dispute, Wisk respectfully requests that this Court order Archer to comply with Wisk's final offer.

**Archer's Statement**

Wisk's pending motion to compel is about whether Archer appropriately redacted or withheld for attorney-client privilege and work product two documents (the FTI presentation and the redacted portions of the May 27 and June 2, 2021, Atlas Crest board minutes concerning FTI's investigation), and if the Court finds there has been waiver, whether that waiver extends broadly to the subject matter encompassed in the two subject documents. As described below, Archer believes the pending motion has been mooted by its recent production of documents and willingness to make Mr. Harrison available for a limited deposition.

Since the hearing, in an effort to resolve the motion, Archer has done the following:

- Withdrawn its privilege and work product assertions over the two subject documents and produced them to Wisk, while maintaining its position that such production does not constitute subject matter waiver.

- Produced the results of the FTI forensic artifact analysis, which consist of all forensic artifact reports that Mr. Harrison considered in rendering his opinion about historical file activity on personal devices.

- Disclosed the process FTI established in Spring 2021 by which Mr. Harrison received and evaluated forensic artifact reports related to certain Archer employees' personal devices to render the opinion he shared with Archer and the Atlas Crest board on June 2, 2021.

- Produced four forensic artifact reports Mr. Harrison did not consider in rendering his opinion because they were inadvertently not elevated to him when he conducted his

analysis in Spring 2021, even though they should have been based on the process FTI established.

- Agreed to make Mr. Harrison available for a one-hour remote deposition regarding the above-referenced process.[1]

Archer has separately offered to make Diederik Marius available for one hour of additional deposition testimony, not in connection with the pending motion to compel, but because of the recent discovery and production by Mr. Marius of additional Wisk documents on a personal device. If Wisk wishes to pursue further discovery related to the additional Wisk documents recently produced by Mr. Marius in response to a third-party subpoena, Wisk should be required to follow the process the Court previously established and seek leave to bring a separate motion upon a showing that the additional discovery sought by Wisk "is critical to the trial of this case (i.e., the issue is so central that [Wisk] will attempt to file a motion in limine if not permitted to file it as a discovery dispute)." Dkt. 347 at 2.

Respectfully submitted,

Dated: April 13, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ Yury Kapgan
Yury Kapgan

*Attorneys for Plaintiff Wisk Aero LLC*

GIBSON DUNN & CRUTCHER LLP

By:  /s/ Josh A. Krevitt
Josh A. Krevitt

*Attorneys for Defendant Archer Aviation Inc.*

---

[1] Archer also agreed to include within the scope of Mr. Harrison's additional deposition cross-examination on a supplement to his expert report served on April 4, 2023, which does not relate to the pending motion.

<u>Attestation Pursuant to Civil Local Rule 5-1(h)(3)</u>

I, Yury Kapgan, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 13, 2023                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                                By:        /s/ Yury Kapgan
                                                              Yury Kapgan

                                                *Attorneys for Plaintiff Wisk Aero LLC*

JOINT REPORT