GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt, SBN 208552
  jkrevitt@gibsondunn.com
Stuart M. Rosenberg, SBN 239926
  srosenberg@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300

Daniel J. Thomasch, admitted *pro hac vice*
  dthomasch@gibsondunn.com
Paul Torchia, admitted *pro hac vice*
  ptorchia@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Michael H. Dore, SBN 227442
  mdore@gibsondunn.com
Diana M. Feinstein, admitted *pro hac vice*
  dfeinstein@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
Telephone: 310.552.8500

Attorneys for Defendant and Counterclaimant
Archer Aviation Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC, <br><br> Plaintiff, <br><br> v. <br><br> ARCHER AVIATION INC., <br><br> Defendant. | CASE NO. 3:21-CV-02450-WHO (DMR) <br><br> **ARCHER'S OMNIBUS MOTION TO SEAL SUMMARY JUDGMENT AND *DAUBERT* FILINGS** <br><br> Hon. William H. Orrick |

Pursuant to Federal Rule of Civil Procedure 26(c), Civil Local Rule 79-5, and the Court's March 17, 2023 Order Governing Sealing Procedures (Dkt. 434), Archer Aviation Inc. ("Archer") moves the Court to seal the documents, or portions thereof, identified in the chart attached as Exhibit 1 to the Declaration of Kory Hines submitted in support of this Omnibus Motion to Seal Summary Judgment and *Daubert* Filings. The parties have met and conferred extensively, and each party has assumed responsibility for refiling any documents it originally filed as part of summary judgment and *Daubert* briefing for which it has now been determined—by *any* designating party or nonparty—that more narrowly tailored redactions (or no redactions at all) are warranted, relative to what was originally filed. Hines Decl. ¶ 7. Thus, Exhibit 1 reflects not only the documents containing Archer and/or nonparty confidential information that Archer originally filed and, in some cases, is refiling with narrowed sealing requests as attachments to the Hines Declaration, but also the documents that Wisk originally filed and, in some cases, is refiling with narrowed sealing requests as attachments to Wisk's concurrently filed omnibus sealing motion.

**Legal Standard.** Under Ninth Circuit law, a court may seal information submitted with dispositive or *Daubert* motions upon a showing of "compelling reasons." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119–20 (9th Cir. 2012) (applying compelling reasons standard to a *Daubert* motion "connected to a pending summary judgment motion"). Pursuant to Rule 26(c), "the Court has broad discretion to permit sealing of documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-2617-LHK, 2016 WL 11299891, at *1 (N.D. Cal. May 27, 2016) (quoting Fed. R. Civ. P. 26(c)(1)(G)).[1] Separately, another example of a compelling reason warranting sealing is "'when a court record [consists] of business information that might harm a litigant's competitive standing'" if publicly disclosed. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

---

[1] In the sealing "context," a trade secret is "'any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *Rodman v. Safeway Inc.*, No. 11-CV-3003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (quoting *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)).

***Confidential Archer Technical Information.***  Much of the information Archer seeks to seal constitutes engineering, research, and other highly technical information relating to Archer's development of its various aircraft and their subsystems and components, which Archer maintains as confidential.  Courts have routinely sealed such information pertaining to a company's research and development efforts and the confidential, technical details of its products.  *See, e.g.*, *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-4738-WHO, 2020 WL 10147135, at *2 (N.D. Cal. Oct. 26, 2020) (granting in part a motion to seal information "properly classified as confidential or proprietary technical information about the parties' (or other companies') products").

For instance, Archer requests that the Court permit narrowly tailored redactions to deposition testimony in which Archer engineers describe their work developing Archer's aircraft and their components and subsystems.  *See, e.g.*, Ex. 1 at 18–19 (citing Dkts. 455-5, 455-8, 455-10).  Sealing is warranted because this information constitutes "confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G); *MasterObjects, Inc. v. Amazon.com, Inc.*, No. 20-CV-8103 WHA, 2022 WL 4074653, at *3 (N.D. Cal. Sept. 5, 2022) (sealing designated portions of an engineer's deposition testimony).  Likewise, Archer requests that the Court seal Archer's engineering presentations, such as design reviews—key engineering documents created at various milestones in the aircraft development process—because they contain engineering and technical specifications for Archer's aircraft.  *See, e.g.*, Ex. 1 at 21 (citing Dkt. 455-33); *Davidson v. Apple, Inc.*, No. 16-CV-4942-LHK, 2018 WL 11352097, at *2 (N.D. Cal. Dec. 17, 2018) (finding "compelling reasons" to seal "information regarding the engineering and technical specifications of the iPhone 6 and 6 Plus and their component parts").  Archer has identified all documents containing confidential Archer technical information in Exhibit 1.

