Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re:     *Wisk Aero LLC v. Archer Aviation Inc.*, Case No. 3:21-cv-02450-WHO (DMR)

Dear Judge Ryu:

Pursuant to the Court's October 3, 2022 Order (ECF 347), Wisk Aero LLC and Archer Aviation Inc. respectfully submit this joint letter brief regarding Wisk's request for leave to file a motion to compel Archer to supplement its document production regarding the continued development of its production aircraft pursuant to Federal Rule of Civil Procedure 26(e).

**Wisk's Statement.** Wisk's core allegation in this case is that Archer is incorporating Wisk's intellectual property into its aircraft, including "Midnight," Archer's production aircraft. Wisk's discovery sought information about the ongoing development and testing of Archer's aircraft and subsystems, but Archer largely stopped producing responsive documents at the close of fact discovery, eight months ago. Last week, Archer announced that "the final assembly of our first Midnight aircraft is now complete" and that Archer plans to make its "first flight" this summer (*e.g.*, https://tinyurl.com/6cxb8uza (Archer May 11, 2023 Press Release))—despite representing to Judge Orrick that it has "not yet implemented *any* design in" Midnight. *E.g.*, ECF 519 at 4. Wisk moved to amend its infringement contentions to add Midnight as an accused instrumentality in this case, which Judge Orrick granted. ECF 348. Therefore, technical information related to Midnight's development is expressly within the scope of this suit. As such, Archer's failure to produce recently created documents about Midnight's development render Archer's prior discovery responses materially incomplete, and Rule 26(e) obligates Archer to correct that by supplementing its production with responsive documents regardless of when they were created. *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013) (Rule 26(e) imposes "an affirmative duty to supplement . . . even after the discovery cut-off date"). If Wisk is not granted leave to move to compel, it will file a motion *in limine* under Rule 37(c)(1) requesting "appropriate sanctions" with respect to Wisk's intellectual property claims.

**Archer's Statement.**  Both parties have continued to work on their production aircraft since fact discovery closed, but neither has produced engineering documents since that date.  That is because the duty to supplement discovery under Rule 26(e) is limited to situations where a "party learns that *in some material respect* the [prior] disclosure or response is *incomplete or incorrect* ...."  Nothing Archer has done on its production aircraft (Midnight) post-discovery renders Archer's prior disclosures incomplete or incorrect, let alone materially so.  Wisk incorrectly suggests otherwise by quoting Archer's recent press release regarding completion of "the first Midnight aircraft." *Supra*.  But as Wisk knows, the "first Midnight aircraft" is not the **Midnight production** aircraft, but rather is the **Midnight zero prototype** aircraft, which Archer will not sell or operate commercially.  *See* Dkt. 559 at 1 (explaining distinction between the aircraft); Dkt. 543-1 at 2 (explaining Midnight production aircraft design is not final).  The relief Wisk seeks—never-ending document productions—is not supported by Rule 26(e) or common sense.  *Our Children's Earth v. Leland Stanford Jr. Univ.*, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015) (rejecting "endless rolling production").  And Wisk's request directly contradicts its previous representation to the Court that Wisk was *not seeking new discovery* by adding Midnight to its patent case.  Dkt. 352 at 11:5–7.  If the accuracy of any prior disclosure changes due to further development of the Midnight or otherwise, Archer will supplement as appropriate, and Wisk must do the same with respect to its production.  Archer has complied with its Rule 26(e) obligations, and Wisk has not shown that the requested discovery is "critical to the trial of the case."  Dkt. 347.

Dated: May 18, 2023  QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Yury Kapgan*
Yury Kapgan
Robert M. Schwartz
Diane Cafferata
Patrick Schmidt
Michael LaFond
*Attorneys for Plaintiff Wisk Aero LLC*

GIBSON, DUNN & CRUTCHER LLP

By */s/ Diana M. Feinstein*
Josh A. Krevitt
Daniel J. Thomasch
Wayne Barsky
Paul Torchia
Michael H. Dore
Stuart M. Rosenberg
Diana M. Feinstein
*Attorneys for Defendant Archer Aviation Inc.*

Per Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories to this document.

*/s/ Yury Kapgan*