UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARCHER AVIATION INC.,<br><br>　　　　　Defendant. | Case No. 3:21-cv-02450-WHO<br><br>**ORDER ON REQUESTED REDACTIONS AND MOTION TO SEAL**<br><br>Re: Dkt. No. 576 |

## I.　REQUESTED REDACTIONS

On May 30, 2023, I entered onto the docket of this case a sealed version of an order on the cross motions for summary judgment, the motion to strike, and most of the motions to exclude and *Daubert* motions. [Dkt. No. 572]. I also ordered the parties to meet and confer regarding proposed redactions to that sealed order and to submit the proposed redactions along with declarations supporting the requests. *Id.* 1 n.1. The parties have done so. [Dkt. No. 576].[1] The requested redactions include Archer's unopposed requests, Wisk's unopposed requests, requests made by both parties, and requests made by Wisk and opposed by Archer. *Id.*

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). Therefore the "starting point" for considering sealing requests is "a strong presumption in favor of access." *Id.* (internal quotation marks omitted). The presumption may be overcome with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public

---

[1] The motion to file this under seal is GRANTED.

policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citation omitted). Compelling reasons include the use of the record to "release trade secrets." *Id.* at 1179 (citation omitted); *see also Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2018 WL 11352097, at *1 (N.D. Cal. Dec. 17, 2018). This presumption applies to records that are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). Where the records are "not related, or only tangentially related, to the merits of a case," a lower "good cause" standard applies. *Id.* at 1098-99.

"Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Davidson*, 2018 WL 11352097, at *2 (quoting Fed. R. Civ. P. 26(c)(1)(G)).

The parties' unopposed requests and the joint requests were sufficiently tailored to only request redaction of appropriate information. *See* Civ. Loc. R. 79-5(c)(3). Each party's unopposed requests as well as the joint requests to redact relate to specific secret confidential and commercial information. *See Davidson*, 2018 WL 11352097, at *2. The vast majority of that information is highly technical information about the companies' research and designs, and the parties' declarations affirm the information is secret. [Dkt. Nos. 576-1, 576-2]. These are compelling reasons to seal, and the requests are GRANTED.

Archer opposes Wisk's request to redact the name of Wisk's battery cell supplier, as related to Trade Secret 30. At a high level, Wisk's accusations related to TS 30 are that Wisk and the supplier engaged in extensive work and research to create the trade secret and cells, and subsequently Archer intentionally sought out information to identify the supplier and then induced that supplier to use the secret to make the same battery cells for Archer. On this motion Wisk submitted further evidence that the name and identify of the vendor are not generally known and that it would greatly affect Wisk's competitivity if this information was publicized. [Dkt. No. 576-2 Ex. A].

These issues are exactly what will be presented to the jury: whether Wisk owned the cells, whether Archer induced the supplier to use the trade secret, and whether there was any sort of

2

agreement indicating the supplier was not supposed to give the cells to anyone else. It would be premature to release the name publicly because if the jury finds Archer misappropriated TS 30, a competitor may see that finding, understand it too might be able to learn TS 30 through the supplier, and use the identification in the court documents to attempt that process. Of course, Wisk would likely have legal recourse, but the competitive damage would be done. *See Davidson*, 2018 WL 11352097, at *2 ("[T]he United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978))). Accordingly, there are compelling reasons to keep the name sealed, and Wisk's request is GRANTED. *See Kamakana*, 447 F.3d at 1179.

The redacted version of the motion will be filed consecutively on the docket following the filing of this order.

## II.   PENDING ADMINISTRATIVE MOTIONS TO SEAL

There are numerous pending administrative motions to file under seal, filed in connection with the cross motions for summary judgment, the motion to strike, and the motions to exclude and *Daubert* motions. [Dkt. Nos. 436, 438, 440, 444, 446, 452, 454, 455, 458, 473,480. 482, 483, 486, 488, 492, 496, 500, 502, 509, 510, 512, 515, 521, 524, 527, 530, 541, 543, 561, 563].

The parties are directed to meet and confer to prepare a joint chart showing what specific information – by ECF Dkt. No. (e.g., 452, 452-3, 452-5) and page/line number therein for each docket entry – a party believes should continue to remain under seal. The chart shall cite, for each piece of information to remain sealed, to the docket number, paragraphs and/or line numbers from the declaration where a party, third-party, or other person with personal knowledge provides the justification for sealing. I understand that parsing through each piece of information sought to be sealed and identifying only the truly crucial information that must in a parties' view be sealed is time intensive and expensive, but the parties must take care to ensure they are not requesting the sealing of whole documents, *see* Civ. Loc. R. 79-5(a), or information already discussed in prior orders or in open court, *see, e.g.*, Dkt. No. 348 at 11 n.5. The chart submitted by Wisk at Dkt. No. 576 is a useful model, though the "reason" for sealing in the joint chart must provide more than

1  merely a citation to another document.

2  The joint chart shall also identify – again by ECF Dkt. No. and sub-number (e.g., 452-3,
3  452-5) – docket numbers that can be wholly unsealed because no party currently believes the
4  information should remain under seal.

5  The joint chart shall be filed within 20 days of the date of this Order.

6  In reviewing the chart and declarations in support of continued sealing, I will apply the
7  "compelling justification" standard, because the motions themselves (and the information
8  discussed therein and sought to be sealed) have a significant connection to the merits of this
9  litigation.  Only specifically identified compelling justifications based on narrowly-tailored sealing
10  requests will meet that high standard.

11  **IT IS SO ORDERED.**

12  Dated: June 8, 2023



William H. Orrick
United States District Judge

4