UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>ARCHER AVIATION INC.,<br><br>   Defendant. | Case No. 21-cv-02450-WHO (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 569 |

  The parties filed a joint discovery letter in which Plaintiff Wisk Aero LLC requests leave to file a motion to compel Defendant Archer Aviation Inc. to supplement its document production "regarding the continued development of its production aircraft pursuant to Federal Rule of Civil Procedure 26(e)." [Docket No. 569.] The court previously held that the parties could seek leave to file discovery disputes after the September 7, 2022 deadline by submitting a one-page joint letter stating their position on whether the particular dispute "is critical to the trial of this case (i.e., the issue is so central that the moving party will attempt to file a motion in limine if not permitted to file it as a discovery dispute)." [Docket No. 347.]

  Wisk has not shown that the dispute "is critical to the trial of this case." Wisk admits that the documents at issue are "recently created" and argues that "Rule 26(e) obligates Archer to . . . supplement[ ] its production with responsive documents regardless of when they were created."[1] However, the case it cites for this proposition, *Hernandez v. Polanco Enterprises, Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013), addresses litigants' "affirmative duty [under Rule 26(e)] to

---

[1] In relevant part, Rule 26(e) provides that a party "must supplement or correct its . . . [discovery] response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

supplement non-deposition discovery responses, even after the discovery cut-off date." It does not address a litigant's obligation to supplement its document production with documents created *after* the close of discovery. "The duty to supplement under Rule 26(e)(1) is directed to documents generated during the relevant time frame previously not produced but subsequently discovered." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. C06-3359-JF-RS, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008). "[N]othing in that rule imposes a never ending obligation to produce documents continuously as they are created." *Id. See also In re Google RTP Consumer Privacy Litig.*, No. 21-cv-02155-YGR (VKD), 2023 WL 3046793, at *2 (N.D. Cal. Apr. 21, 2023) ("[t]he fact that responsive documents similar to those previously produced by a custodian have continued to accumulate in that custodian's files during the course of litigation does not automatically render the prior production materially incomplete or incorrect."); *Our Children's Earth v. Leland Stanford Junior Univ.*, No. 13-CV-00402-EDL, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015) ("endless rolling production would undermine the mandate of Federal Rule of Civil Procedure 1 to apply the rules 'to secure the just, speedy, and inexpensive determination of every action,' and Rule 26(b)(2)(C)(iii) to ensure that discovery is proportionate to the needs of the case.").

Wisk does not identify any basis to conclude that Archer's production is materially "incomplete or incorrect." Accordingly, the motion for leave to move to compel production of documents regarding the development of Archer's aircraft is denied.

**IT IS SO ORDERED.**

Dated: June 14, 2023



Donna M. Ryu
Chief Magistrate Judge