QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
 yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
 dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
 patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Michael F. LaFond (Bar No. 303131)
 michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>ARCHER AVIATION INC.,<br><br>             Defendant. | Case No. 3:21-cv-02450-WHO<br><br>**PLAINTIFF WISK AERO LLC'S MOTION FOR RELIEF FROM JUNE 14, 2023, NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF 581)** |

## I. Introduction and Background.

Wisk's core allegation in this case is that Archer is incorporating Wisk's intellectual property into Archer's aircraft. To establish that, Wisk's discovery sought information about the ongoing development and testing of Archer's aircraft and its subsystems. In response, Archer produced documents about the production of earlier iterations of its aircraft—including both its prototype aircraft *Maker* and production aircraft *Midnight*—but Archer largely stopped doing so at the close of fact discovery, nine months ago. Relying on those stale document productions, Archer has claimed in Court filings that it "is still selecting, and has not chosen, a battery charging system for the *Midnight*." ECF 456 at 4. Archer has thus argued it cannot be liable for infringing Wisk's intellectual property, because the *Midnight* design is not yet complete. *See id*. at 43–44.

But Archer's representations to the Court about *Midnight*'s allegedly "incomplete" development are belied by Archer's own public announcements boasting that *Midnight* **is** complete, and that Archer intends to begin test flights imminently. *See, e.g.*, May 11, 2023 Archer Press Release, *available at* https://tinyurl.com/6cxb8uza. To determine whether Archer's most recent development of its aircraft and subsystems incorporated the Wisk intellectual property at issue in this case—and rebut Archer's arguments to the contrary—Wisk requested that Archer supplement its production with responsive documents regarding its continued aircraft development pursuant to Rule 26(e). Archer did not dispute that it has continued generating documents that would have been responsive to Wisk's discovery requests, but Archer nonetheless refused to produce them.

Following that, Wisk and Archer filed a joint letter seeking Judge Ryu's resolution of their dispute. ECF 569. Judge Ryu found that—while Archer remained under a continuing duty to supplement its earlier discovery responses—that duty did not extend to documents Archer created after the discovery cut-off. ECF 581 at 1–2. Judge Ryu's order is contrary to authority holding that Rule 26(e)'s duty to supplement in fact reaches documents created or acquired after the close of fact discovery. *See, e.g.*, *Spears v. First Am. Eappraiseit*, 2014 WL 11369808, at *1–3 (N.D. Cal. June 17, 2014) (holding that the defendant had a duty to make supplemental productions under Rule 26(e) even though "the requested documents were not created until after the October 13, 2013 fact discovery cutoff in this case"). Accordingly, Wisk objects to Judge Ryu's order.

## II. Magistrate Judge Ryu Erred In Concluding That Rule 26(e)'s Duty To Supplement Does Not Extend To Documents Created After The Discovery Cut-Off.

Wisk objects to Judge Ryu's order declining to compel Archer to supplement its document productions pursuant to Rule 26(e). Judge Ryu's order is non-dispositive, and this Court "must … modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72. A non-dispositive order "is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *United States v. Cathcart*, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009) (citation omitted). As pertinent here, a magistrate judge's election to rely on one line of cases rather than another is a proper ground for objection. *Robert v. Tesson*, 507 F.3d 981, 994–95 (6th Cir. 2007) (holding that a magistrate judge erred in applying one line of cases instead of another, and that the petitioner had properly objected to the magistrate judge's decision on that basis); *see also* 12 WRIGHT & MILLER, FED. PRAC. & PROC. § 3070.1 (3d ed.) (discussing *Robert*). Here, Judge Ryu's order was contrary to law because it held that Archer had no duty to supplement its document production with documents created after the close of fact discovery.

Rule 26(e) requires parties to supplement their discovery responses and document productions, even after the close of fact discovery, as courts in this District have repeatedly recognized. *See, e.g.*, *Finjan, Inc. v. Bitdefender Inc.*, 2019 WL 3564443, at *2 (N.D. Cal. Aug. 6, 2019) ("Case law confirms that the fact discovery cutoff does not terminate the obligation to supplement" pursuant to Rule 26(e)); *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013) ("Federal Rule of Civil Procedure 26(e) places litigants under an affirmative duty to supplement non-deposition discovery responses, even after the discovery cut-off date.").

