GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt, SBN 208552
  jkrevitt@gibsondunn.com
Stuart Rosenberg, SBN 239926
  srosenberg@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300

Daniel J. Thomasch, admitted *pro hac vice*
  dthomasch@gibsondunn.com
Paul Torchia, admitted *pro hac vice*
  ptorchia@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000

Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Michael H. Dore, SBN 227442
  mdore@gibsondunn.com
Diana M. Feinstein, admitted *pro hac vice*
  dfeinstein@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
Telephone: 310.552.8500

Attorneys for Defendant and Counterclaimant
Archer Aviation Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>ARCHER AVIATION INC.,<br><br>               Defendant. | Case No. 3:21-CV-02450-WHO<br><br>**ARCHER'S OPPOSITION TO WISK'S MOTION FOR RELIEF FROM JUNE 14, 2023 ORDER OF CHIEF MAGISTRATE JUDGE RYU (DKT. 581)**<br><br>Hon. William H. Orrick III |

## INTRODUCTION

Wisk's motion is meritless. Chief Magistrate Judge Ryu was correct to deny Wisk's request for never-ending discovery, which Wisk made under the guise of Rule 26(e) but utterly failed to justify under that Rule. *See* Dkt. 581 ("Order"). As Chief Magistrate Judge Ryu wrote in the Order, Rule 26(e) does not support Wisk's request because "Wisk does not identify any basis to conclude that Archer's production is materially 'incomplete or incorrect,'" and *without such a showing* Rule 26(e) does not apply. Wisk's motion does not identify any error in Chief Magistrate Judge Ryu's analysis, let alone *clear* error in the Order's finding that Wisk failed to make the showing required under Rule 26(e). Thus, the Court should deny Wisk's motion. Fed. R. Civ. P. 72.

The Court should also deny Wisk's motion because it is rendered moot by the Court's separate summary judgment order and constitutes an impermissible collateral attack on that order. Wisk's motion asks the Court for supplemental discovery regarding "Wisk's claim that Archer's charging system for *Midnight* infringes the '033 patent." Mtn. at 5. But, as Wisk admits, "Archer obtained summary judgment" on that claim. *Id.* (citing summary judgment order, Dkt. 580 at 52–55). Wisk has no basis for seeking supplemental discovery on a claim that *has already been dismissed from the case* at summary judgment, and Wisk certainly cannot revive that claim by filing a discovery motion. Thus, the Court should deny Wisk's motion as moot. *See, e.g.*, *US v. Cawley*, 821 F. Supp. 1219, 1220 n.1 (E.D. Mich. 1993) ("Because the Plaintiff's motion for summary judgment is granted, [Defendant's] appeal of the magistrate's order denying his motion to compel discovery is moot.").

## BACKGROUND

During discovery, Wisk moved for leave to amend its infringement contentions to assert the '033 Patent against Archer's Midnight production aircraft. Dkt. 312. Wisk argued that its amendment was "just to conform the infringement contentions to the proof that we have learned in the case" and that "[w]e're not asking for an expansion of scope in the discovery." Dkt. 352 (Hr'g Tr.) at 11:2–7. The Court granted Wisk's motion to amend, noting that it was based on Wisk's allegation that Midnight would use a particular accused charging system identified in the motion for leave to amend. Dkt. 348; *see also* Dkt. 580 at 54 (explaining that "*Wisk* moved to amend its infringement contentions of the '033 Patent to assert them against Midnight," and "I permitted it to amend its infringement allegations …

because it pointed to evidence that *it said* showed Archer would be imminently incorporating the [accused charging] system into its aircrafts") (first emphasis in original, second emphasis added).

After the close of discovery, Archer moved for summary judgment of noninfringement of the '033 Patent by the Midnight production aircraft. Dkt. 473-1 at 43–44. Archer explained that Wisk's infringement claim failed because its premise was incorrect, as "the charging system that [Wisk's expert] Dr. Collins calls the 'Midnight Charging System' in his infringement report simply *is not the charging system for the Midnight production aircraft*," and "Wisk has no evidence of infringement regarding the Midnight production aircraft." *Id.* (emphasis in original).

Wisk opposed Archer's motion for summary judgment, arguing that it was "irrelevant" whether the Midnight production aircraft has used the accused charging system. Dkt. 498 at 43–44. Wisk also submitted a request for judicial notice the night before the summary judgment and *Daubert* hearing, claiming that a May 11, 2023 press release by Archer had announced the final assembly of the first Midnight production aircraft. Dkt. 558. But Wisk was wrong. As Archer explained in response, "the aircraft that Archer announced today has been completed is the Midnight zero *prototype* aircraft, *not the Midnight production aircraft*." Dkt. 559 at 1 (emphasis in original).

