Hon. Donna M. Ryu, Chief Magistrate Judge (N.D. Cal.)

Re:     *Wisk Aero LLC v. Archer Aviation Inc.*, Case No. 3:21-cv-02450-WHO (DMR)

Dear Judge Ryu:

Archer Aviation Inc. and Wisk Aero LLC respectfully submit this joint letter brief regarding Archer's emergency motion concerning Wisk's July 3rd assertion of attorney work product.

**Archer's Statement.** With trial set to begin in less than five weeks, on August 14, Archer seeks *urgent* relief in light of the revelation of a calculated and serious discovery abuse by Wisk. Last Thursday, June 29, Archer learned for the first time that Wisk is withholding, *at minimum*, hundreds of pages of documents *that have never been logged* created by and circulated internally within Wisk's public relations firm, Sard Verbinnen & Co. On June 29, Wisk sent Archer nine previously unproduced internal Sard documents. Archer's inquiries about those and other related documents were ignored by Wisk; instead, Wisk asserted that it was clawing back the nine documents on July 3, asserting, for the first time, Quinn Emanuel's work product. Those nine documents, and presumably all other withheld Sard documents, are "critical to the trial of [Archer's defamation counterclaim]" (Dkt. 347) because they reflect the creation of Wisk's defamatory blog posts and directly and uniquely bear on their falsity. Despite Wisk's belated work product claim (made for the first time on July 3), Wisk never produced a privilege log for any documents withheld from Sard's *August 5, 2022* production. Wisk's privilege claim is baseless—in camera review would confirm that none of the clawed-back documents is to or from counsel for Sard or Wisk or identifies any information as coming from counsel. Accordingly, Archer asks the Court to find waiver of any supposed privilege, order the immediate unredacted production of all internal Sard documents possessed by Wisk's counsel that have not been produced or logged, and grant Archer leave to conduct up to three depositions of Sard employees. *Johnson v. Starbucks Corp.*, 2019 WL 402359, at *7 (N.D. Cal. Jan. 31, 2019) (Ryu, M.J.).

**Wisk's Statement.** This dispute is a textbook illustration of the pot calling the kettle black. ***First***, Archer is demanding production of the same type of work product that Archer's PR firms have withheld and refused to log. Here, Wisk's PR firm, Sard Verbinnen and its independent counsel, properly withheld the nine clawed-back documents. They reflect attorney work product under the rationale this Court articulated in *Stardock Sys. v. Reiche*, 2018 WL 6259536, at *6 (N.D. Cal. Nov. 30, 2018) (PR firm's draft press releases on impending litigation are work product). Archer does not dispute that ***its*** PR firms withheld hundreds of communications on the same work product basis. If the Court entertains this dispute, it must also review those documents and permit Wisk to depose representatives of Archer's PR firms. ***Second***, Archer omits how it received the documents. Wisk noticed that some of Archer's proposed trial exhibits bore production numbers different from the numbers on Wisk's copies of those documents. To resolve this, on June 29 Wisk sent Archer nine documents from Wisk's files that bore the same Bates numbers as the documents on Archer's list. A few days later, Wisk discovered that Sard had withheld them as work product, and clawed them back. Until that point, Wisk did not realize that Sard had done so. ***Third***, Archer has slept on its rights. In 2022 Sard provided Archer a privilege log, noting that Sard had withheld other unlogged documents as Wisk's work product, and referred Archer to Wisk for further information. Archer asked Wisk for a log, but Wisk declined in light of Archer's PR firm's similar refusals to produce documents or a log. ***Archer knew last year*** that Sard had withheld documents that were not logged but dropped the issue when the Court ruled that the discovery motion deadline had passed. (Dkt 347.) Archer cannot revive this issue now and has asserted no basis to do so.

1

Dated: July 7, 2023                                       QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/  Yury Kapgan*
Yury Kapgan
Robert M. Schwartz
Diane Cafferata
Patrick Schmidt
Michael LaFond
*Attorneys for Plaintiff Wisk Aero LLC*

GIBSON, DUNN & CRUTCHER LLP

By /s/  *Josh A. Krevitt*
Josh A. Krevitt
Daniel J. Thomasch
Wayne Barsky
Paul Torchia
Michael H. Dore
Stuart M. Rosenberg
Diana M. Feinstein
*Attorneys for Defendant Archer Aviation Inc.*

2

Per Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories to this document.

*/s/ Josh A. Krevitt*

Josh A. Krevitt
