UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>ARCHER AVIATION INC.,<br><br>        Defendant. | Case No. 3:21-cv-02450-WHO<br><br>**ORDER ON MOTION FOR RELIEF FROM NONDISPOSITIVE MAGISTRATE JUDGE ORDER**<br><br>Re: Dkt. No. 589 |

Plaintiff Wisk Aero LLC ("Wisk") moves for relief from a nondispositive pretrial order entered by Chief Magistrate Judge Donna Ryu. *See* Motion for Relief ("Mot.") [Dkt. No. 589]; *see also* Order on Joint Discovery Letter ("MJ Order") [Dkt. No. 581]. Wisk's original letter requested leave to file a motion to compel Archer "to supplement its document production regarding the continued development of its production aircraft pursuant to Federal Rule of Civil Procedure 26(e)." [Dkt. No. 569]. For the reasons that follow, Wisk's objections are OVERRULED and its motion for relief is DENIED. This Order assumes familiarity with the dispute.

Under 28 U.S.C. § 636, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain matters not relevant here. 28 U.S.C. § 636(b)(1)(A). When reviewing objections to a magistrate judge's determination under this provision, "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

As relevant here, FRCP 26(e) provides that a party "must supplement or correct its disclosure or response" if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been

made known to the other parties during the discovery process or in writing." Fed. R. Civ. Proc. 26(e)(1)(A). In other words, "[a] party's duty to supplement its document production is triggered when the party learns that its production is incomplete or incorrect in some material respect." *In re Google RTB Consumer Priv. Litig.*, No. 21-CV-02155-YGR-VKD, 2023 WL 3046793, at *2 (N.D. Cal. Apr. 21, 2023). That "affirmative duty to supplement [a party's] discovery responses . . . is triggered only if [the party's] prior production is materially incomplete or incorrect." *Id.* (citations and emphasis omitted); *see also* Fed. R. Civ. Proc. 26 Advisory Comm. Note (1993) ("The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect."). And while a "change in circumstances" can render a party's earlier response incorrect or incomplete, "[t]he fact that responsive documents similar to those previously produced . . . have continued to accumulate . . . during the course of litigation does not automatically render the prior production materially incomplete or incorrect." *In re Google*, 2023 WL 3046793, at *2 (citations omitted). Indeed, in an out-of-district case heavily relied on by Wisk, the District of Idaho explained that "in protracted and complex litigation the generation of new and responsive documents could conceivably impose unfair supplementation burdens on a responding party and its attorneys." *Sanders v. Univ. of Idaho, Coll. of L.*, No. 3:19-CV-00225-BLW, 2022 WL 280875, at *4 (D. Idaho Jan. 31, 2022) (citation omitted).

Wisk argues that Judge Ryu legally erred in her order because she concluded that FRCP 26(e) does not extend to documents created after the discovery cut-off—but her order does not say that. Rather, Judge Ryu denied Wisk's request because it failed to "identify any basis to conclude that Archer's production is materially 'incomplete or incorrect.'" MJ Order 2:17-18. That is precisely what the law requires. *See In re Google PTB*, 2023 WL 3046793, at *2.[1]

---

[1] Judge Ryu cited *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. C06-3359-JF-RS, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008), and *Our Children's Earth v. Leland Stanford Junior University*, No. 13-CV-00402-EDL, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015), for the notion that FRCP 26(e) does not require endless rolling production after the discovery deadline, which is correct. *See also Sanders*, 2022 WL 280875, at *4. She did not, as Wisk contends, cite those cases for the proposition that there is no duty to supplement discovery after the close of

In making that finding, Judge Ryu applied the legal standard correctly. Wisk's letter brief to Judge Ryu pointed only to the same press release it presented to me the day before the summary judgment hearing, which shows that the Midnight prototype aircraft was complete but shows nothing about the Midnight production aircraft, for which Wisk now seeks supplemental discovery. *See* [Dkt. Nos. 558, 559]. Pointing to that press release, then, does not show that Archer's discovery for the Midnight production aircraft was incomplete or incorrect. As Archer pointed out, though both parties have supplemented discovery since the close of fact discovery, neither party has provided supplemental engineering documents; Archer's duty to supplement under FRCP 26(e) was not triggered because nothing done to the Midnight production aircraft has rendered its prior disclosures incomplete or incorrect. [Dkt. No. 569]. Consequently, Judge Ryu's finding that there was no showing of any material omissions or incompleteness in Archer's discovery production was proper.

In its present motion, Wisk does not actually argue that Judge Ryu's finding that there was no material omission or incomplete production was made in error. Rather, Wisk spends most of the motion asserting that Judge Ryu applied the wrong law—she did not—and at the end argues that Archer's withholding of later-created aircraft development documents renders its earlier productions materially incomplete. Mot. 5:3-22. But simply pointing to the potential existence of new documents does not show that prior productions were materially incomplete. *See Sanders*, 2022 WL 280875, at *4. That is particularly true here, where Wisk points only to the press release for a *different* aircraft to support its general and nonspecific contention that Archer's production for this aircraft was incomplete. The law does not "impose[] a never ending obligation to produce documents continuously as they are created," *In re Google*, 2023 WL 3046793, at *2 (citation omitted), unless the prior production was materially incomplete or inaccurate. That was not

---

discovery. *Cf. Finjan, Inc. v. Bitdefender Inc.*, No. 17-CV-04790-HSG-TSH, 2019 WL 3564443, at *2 (N.D. Cal. Aug. 6, 2019) ("[T]he fact discovery cutoff does not terminate the obligation to supplement." (citations omitted)). And *even if* she cited them for that proposition, her *finding* in the order was based on the lack of showing of material incompleteness or incorrectness and so she found no basis to order supplemental discovery, which undisputedly applies the correct law.

3

demonstrated here.

Accordingly, because there is no showing that any of Archer's discovery "responses [were] in some material respect incomplete or incorrect," Fed. R. Civ. Proc. 26 Advisory Comm. Notes (1993), Judge Ryu's ruling reaching that conclusion and relying on the correct law was not clearly erroneous or contrary to law, *see* 28 U.S.C. § 636(b)(1)(A).  Wisk's motion is DENIED.[2]

**IT IS SO ORDERED.**

Dated: July 10, 2023

William H. Orrick
United States District Judge

---

[2] I note that at the close of fact discovery, Judge Ryu directed the parties: "[I]f either side contends that adjudication of a particular written discovery dispute is critical to the trial of this case (i.e., the issue is so central that the moving party will attempt to file a motion in limine if not permitted to file it as a discovery dispute), it may seek leave to do so by filing a joint letter . . ." [Dkt. No. 347].  According to Wisk's original joint letter and its motion filed before me, the requested discovery concerns developments to Midnight since the close of fact discovery, and more specifically Archer's choices about battery systems.  [Dkt. No. 569].  But I granted summary judgment to Archer on Wisk's patent infringement claims for Midnight's battery system.  [Dkt. No. 580].  That claim will not be presented to the jury.  Accordingly, the adjudication of this dispute is not "critical to the trial of this case" and cannot be the subject a motion in limine because the issue is not part of the trial.  *See* [Dkt. No. 347].  Judge Ryu could have denied the request on that basis alone.