QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
 yurykapgan@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
 dianecafferata@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
 patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Michael F. LaFond (Bar No. 303131)
 michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Plaintiff Wisk Aero LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC, | Case No. 3:21-cv-02450-WHO |
| Plaintiff, | **WISK'S OBJECTIONS TO ARCHER'S WITNESS LIST** |
| vs. | Pretrial Conference: July 17, 2023, 2:00 p.m. |
| ARCHER AVIATION INC., | Trial: August 14, 2023, 8:30 a.m. |
| Defendant. | |

Pursuant to Rule 26(a)(3) and the Court's Pretrial Order (Dkt. 571), Plaintiff Wisk Aero LLC objects to the following proposed trial witnesses on Archer's witness list (Dkt 593-5):

1. **Randy Dunn**: Mr. Dunn is an engineer who works for Archer's third-party battery module vendor, EP-S. Archer did not disclose Dunn as a potential witness, failing to include him in any version of its initial disclosures, which Archer amended twice to add additional witnesses. As a result, Dunn was not deposed. *See, e.g.*, Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Further, Dunn was never identified as a document custodian and did not appear in any of Archer's written discovery responses. Archer never put Wisk on notice that it might call him at trial. Wisk would thus be unfairly prejudiced by Dunn's surprise appearance as a trial witness.

Archer apparently intends to seek to examine Dunn regarding EP-S. Wisk served a Rule 30(b)(6) deposition subpoena on EP-S, and EP-S designated Nathan Millecam to testify on behalf of EP-S. Wisk deposed Millecam in both his corporate and personal capacity, and Archer examined Millecam as well. Millecam appears on both parties' disclosures and witness lists and both parties extensively designated his deposition testimony regarding the EP-S issues. Archer should not be permitted to call Dunn.

2. **Nikhil Goel**: Archer never disclosed Goel as a potential witness, failing to include him in any version of its initial disclosures (or its two amendments). Archer also never identified him as a documents custodian or named him in a written interrogatory response, even though Goel is a current Archer employee and under Archer's control. Goel was not deposed. Indeed, when Wisk asked Archer to withdraw Goel as a trial witness, Archer admitted that, until it served its witness list on July 3, 2023, Archer never put Wisk on notice that Goel was a potential witness in the case. As noted above, Fed. R. Civ. P. 37(c)(1) prohibits Archer from calling witnesses at trial it never disclosed. Wisk will be unfairly prejudiced by Goel's testimony.

Wisk also objects to Goel's testimony under Fed. R. Evid. 701 as Archer appears to improperly elicit expert testimony from him. Archer touts Goel's "educational and professional

background, work at Archer and prior employers, and his experience with Wisk and other eVTOL companies" (Archer's witness list, Dkt. 593-5 at 5), but Archer never designated Goel as an expert witness or produced expert disclosures as to him so his testimony would be inadmissible under Fed. R. Evid. 403 and 1005.

3.  **Arturo Gonzalez**:  Arturo Gonzalez is one of the attorneys who defended Archer in the criminal investigation into the theft of Wisk's intellectual property.  Gonzalez also represented Archer as litigation counsel in this case, making an appearance and filing documents under his name.  Archer never disclosed Gonzalez as a potential witness, failed to include him in any of its initial disclosures (which Archer amended twice), and never identified him as a document custodian or named him in written discovery.  He was never deposed.  As noted above, Fed. R. Civ. P. 37(c)(1) prohibits Archer from calling witnesses at trial it never disclosed.  Wisk will be unfairly prejudiced by Gonzalez's testimony.

Wisk further objects to Gonzalez's testimony because it would contravene the advocate-witness rule.  "The advocate-witness rule prohibits an attorney from appearing as both a witness and an advocate in the same litigation."  *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985) ("This venerable rule is a necessary corollary to the more fundamental tenet of our adversarial system that juries are to ground their decisions on the facts of a case and not on the integrity or credibility of the advocates.  Accordingly, adherence to this time-honored rule is more than just an ethical obligation of individual counsel; enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice.").  Having chosen to be Archer's counsel *in this case*, Gonzalez cannot also be a witness for Archer's case-in-chief. *Id.* at 553 ("Attorneys must elect in which capacity they intend to proceed, either as counsel or as a witness and promptly withdraw from the conflicting role."); *see Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 402 F. Supp. 3d 615, 718 (2019) (observing that the cases applying the rule "involved an attorney who was counsel and then who was or likely could have been a witness in the same case").  The Court must exclude counsel's testimony.  *See, e.g.*, *Cookie Dep't, Inc. v. Hershey Co.*, 2022 WL 4282100, at *5 n.5 (N.D. Cal. Sept. 9, 2022) (striking attorney's declaration because "it is inappropriate for [the attorney] to appear as both a witness

and as counsel in th[e] case"); *Lucas v. Breg, Inc.*, 2015 WL 18430528, at *1 (S.D. Cal. Apr. 22, 2015) (striking litigation counsel's declaration for violating the advocate-witness rule).

