UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISK AERO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCHER AVIATION INC.,<br><br>    Defendant. | Case No. 3:21-cv-02450-WHO<br><br>**TENTATIVE ORDER ON MOTION FOR ADVERSE INFERENCES AND MOTIONS IN LIMINE** |

Below is my tentative order on Wisk's Motion for Adverse Inferences [Dkt. No. 477] and the parties' Motions in Limine [Dkt. Nos. 591, 592]. After I receive further clarity at the hearing regarding the questions below concerning the trade secrets' definitions and the DOJ/FBI investigation, the parties shall each have thirty minutes to argue on these motions. We will then discuss the many issues related to the trial raised in the Joint Pretrial Statement.

**Wisk's Motion for Adverse Inferences: Grant in part, deny in part**

Wisk seeks six adverse inferences against Xue and Archer. Three (labeled as 2, 3, and 5) concern whether Xue downloaded, retained, or still has access to documents with trade secrets. They are tied to specific questions and evidentiary gaps, and Wisk provides sufficient corroborating evidence, including circumstantial evidence. They are not overbroad or irrelevant. The jury will be permitted to make these inferences as to Xue, and I will consider these inferences as to Archer based on testimony at trial. The remaining three inferences (labeled as 1, 4, and 6) are denied as to Xue and Archer. The first is not tied to specific questions, is overbroad, and does not fill a substantial need. The fourth and sixth lack corroborating evidence and are overbroad.

**Wisk's Motions in Limine**

1. **Deny**—Evidence about the $1 billion drop in enterprise value is permitted, though Wisk

may seek a jury instruction that Archer can only recover for damages that the jury finds Archer sustained, not shareholders or third parties. Evidence of damages Archer suffered with respect to recruitment and hiring is excluded, as Archer agreed.

2. **Deny**—Wisk's January 2020 patent application is relevant to Archer's defamation theory that Wisk used the application to bolster the impact of its blog post. Evidence of Wisk's contracts for development are relevant to whether and when Wisk began pursuing the tilt-rotor design, which is relevant to its intentions when it published its blog post.

3. **Deny**—Whether and when the government decided to not pursue charges against employees or Archer is relevant context to Archer's theory that there was never an investigation.

4. **Grant in part, clarify at hearing**—Archer may not introduce evidence that the preliminary injunction was denied, nor may the parties introduce evidence of any orders in this case except for claim construction. At the hearing, Archer should clarify why it opposes Wisk's request to exclude evidence or argument regarding Wisk's assertions of attorney client and/or work product privilege during discovery, but simultaneously filed its own MIL 2 to exclude any argument about facts that were withheld under privilege doctrines.

5. **Clarify at hearing**—At the hearing, Wisk should clarify how it intends to define its trade secrets at trial and how it protected the specific trade secrets.

6. **Grant**—The parties may not introduce evidence that conflicts with the claim construction order. I am not clear how the evidence Wisk cites conflicts with that order and am inclined to decline to exclude that specific evidence until trial.

**Archer's Motions in Limine**

1. **Grant without prejudice—**At trial, experts may not testify beyond the scope of their reports and opinions, though they are not limited to making identical statements from their reports. Determinations as to what is within or beyond the scope of the reports and opinions will be made at trial, and the parties may raise objections then if necessary.

2. **Clarify at hearing**—Archer's request to exclude any evidence regarding a fact on which

2

1  the party successfully resisted discovery on privilege grounds seems to be at odds with its
2  opposition to Wisk's MIL 4 that seeks to exclude evidence or argument regarding Wisk's
3  assertions of attorney client and/or work product privilege during discovery.

4  **3. Clarify at hearing, grant in part, deny in part**—Archer seeks to exclude any evidence of
5  the content of communications between Wisk and the FBI or DOJ.  I am concerned that the
6  evidence seems to show that Mr. Kapgan initiated the investigation with the government,
7  had 36 conversations with the government, refused to testify as to those conversations,
8  refused to allow questions with respect to the authorship of the blogpost, and seems to
9  have been the source of the 30(b)(6) testimony but refused to waive privilege—and I am
10  concerned that Archer did not raise this as a discovery dispute.  Wisk may not elicit
11  testimony for which it previously denied Archer access on privilege grounds.  Wisk's
12  general counsel may testify as a percipient witness only, despite hearsay objections,
13  because Archer's proposed testimony about its attorneys' emails with the AUSAs is
14  admitted (MIL 4).

