

601 Montgomery Street, Suite 2000
San Francisco, CA 94111
Direct 415-800-0591
mlewis@lewisllewellyn.com

www.lewisllewellyn.com

<u>VIA ECF</u>

July 28, 2023

The Honorable Chief Magistrate Donna M. Ryu
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street, Oakland, CA 94612

      Re:    Third Party FGS Global's Rule 79-5's Statement
               *Wisk Aero LLC v Archer Aviation Inc.*,
               USDC Northern District, Case No. 3:21-CV-02450-WHO

Dear Judge Ryu:

      This firm represents FGS Global ("FGS"), previously Sard Verbinnen & Co. LLC ("Sard"), and submits the following statement pursuant to Local Rule 79-5(f) in support of sealing the following materials:

1. Exhibit 21 to Archer's Motion to Compel at Dkt. No. 615-4.
2. Exhibit 22 to Archer's Motion to Compel at Dkt No. 615-5.
3. Archer's Motion to Compel at 4:18-24, describing the two exhibits above, and 7:11-18, describing privileged documents clawed back by Wisk.
4. Declaration of Daniel J. Thomasch at ¶ 48, describing privileged documents clawed back by Wisk.

      This letter sets forth "the applicable legal standard," and attaches a declaration of Brandon Messina, counsel at FGS, describing "the legitimate private or public interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." N.D. Cal Local Rule 79-5(c)(1).

      Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit applies a more lenient "good cause," rather than "compelling reason," standard for sealing materials attached to non-dispositive discovery motions. *Id.* at 1179-1180 ("In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions.") "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* Under Rule 26, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

      Under both the good cause and compelling reasons standards, courts have sealed records to prevent the disclosure of information that would result in a competitor obtaining an unfair advantage or benefit. *See e.g., Jones v. PGA Tour, Inc.,* No. 22-CV-



04486-BLF, 2023 WL 3594058, at *2 (N.D. Cal. May 22, 2023) (sealing various communications with broadcasters, sponsors, and various nonparties because disclosure could cause competitive harm and prejudice the party's ability to negotiate with future investors); *see also Calhoun v. Google LLC,* No. 20CV05146YGRSVK, 2022 WL 1122843, at *1 (N.D. Cal. Apr. 14, 2022) (sealing information to guard against a competitor gaining an unfair advantage in the marketplace.).

The first materials at issue here – Exhibits 21 and 22 – are emails between third-party Sard and third-party journalists. Sard produced these records in August 2022 pursuant to a subpoena, and Sard marked the documents confidential pursuant to the Court's Protective Order. Since their production a year ago, no party has objected to confidentiality.

The records should remain sealed. First, the public's interest in the records is minimal. The records are communications between third parties, neither of whom are litigants, for a non-dispositive discovery dispute. Second, as explained in the attached declaration of Brandon Messina, Sard's reporter contacts and relationships are valuable assets that Sard has invested time and resources into developing and keeps confidential. Allowing public disclosure would reveal this proprietary business information by disclosing how, when, and to whom Sard provides information, including the type of information that will generate the most interest and likelihood of being published by certain reporters or publications. Moreover, Sard's relationships with journalists are based on confidentiality, and reporters except that their communications with sources will remain confidential. Disclosure could damage those relationship and impede Sard's ability to create new relationships with journalists, putting it at a disadvantage in the industry.

Finally, the Court should also seal Archer's descriptions of internal Sard documents that are privileged and were clawed back by Wisk, which can be found at Archer's motion, page 7, lines 11-18 at Dkt. No. 615-2 and Mr. Thomasch's declaration ¶ 48 at Dkt. No. 615-3. These descriptions show Sard's internal deliberations for a privileged communications plan. Disclosure would reveal Sard's internal methods and practices for its communications work, thereby providing an unfair opportunity for its competitors to copy or leverage Sard's institutional knowledge, strategies, and techniques.

As sealing is the least restrictive means to protect third party Sard's interests and concerns, Sard respectfully requests that the Court seal the materials.

Very truly yours,

Marc Lewis