| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Yury Kapgan (Bar No. 218366)<br>　yurykapgan@quinnemanuel.com<br>Robert M. Schwartz (Bar No. 117166)<br>　robertschwartz@quinnemanuel.com<br>Michael T. Zeller (Bar No. 196417)<br>　michaelzeller@quinnemanuel.com<br>Diane Cafferata (Bar No. 190081)<br>　dianecafferata@quinnemanuel.com<br>Patrick Schmidt (Bar No. 274777)<br>　patrickschmidt@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone:　(213) 443-3000<br>Facsimile:　(213) 443-3100<br><br>Michael F. LaFond (Bar No. 303131)<br>　michaellafond@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone:　(650) 801-5000<br>Facsimile:　(650) 801-5100<br><br>Attorneys for Plaintiff Wisk Aero LLC | GIBSON, DUNN & CRUTCHER LLP<br>Josh A. Krevitt, SBN 208552<br>　jkrevitt@gibsondunn.com<br>Stuart Rosenberg, SBN 239926<br>　srosenberg@gibsondunn.com<br>310 University Ave.<br>Palo Alto, CA  94301-1744<br>Telephone: 650.849.5300<br><br>Daniel J. Thomasch, admitted *pro hac vice*<br>　dthomasch@gibsondunn.com<br>Paul Torchia, admitted *pro hac vice*<br>　ptorchia@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br><br>Wayne Barsky, SBN 116731<br>　wbarsky@gibsondunn.com<br>Michael Dore, SBN 227442<br>　mdore@gibsondunn.com<br>Diana M. Feinstein, admitted *pro hac vice*<br>　dfeinstein@gibsondunn.com<br>2029 Century Park East, Suite 4000<br>Los Angeles, CA 90067-3026<br>Telephone: 310.552.8500<br><br>Attorneys for Defendant Archer Aviation Inc. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WISK AERO LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARCHER AVIATION INC.,<br><br>　　　　　　Defendant. | CASE NO. 3:21-CV-02450-WHO (DMR)<br><br>**STIPULATION AND [**~~PROPOSED~~**] ORDER REQUESTING MODIFICATION TO THE PROTECTIVE ORDER** |

Pursuant to Civil Local Rule 7-12, Plaintiff Wisk Aero LLC ("Wisk") and Defendant Archer Aviation Inc. ("Archer," and collectively with Wisk, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on September 28, 2021, the Parties filed a Joint Stipulation Regarding proposed modifications to the N.D. Cal Model Protective Order (*see* Dkt. 152);

**WHEREAS**, on October 6, 2021, the Court entered the operative Protective Order (*see* Dkt. 161);

**WHEREAS**, the Parties now wish to settle this action while making a limited exception to paragraph 15 of the Protective Order for purposes of continued proceedings before the United States Patent Trial and Appeal Board;

**NOW THEREFORE**, to facilitate settlement of this action, the Parties respectfully request that the Court enter a modification to Paragraph 15 of the Protective Order, as set forth below (additions are shown in underline and deletions are shown in strike-through). This modified version of Paragraph 15 shall supersede the version currently entered at Docket No. 161:

> **15.   FINAL DISPOSITION**. Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, <u>provided however that each Receiving Party may retain a limited number of documents and deposition transcripts ("Retained Materials") solely for purposes of prosecuting or defending against the proceeding in the United States Patent Trial and Appeal Board styled as *Archer Aviation, Inc. v. Wisk Aero LLC*, Case No. DER2023-00007 ("the Derivation Proceeding").[1]</u> As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed<u>,</u> ~~and~~ (2) affirms that the Receiving Party has not retained any copies, abstracts,

---

[1] To avoid any doubt, the Parties agree that the Prosecution Bar in Paragraph 8 does not prohibit Outside Counsel of Record from being involved in challenging or defending the claims involved in the Derivation Proceeding between Archer and Wisk, but does prohibit Outside Counsel of Record who received access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims relating to the subject-matter of this action.

compilations, summaries or any other format reproducing or capturing any of the Protected Material, and (3) identifies all Retained Materials that the Receiving Party is retaining for purposes of the Derivation Proceeding.

Retained Materials shall be maintained in accordance with the provisions of this Protective Order, provided however that each Receiving Party shall be entitled to make under seal filings of the Retained Materials with the Patent Trial and Appeal Board so long as the Receiving Party takes reasonable steps to ensure the continued confidentiality of the Retained Materials, in accordance with this Order. Within 60 days after the final disposition of the Derivation Proceeding (including the exhaustion of all rights of appeal), each Receiving Party must return all Retained Materials to the Producing Party or destroy such material. Whether the Retained Materials are returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Retained Materials that were returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Retained Materials.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, Expert work product, work product of Professional Vendors, and work product of jury consultants, even if such materials contain Protected Material and/or Retained Materials. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: August 14, 2023       QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: *Patrick Schmidt*
    Patrick Schmidt

*Attorneys for Plaintiff Wisk Aero LLC*


GIBSON, DUNN & CRUTCHER LLP

By: *Stuart Rosenberg*
    Stuart Rosenberg

*Attorneys for Defendant Archer Aviation Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _Aug. 15, 2023

_____
Honorable Donna M. Ryu
Chief Magistrate Judge

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Patrick Schmidt, attest that concurrence in the filing of this document has been obtained from the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  August 14, 2023     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  *Patrick Schmidt*
 Patrick Schmidt

*Attorney for Plaintiff Wisk Aero LLC*