***Confidential Archer Business Information.***  Other information that Archer seeks to seal constitutes sensitive information pertaining to Archer's business that Archer maintains as confidential. "Courts applying the compelling reasons standard have upheld the sealing of … marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing" if publicly disclosed.  *In re Apple Inc. Device Performance Litig.*, No. 18-MD-2827-EJD, 2019 WL 1767158, at

*2 (N.D. Cal. Apr. 22, 2019) (collecting cases). This Court in particular has recognized that information concerning "specific corporate decisions" may be sealed. *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-4738-WHO, 2020 WL 10147135, at *2 (N.D. Cal. Oct. 26, 2020).

Here, for example, some of the documents sought to be sealed contain information regarding Archer's compensation of its employees, which the Court has previously permitted to remain under seal.[2] *See, e.g.*, Ex. 1 at 47 (citing Dkts. 502-15, 502-17); *compare* Dkt. 387 ¶ 13 (requesting sealing of compensation-related information in connection with Wisk's spoliation motion) *with* Dkt. 422 n.1 (granting all sealing requests made in connection with Wisk's spoliation motion); *see also Kazi v. PNC Bank, N.A.*, No. 18-CV-4810-JCS, 2020 WL 12862940, at *1 (N.D. Cal. Jan. 22, 2020) (finding "compelling reasons" to seal information about employer's "compensation structure"); *E. W. Bank v. Shanker*, No. 20-CV-7364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021). Other documents contain sensitive information regarding contract terms and negotiations, as well as Archer's relationships with its investors. *See, e.g.*, Ex. 1 at 11 (citing Dkt. 450-7); *see, e.g., Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding "compelling reasons" to seal documents that "divulge[] terms of *confidential contracts, contract negotiations*, or trade secrets" (emphasis added)); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-3844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (sealing agreements between party and nonparty where disclosure would put the contracting parties "at a disadvantage in future negotiations for similar agreements"). Archer has identified all documents containing confidential Archer business information in Exhibit 1.

**Expert Reports.** The parties have filed voluminous expert reports offered by the parties' experts on various issues. As detailed in Exhibit 1, expert reports containing minimal confidential information (of either party or any nonparty) were originally filed, or have been refiled, with narrow redactions or no redactions at all. *See, e.g.*, Ex. 1 at 16 (citing Dkt. 454-2). Examples include the reports issued by the parties' respective forensics and FAA certification experts. *See, e.g., id.* at 64 (citing Dkt. 520-3).

---

[2] Similarly, infringement contentions that the Court previously found compelling reasons to seal, Dkt. 348 at 10–11, were also filed in connection with one of the recent *Daubert* motions, Ex. 1 at 7–8 (citing Dkts. 444-8, 444-9), and Archer asks that the Court do the same here. *See, e.g., SpeedTrack, Inc. v. Amazon.com, Inc.*, No. 09-CV-4479-JSW, 2020 WL 13348113, at *7 n.8 (N.D. Cal. Feb. 26, 2020).

In other instances, however, the confidential information of both parties is voluminous and intertwined together (and further intertwined with nonconfidential information and nonparty confidential information), such as in the reports offered by the parties' respective technical and damages experts. *See, e.g.*, *id.* at 11 (citing Dkt. 450-4), 33 (citing Dkt. 488-3). Thus, pursuant to relevant caselaw and the guidance this Court provided in its October 6, 2021 Order on Motions to Seal, the parties agreed during the meet-and-confer process to request that the Court seal excerpts of these reports in their entirety. Dkt. 162 at 2–3 ("It is permissible to seal the 2019.210 Disclosure and the expert reports that analyze it because the confidential details are intertwined with the non-confidential ones and the public would not be helped if there were a few scattershot unredacted words and phrases."); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2020 WL 978267, at *2 (W.D. Wash. Feb. 28, 2020) (granting motion to seal expert reports on damages filed with a *Daubert* motion because "the parties have conferred and have not identified a less restrictive alternative to filing under seal" in their entirety); *Digital Reg of Tex., LLC v. Adobe Sys., Inc.*, No. 12-CV-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014) (granting motion to seal entire damages report, filed with a *Daubert* motion, because they "reference confidential financial information of Adobe and third parties"); *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 11-CV-3786-PSG, 2013 WL 6199629, at *2 (N.D. Cal. Nov. 27, 2013) (granting motion to seal entire expert report, filed with a trial brief in a patent infringement and trade secret misappropriation case, "regarding the technical features of [a party's] head/disk testers and components thereof, as well as comparisons to [the other party's] head/disk testers").