Those decisions are consistent with orders issued by numerous other courts, nationwide, that have held that Rule 26(e)'s duty to supplement extends to documents created or acquired after the close of fact discovery, particularly where—as here—the failure to supplement renders a party's production materially incomplete. *See, e.g.*, *Sanders v. Univ. of Idaho, Coll. of L.*, 2022 WL 280875, at *5 (D. Idaho Jan. 31, 2022) ("The Court therefore finds Defendants have a duty to supplement their prior discovery responses with later created or generated information that is both relevant and material to the accuracy and completeness of their earlier responses to Sanders' prior discovery

requests."); *Pizza Pub. Co. v. Tricon Glob. Restaurants, Inc.*, 2000 WL 1457010, at *1 (S.D.N.Y. Sept. 29, 2000) (calling the argument that Rule 26(e) did not extend to documents "that come into the party's possession after the close of discovery" "plainly wrong," because Rule 26(e) "makes no distinction between information—including documents—acquired prior to and after the conclusion of fact discovery (or indeed of any discovery)"); *Medline Indus., L.P. v. C.R. Bard, Inc.*, 2023 WL 2711433, at *4 (N.D. Ill. Mar. 30, 2023) (concluding that the defendant's duty to supplement pursuant to Rule 26(e) required it to produce the results of a survey conducted two years after discovery initially closed); *Reinsdorf v. Skechers U.S.A., Inc.*, 2013 WL 12116416, at *11 (C.D. Cal. Sept. 9, 2013) (holding that the defendant's duty to supplement required it to produce documents related to a product recall generated after the close of discovery).

In finding otherwise, Judge Ryu relied primarily on two cases, *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671 (N.D. Cal. Oct. 29, 2008) and *Our Children's Earth v. Leland Stanford Junior Univ.*, 2015 WL 12964638 (N.D. Cal. Oct. 29, 2015), ECF 581 at 2, which have been criticized for taking an incomplete view of the Rule 26(e) duty to supplement. *See Sanders*, 2022 WL 280875, at *4–5. As an initial matter, *Our Children's Earth* did not actually deny the motion to compel—instead that decision held that the parties should confer about whether the defendant should produce the later-created documents. *See* 2015 WL 12964638, at *3.

Even assuming that *Dong Ah Tire & Rubber* and *Our Children's Earth* both stand for the proposition that Rule 26(e) does not apply to documents created after the close of fact discovery, those cases are contrary to law because they failed to consider the Advisory Committee's Notes on Rule 26. Decisions holding that Rule 26(e)'s duty to supplement applies to documents created after the close of fact discovery reached that conclusion by examining the 1993 Advisory Committee Notes on Rule 26. *See, e.g.*, *Finjan*, 2019 WL 3564443, at *1 ("The Advisory Committee Notes to the 1993 Amendments suggest that the obligation to supplement under Rule 26(e) does not end with the fact discovery cutoff…"); *Woods*, 2014 WL 1321007, at *4 (quoting "the Advisory Committee Notes to the 1993 Amendments"). That is consistent with the Ninth Circuit's holding that "[a]lthough Advisory Committee notes 'do not foreclose judicial consideration' of a rule's validity and meaning, 'the construction given by the Committee is 'of weight.'" *United States v. Petri*, 731

F.3d 833, 839 (9th Cir. 2013) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986)). But neither *Dong Ah Tire & Rubber* nor *Our Children's Earth* examined the Advisory Committee Notes; thus neither gave the Advisory Committee notes any "weight."