Notably, Wisk never made a request to delay consideration of Archer's motion for summary judgment or for additional discovery under Rule 56(d). Instead, Wisk proceeded to argue against Archer's motion on the merits at the summary judgment hearing on May 12, 2023. *See* Dkt. 574 (Hr'g Tr.) at 43–49; *see also id.* at 52:11–17 (Archer noting that Wisk had not filed request under Rule 56(d)).

The Court then granted Archer's motion for summary judgment on this issue, holding that "the undisputed evidence shows that Midnight does not use" the charging system identified in Wisk's infringement contentions, such that "there is no dispute of fact concerning Midnight's infringement of the '033 patent." Dkt. 580 at 54. Wisk never sought reconsideration of the summary judgment order.

Separately, on May 18, 2023, Wisk and Archer filed a joint discovery letter before Chief Magistrate Judge Ryu. Dkt. 569. In that letter, Wisk sought permission "to file a motion to compel Archer to supplement its document production regarding the continued development of its production aircraft pursuant to Federal Rule of Civil Procedure 26(e)." *Id.* Wisk recycled its incorrect argument about Archer's May 11, 2023 press release, arguing on the basis of the press release that "Archer's

failure to produce recently created documents about Midnight's development render Archer's prior discovery responses materially incomplete." *Id.*  Wisk made that argument to Chief Magistrate Judge Ryu even though Wisk knew that the May 11 press release had announced the completion of the Midnight zero *prototype* aircraft, *not the Midnight production aircraft*.  Dkt. 559.

On June 14, 2023, Chief Magistrate Judge Ryu denied Wisk's request to file a motion to compel.  Order at 2.  She reviewed the standard set forth in Rule 26(e), the arguments presented by the parties, and relevant caselaw, and found correctly that Wisk had failed to make the showing required for supplementation under Rule 26(e).  *Id.* at 1–2.  As the Order explains, quoting Rule 26(e) itself, "Wisk does not identify any basis to conclude that Archer's production is materially 'incomplete or incorrect,'" and thus Wisk is not entitled to seek supplementation.  Order at 2.

Wisk filed a motion for relief from the Order on June 28, 2023.  Dkt. 589.  And the Court ordered Archer to file a response by July 6, 2023.  Dkt. 590.

## ARGUMENT

The Court should deny Wisk's motion for two independent reasons.

*First*, Wisk's motion does not identify any error, let alone *clear* error, in the Order's finding that Wisk failed to make the showing required for supplemental discovery under Rule 26(e).  Indeed, Wisk does not even *try* to identify any error in that finding.  Instead, Wisk fundamentally mischaracterizes the Order, in a failed attempt to turn the denial of a discovery motion into a purely legal question subject to *de novo* review.  Wisk argues that Chief Magistrate Judge Ryu erred by basing the Order solely on a legal principle "that Archer had no duty to supplement its document production with documents created after the close of fact discovery."  Mtn. at 2.  But that is not what happened.  Rather, Chief Magistrate Judge Ryu merely observed that *Wisk's own cited case* "does not address a litigant's obligation to supplement its document production with documents created *after* the close of discovery."  Order at 1–2 (emphasis in original).  Then, Chief Magistrate Judge Ryu cited cases from this District that *do address* that issue, unlike Wisk's cited case.  *Id.*  Wisk does not show any error in the legal holdings for which the Order cited these cases.[1]  And Wisk conspicuously *omits* one of the

---

[1] Wisk argues that it was error to cite the *Dong Ah Tire* and *Our Children's Earth* cases because those two cases have been criticized elsewhere.  Mtn. at 2–4.  But Wisk does not show any error in the holdings that Chief Magistrate Judge Ryu *cited them for*, *i.e.*, the noncontroversial and plainly correct

three cases cited by the Order on this issue—the *Google RTB* case—even though that citation *disproves* Wisk's argument that Chief Magistrate Judge Ryu adopted a narrow reading of Rule 26(e).[2]

Regardless, Chief Magistrate Judge Ryu applied the proper legal standard from Rule 26(e) itself, which is that a party "must supplement or correct its ... [discovery] response ... in a timely manner *if the party learns that in some material respect the disclosure or response is incomplete or incorrect*, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Order at 1 n.1 (quoting Fed. R. Civ. P. 26(e)(1)(A)) (emphasis added). Chief Magistrate Judge Ryu then found that Wisk had failed to make the showing required under Rule 26(e), because "Wisk does not identify any basis to conclude that Archer's production is materially 'incomplete or incorrect.'" *Id.* at 2. Wisk's motion does not show any clear error in that finding, and indeed Wisk does not even *try* to show clear error in that finding. Thus, Wisk's motion's fails under Rule 72, and should be denied.