Wisk also objects to Gonzalez's testimony because Archer made an incomplete disclosure of its communications with the government, a topic for which Gonzalez intends to provide testimony. Dkt. 593-5 at 5. Gonzalez's testimony is also improper because his proposed testimony is about what the United States Attorney's Office told him, which is hearsay, not subject to an exception.[1] *Id.* Wisk also objects to Gonzalez's testimony under Fed. R. Evid. 701 as Archer appears to improperly elicit expert testimony from him. That proposed expert testimony may include improper legal opinion testimony regarding whether Wisk's statement that it was cooperating with the government's "criminal investigation into Archer regarding the theft and use of Wisk's intellectual property" was true (Archer's witness list, Dkt. 593-5 at 5), but Archer never designated Gonzalez as an expert witness or produced expert disclosures as to him so his testimony would be inadmissible under Fed. R. Evid. 403 and 1005.

4. **Robert Moore**: Archer did not disclose Moore until the last day of discovery, on November 21, 2022. Archer failed to timely disclose Moore—or provide any indication that Archer intended to rely on Moore's testimony at trial. Although Moore is a former Wisk employee who Wisk served with a document subpoena, based on Moore not appearing on Archer's initial disclosures from June 29, 2021 until November 21, 2022 (the last day of discovery), Wisk declined to use its limited deposition time to depose him. Wisk will be unfairly prejudiced by Moore's testimony.

Wisk also objects to Moore's testimony under Fed. R. Evid. 701 as Archer appears to improperly elicit expert testimony from him. Archer touts Moore's "educational and professional background, his work for Uber Elevate, statements and presentations he made at Uber Elevatate conferences, aircraft designs and configurations presented or discussed at Uber Elevates conferences" (Archer's witness list, Dkt. 593-5 at 11), but Archer never designated Moore as an

---

[1] In contrast, the testimony from Wisk's general counsel, Greg Bibbes, about communications with the U.S. Attorney's Office is subject to an exception because it concerns Bibbes's (and thus Wisk's) state of mind (*see* Fed. R. Evid. 803(3)), which is relevant to at least the fault element of Archer's defamation claim.

1  expert witness or produced expert disclosures as to him so his testimony would be inadmissible
2  under Fed. R. Evid. 403 and 1005.

3        5.  **Billy Nolen**: Archer never disclosed Nolen as a potential witness. Archer failed to
4  include him in any version of its initial disclosures (or its two amendments), never identified him
5  as a document custodian, or named him in a written interrogatory response, even though Nolen is
6  a current employee of Archer, under Archer' control. Nolen was not deposed. Indeed, when Wisk
7  asked Archer to withdraw Nolen as a trial witness, Archer admitted that, until it served its witness
8  list on July 3, 2023, Archer never put Wisk on notice that Nolen was a potential witness in the
9  case. As noted above, Fed. R. Civ. P. 37(c)(1) prohibits Archer from calling witnesses at trial it
10 never disclosed. Wisk will be unfairly prejudiced by Nolen's testimony.

11       Wisk also objects to Nolen's testimony under Fed. R. Evid. 701 as Archer appears to
12 improperly elicit expert testimony as a former administrator of FAA, whose experience,
13 qualification, and opinions (and bases thereto) Wisk had no opportunity to ask questions about at a
14 deposition. Indeed, Archer never designated Nolen as an expert witness or produced expert
15 disclosures as to him so his testimony would be inadmissible under Fed. R. Evid. 403 and 1005.

16       6.  **Deborah Wong Yang**: Deborah Yang of Gibson, Dunn & Crutcher is one of the
17 attorneys who represented Archer in its dealings with the FBI and DOJ during the criminal
18 investigation. Archer failed to include her in any version of its initial disclosures (or its two
19 amendments), never identified her as a document custodian, or named her in a written
20 interrogatory response. Yang was not deposed. As noted above, Fed. R. Civ. P. 37(c)(1) prohibits
21 Archer from calling witnesses at trial it never disclosed. Wisk will be unfairly prejudiced by
22 Yang's testimony.