15  **4. Tentatively grant in part, deny in part—**Archer seeks to admit two email threads
16  between its attorneys and AUSAs from 2021 that say Archer was not a target into the DOJ
17  investigation, under the public records exception to hearsay.  The portions of the emails
18  from Archer's attorneys are excluded as prejudicial.  The portions of the emails from the
19  AUSAs that explicitly state Archer was not a target (currently) and they had not found
20  evidence of senior mgmt. wrongdoing are admitted under 803(8) and under 807, in light of
21  the state of mind testimony about Wisk's GC's conversations with the FBI/DOJ (MIL 3).

22  **5. Deny**—Archer seeks to preclude Wisk from arguing that damages from the blog post
23  should be apportioned between defamatory statements and other potential causes of harm
24  to Archer.  At summary judgment, I found there was enough evidence to create a dispute of
25  fact over whether the blog post was a substantial factor in the harm; I did not find it *was* a
26  substantial factor, or a factor at all.  Wisk can make these arguments about other causes of
27  harm at trial.

28  **6. Grant in part, deny in part**—Archer seeks to exclude any mention of Scott Furman's

3

deletion of files. Wisk may ask Furman about the files and about the deletions, and Archer may counter that there is no evidence the files were used at Archer. However, Wisk may not argue to the jury that Furman mass-deleted thousands of relevant and confidential files.

7. **Deny**—Kennedy's damages opinion for the '033 Patent is not excluded despite Archer's argument that he only assesses damages for the Midnight production aircraft, for which summary judgment was already granted in Archer's favor. Much like the motion to exclude Kennedy, this argument misunderstands the reasonable royalty analysis and its incorporation of the factors the parties would have believed at the past hypothetical negotiation. Kennedy is permitted to assume Archer would have believed it would continue using the patent, and he properly discounted the damages finding to account for the change that Archer stopped infringing.

8. **Grant**—Wisk may not argue that Archer is a limited purpose public figure. At summary judgment, I ruled Archer was not a LPPF based on Wisk's reasoning that the relevant public controversy was eVTOL industry and funding. Wisk now seeks to redefine the public controversy, but it could have defined it differently or alternatively at SJ and chose to not do so; it does not get a second bite at the apple now.

9. **Grant**—Archer seeks to exclude evidence and argument about the three Archer employees who declined to have their personal devices forensically examined. Judge Ryu previously denied the motions to compel inspection, which I affirmed. Wisk now essentially seeks to renew that discovery dispute, but it is not allowed to weaponize those prior decisions to allow the jury to infer consciousness of guilt, just because *Wisk* failed to meet the good cause standard to inspect the devices.

Additionally, this is the tentative language for possible Jury Instruction No. 2: Claims and Defenses:

To help you follow the evidence, I will give you a brief summary of the positions of the parties. This is a lawsuit between two companies, Wisk Aero LLC and Archer Aviation Inc., who design and build electric vertical takeoff and landing ("eVTOL ") aircraft. These aircraft are often

4

called "air taxis." Wisk has sued Archer, asserting that Archer, in developing its eVTOL aircraft, has damaged Wisk by misappropriating four of Wisk's trade secrets and infringing three of Wisk's patents. Wisk has the burden of proving those claims. Archer denies them. Archer also asserts an affirmative defense, which may negate any liability Archer has if it meets its burden to prove the defense. And Archer has sued Wisk as well, asserting that Wisk, in making certain statements in a blog post, has damaged Archer by defamed Archer and interfering with Archer's contracts and future business relations. Wisk denies Archer's claims, and also asserts affirmative defenses, which may negate any liability Wisk has if it meets its burden to prove the defenses.

Dated: July 17, 2023



William H. Orrick
United States District Judge