**Archer Would Be Harmed by Public Disclosure.** Archer engages in significant efforts to preserve the confidentiality of its proprietary, commercially sensitive, and confidential information, including the Archer information contained in the documents listed in Exhibit 1. Hines Decl. ¶ 15. Access to this confidential information is limited to specific personnel within Archer. *Id.* ¶ 11.

If Archer's technical information were made public, Archer's competitors would gain access to engineering details about Archer's technologies and R&D, which would permit those competitors to unfairly accelerate the development of their aircraft and subsystems and components thereof. *Id.* ¶¶ 10–11. Similarly, disclosure of Archer's confidential business information would put it at a

competitive disadvantage in current and future business dealings.[3]  Thus, the public disclosure of Archer's confidential business and technical information would significantly harm its competitive standing and economic advantage.  *Id.* ¶¶ 10–14.  Further, the public does not have a strong interest in learning this information, much of which is only tangentially related to issues in dispute.  *See, e.g.*, *Rimini St., Inc. v. Oracle Int'l Corp.*, 2019 WL 2358389, at *1 (D. Nev. June 4, 2019) ("The public does not have a strong interest in learning about the specific agreements between the parties and their customers ….").  If Archer does not protect this information, it will lose its value.  Hines Decl. ¶ 11.

***Nonparty Confidential Information.***  Consistent with past practice,[4] Archer has attached to this Omnibus Motion declarations in which various nonparties request that the Court seal confidential information that cannot be fairly characterized as Archer or Wisk information.  Specifically, Archer has filed declarations from nonparties MAGicALL, EP-S, and Eric Wright in which each nonparty seeks to protect confidential technical and/or business information filed by Archer and/or Wisk in connection with the summary judgment and *Daubert* briefing.  *See generally* Millecam Decl.; Wacknov Decl.; Wright Decl.; *see also* Ex. 1 at 9 (citing Dkts. 446-4, 448-2), 20 (citing Dkt. 455-25), 65 (citing Dkt. 527-5).  Likewise, because Wisk filed reports reflecting the personal Web browsing and file activity of nonparty Archer employees Thomas Muniz and Diederik Marius, Archer has also attached declarations from Messrs. Muniz and Marius in which they request that the Court seal that highly sensitive (and entirely irrelevant) personal material.  *See generally* Muniz Decl.; Marius Decl.; *see also* Ex. 1 at 49 (citing Dkt. 502-45), 51 (citing Dkt. 502-64).

Finally, Archer's counsel has reviewed and complied with the Court's Standing Order on Administrative Motions to File Under Seal and Civil Local Rule 79-5.  Hines Decl. ¶¶ 3–4.  Archer's counsel extensively met and conferred with Wisk's counsel before filing this Omnibus Motion, and no disputes were identified.  *Id.* ¶ 6.

---

[3] As noted above, Archer's confidential business information includes information regarding Archer's compensation of its employees.  Such information implicates not only Archer's competitive interests, but also the privacy of the individual employees in question.  *See Monster Energy Co. v. Vital Pharms., Inc.*, 2022 WL 17222293, at *2 (C.D. Cal. Oct. 26, 2022) ("Courts also routinely grant motions to seal employees' compensation and benefits data to protect employees' privacy and the employers' competitive interests." (citations omitted)).

[4] *See* Dkt. 162 at 5 (granting sealing request made in declaration by nonparty EP-S, filed by Archer on EP-S's behalf).

Respectfully submitted,

DATED: May 11, 2023                         GIBSON, DUNN & CRUTCHER LLP

By:      */s/ Diana M. Feinstein*
                    Diana M. Feinstein

*Attorneys for Defendant Archer Aviation Inc.*