By contrast, cases holding that later-created documents are subject to the duty to supplement state the better rule and are consistent with Ninth Circuit law giving "weight" to the Advisory Committee Notes. As the *Sanders* court explained, relying on the standard adopted by *Dong Ah Tire & Rubber* "'would effectively defeat the long-standing salutary purpose of Rule 26(e) as established when first enacted in 1970 and as consistently understood and intended by its drafters in the course of the rule's several revisions over its forty-year history.'" 2022 WL 280875, at *4 (quoting *Robbins & Myers*, 274 F.R.D. at 76). That is, "if the duty to supplement stopped with the discovery deadline," a defendant "theoretically could engage in blatant" illegal conduct "after the close of discovery and not have to disclose it because such conduct occurred after the discovery cutoff—effectively serving to insulate [the defendant] from liability for such conduct." *Id*.

The *Pizza Public* court made a similar point, explaining that permitting a defendant to withhold later-created or later-acquired documents would "pose a serious risk of unfairness to the discovering party, since documents created or acquired after discovery but before trial might entirely undercut the gist of earlier discovery responses[,]" and could even "create the opportunity for a producing party to seriously mislead its adversary, for example by deliberately delaying some of its informal fact investigations (including document acquisition) until after the close of discovery." 2000 WL 1457010, at *1 (discussing the Advisory Committee Notes); *see also Medline Indus.*, 2023 WL 2711433, at *4–5 (discussing *Pizza Public*'s analysis and reaching the same conclusion).

Those are precisely the risks here. If Archer is permitted to shield its post-fact-discovery-cutoff aircraft development from discovery, Archer could make "blatant" use of Wisk's intellectual property and yet still "insulate [itself] from liability for such conduct." *See Sanders*, 2022 WL 280875, at *4. To put a fine point on it: under Archer's view of its supplementation obligations, the day after fact discovery closed Archer's ex-Wisk engineers could have immediately started emailing around confidential documents taken from Wisk and discussing plans to incorporate their contents into Archer's aircraft, but Archer would be under no obligation to disclose those communications

to Wisk or the Court. "Such a result—even if entirely hypothetical—cannot be what the drafters of the federal rules intended." *See id*.

### III. Archer's Withholding Of Later-Created Aircraft Development Documents Renders Its Earlier Productions Materially Incomplete, Prejudicing Wisk.

Archer has strategically relied on Wisk's lack of information about Archer's current development to gain an edge in this litigation. That is, Archer has argued that because Wisk cannot establish exactly what designs and components Archer's aircraft is going to incorporate once it is commercially available, Wisk has not met and cannot meet its burden to prove infringement or damages. *See, e.g.*, Archer Reply ISO Mot. to Exclude Kennedy at 4; Archer Reply ISO Mot. for SJ at 20. Indeed, Archer obtained summary judgment on Wisk's claim that Archer's charging system for *Midnight* infringes the '033 patent on the grounds that Archer had not yet selected a charging system for the production aircraft—at least as of the parties' summary-judgment filings in March—and Archer is currently trying to leverage that ruling to preclude aspects of Wisk's damages case. *See* ECF 580 at 52–55. If Archer selected an infringing charging system after the March summary-judgment filings, that would be highly relevant to an issue the Court decided based on information Archer has withheld to date, and again—under Archer's theory of its supplementation obligations—Archer would be under no duty to disclose that fact to Wisk or the Court.[1]

Permitting Archer to argue its supposed innocence to the jury while simultaneously permitting Archer to withhold the last nine months' worth of its aircraft design documents would reward Archer's litigation gamesmanship. Moreover, given the importance of the information Archer is withholding, the Court should order a supplemental production to ensure that the issues are fairly and fully litigated in the upcoming trial.

### IV. Conclusion.

For the foregoing reasons, Wisk respectfully asks this Court to grant it relief from the June 14 order and compel Archer to comply with its duty to supplement its production with documents and communications it created or acquired following the discovery cut-off.

---

[1] For the '033 patent, it is worth noting that Archer offered no non-infringing alternatives during the course of discovery, whether for the Midnight aircraft or any other aircraft.

Dated: June 28, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Yury Kapgan*
Yury Kapgan
Robert M. Schwartz
Diane Cafferata
Patrick Schmidt
Michael LaFond

Attorneys for Plaintiff Wisk Aero LLC