**Second**, Wisk's motion should be denied for the independent reason that it is moot in light of the Court's separate order granting summary judgment to Archer of noninfringement of the '033 patent by the Midnight production aircraft. *See* Dkt. 580 at 52–54. Wisk now argues (incorrectly) that Archer's motion for summary judgment was based on "stale document productions" and is somehow "belied by" Archer's May 11, 2023 press release. Mtn. at 1. But Wisk made and lost those same arguments at summary judgment. Dkt. 574 (Hr'g. Tr.) at 43—49. Wisk cannot collaterally attack that

---

holding that "endless rolling production would undermine the mandate" of the Rules. Order at 2 (citing *Our Children's Earth v. Leland Stanford Junior Univ.*, No. 13-CV-402-EDL, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015)); *id.* (citing *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. 06-CV-3359-JF-RS, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008) for the correct holding that Rule 26(e) does *not* impose "a never ending obligation to produce documents continuously as they are created").

[2] Specifically, in *Google RTB*, the court held that defendant's Rule 26(e) duty *does* extend "past the close of discovery or interim deadlines for document production," but "is triggered only if its prior production is materially incomplete or incorrect," and "[t]he fact that responsive documents similar to those previously produced by a custodian have continued to accumulate in that custodian's files during the course of litigation does not automatically render the prior production materially incomplete or incorrect." Order at 2; *In re Google RTB Consumer Priv. Litig.*, No. 21-CV-2155-YGR-VKD, 2023 WL 3046793, at *2 (N.D. Cal. Apr. 21, 2023). Chief Magistrate Judge Ryu's citation to this case, and her quote of the point about documents that "have continued to accumulate," shows that Wisk's premise for its motion is simply incorrect. The Order was *not* based on a legal holding that Rule 26(e) never applies to documents created after the close of discovery, but rather was based on Wisk's failure to show that that Archer's production is materially incomplete or incorrect. Order at 2.

order by filing a *discovery* motion. Wisk's claim of infringement of the '033 Patent by the Midnight production aircraft is no longer in the case, and thus Wisk's request for additional discovery regarding that claim should be denied as moot. *See, e.g.*, *In re German Auto. Mfrs. Antitrust Litig.*, No. 3:17-MD-2796-CRB, 2020 WL 3060748, at *2 (N.D. Cal. June 9, 2020) ("Supreme Court and Ninth Circuit precedent prevents this Court from allowing discovery related to dismissed claims"); *Cawley*, 821 F. Supp. at 1220 n.1 ("Because the Plaintiff's motion for summary judgment is granted, [Defendant's] appeal of the magistrate's order denying his motion to compel discovery is moot.").

Wisk has no other basis for its motion. Wisk argues that "the Court should order a supplemental production to ensure that the issues are fairly and fully litigated in the upcoming trial." Mtn. at 5. But the only issue Wisk identifies as allegedly requiring supplementation is the very issue that the Court *has already decided and dismissed from the case*. Dkt. 580 at 52–54. Indeed, Wisk admits explicitly that this is the basis for its motion, arguing that additional discovery is supposedly "highly relevant to an issue *the Court decided*," *i.e.*, the Court's decision when "*Archer obtained summary judgment* on Wisk's claim that Archer's charging system for Midnight infringes the '033 patent." Mtn. at 5 (emphasis added). Because the Court has already decided that issue, it *will not* be part of the upcoming trial. Dkt. 580 at 54 ("There is no genuine dispute of material fact for the jury."). Thus, Wisk has no basis for arguing that "the Court should order a supplemental production to ensure that the issues are fairly and fully litigated in the upcoming trial." Mtn. at 5. To the contrary, a fair trial requires *denying* Wisk's discovery motion, because it has no relevance to any claim or defense that will be presented at trial. *See, e.g.*, *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2021 WL 1232451, at *6 (N.D. Cal. Mar. 31, 2021) (precluding "evidence or argument in support of claims that have already been dismissed"); *Morales v. N.Y. State Dep't of Lab.*, 530 F. App'x 13, 15 (2d Cir. 2013) (affirming exclusion of evidence related to a claim that "had already been dismissed at summary judgment").

Finally, even if the Court were inclined to grant Wisk any relief, Wisk's request in its motion (for an order compelling Archer to make a production) would still be inappropriate, as Wisk did not file a motion to compel; rather, the Order denied Wisk's *request for leave to file one*, so the most Wisk can ask in this motion is for leave to file a properly noticed motion to compel. However, the Court should deny Wisk any relief, as none is warranted, and should deny Wisk's motion.

Respectfully submitted,

DATED: July 6, 2023

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Josh A. Krevitt*
       Josh A. Krevitt

Attorneys for Defendant Archer Aviation Inc.