23       Wisk further objects to Yang's testimony because it would contravene the advocate-
24 witness rule. "The advocate-witness rule prohibits an attorney from appearing as both a witness
25 and an advocate in the same litigation." *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir.
26 1985) ("This venerable rule is a necessary corollary to the more fundamental tenet of our
27 adversarial system that juries are to ground their decisions on the facts of a case and not on the
28 integrity or credibility of the advocates. Accordingly, adherence to this time-honored rule is more

1  than just an ethical obligation of individual counsel; enforcement of the rule is a matter of
2  institutional concern implicating the basic foundations of our system of justice.").  Having chosen
3  to be Archer's counsel *in this case*, Yang cannot also be a witness for Archer's case-in-chief.  *Id.*
4  at 553 ("Attorneys must elect in which capacity they intend to proceed, either as counsel or as a
5  witness and promptly withdraw from the conflicting role."); *see Planned Parenthood Fed'n of*
6  *Am., Inc. v. Ctr. For Med. Progress*, 402 F. Supp. 3d 615, 718 (2019) (observing that the cases
7  applying the rule "involved an attorney who was counsel and then who was or likely could have
8  been a witness in the same case").  The Court must exclude counsel's testimony.  *See, e.g.*, *Cookie*
9  *Dep't, Inc. v. Hershey Co.*, 2022 WL 4282100, at *5 n.5 (N.D. Cal. Sept. 9, 2022) (striking
10 attorney's declaration because "it is inappropriate for [the attorney] to appear as both a witness
11 and as counsel in th[e] case"); *Lucas v. Breg, Inc.*, 2015 WL 18430528, at *1 (S.D. Cal. Apr. 22,
12 2015) (striking litigation counsel's declaration for violating the advocate-witness rule).

13 Wisk also objects to Yang's testimony because Archer made an incomplete disclosure of
14 its communications with the government, a topic for which Yang intends to provide testimony.
15 Dkt. 593-5 at 15.  Yang's testimony is also improper because her proposed testimony is about
16 what the United States Attorney's Office told her, which is hearsay, not subject to an exception.[2]
17 *Id.*  Wisk also objects to Yang's testimony under Fed. R. Evid. 701 as Archer appears to
18 improperly elicit expert testimony from her.  That proposed expert testimony may include
19 improper legal opinion testimony regarding whether Wisk's statement that it was cooperating with
20 the government's "criminal investigation into Archer regarding the theft and use of Wisk's
21 intellectual property" was true (Archer's witness list, Dkt. 593-5 at 15), but Archer never
22 designated Yang as an expert witness or produced expert disclosures as to her so her testimony
23 would be inadmissible under Fed. R. Evid. 403 and 1005.

24                                                    * * * *

25 Wisk's objections are based on its assessment of the case at this time and its review of
26 Archer's witness list is ongoing.  Further, Wisk does not know the full nature and/or scope of the

---

[2] As explained in footnote 1, the testimony from Wisk's general counsel, Greg Bibbes, falls within a hearsay exception.  *See* Fed. R. Evid. 803(3).

1 testimony and evidence that Archer intends to present. Accordingly, Wisk reserves the right to
2 modify, amend, and/or supplement these objections based on case development, including, but not
3 limited to, the right to make further objections to Archer's witness list.
4     Further, Wisk objects to Archer's witness list to the extent that Archer intends to use prior
5 deposition testimony in a way that is not permitted by the Federal Rules of Civil Procedure or the
6 Federal Rules of Evidence, including but not limited to offering deposition testimony from an
7 available witness who was not an officer, director, managing agent, or designee under Rule
8 30(b)(6) at the time the testimony was taken. *See* Fed. R. Civ. P. 32; Fed. R. Evid. 611.
9     Wisk does not waive and hereby expressly preserves any objections it may have to specific
10 questions asked, testimony given, or documents used in the examination of these or other
11 witnesses, whether presented live at trial or by deposition.

Dated: July 14, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART
   & SULLIVAN, LLP

By:    *Yury Kapgan*
    Yury Kapgan
    Robert M. Schwartz
    Diane Cafferata
    Patrick Schmidt
    Michael F. LaFond

*Attorneys for Plaintiff Wisk Aero LLC*